Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240, Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (*Pro Hac Vice* to be filed), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070, Fax: (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4745, Fax: (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., <br> Defendants. | Case No. 2:17-cv-7083 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Carl Zeiss AG ("Zeiss") and ASML Netherlands B.V. ("ASML") (collectively "Plaintiffs"), by and through their attorneys, bring their Complaint against Nikon Corporation, Sendai Nikon Corporation, and Nikon Inc. (collectively, "Defendants" unless otherwise indicated) and hereby allege as follows:

**NATURE OF ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271.

**THE PARTIES**

2.      Plaintiff Zeiss is a German corporation with its principal place of business located at Carl-Zeiss-Straße 22, Oberkochen, Germany 73447.

3.      Plaintiff ASML is a Dutch entity with a principal place of business at De Run 6501, 5504 DR, Veldhoven, Netherlands.

4.      On information and belief, Defendant Nikon Corporation is a corporation organized under the laws of Japan and having a principal place of business at Shinagawa Intercity Tower C, 2-15-3, Konan, Minato-ku, Tokyo 108-6290, Japan. On information and belief, Nikon Corporation uses the term "Nikon Group" to refer to all the affiliated Nikon companies (which are also referred to as the "Nikon Group Companies").

5.      On information and belief, Defendant Sendai Nikon Corporation ("Sendai Nikon") is a corporation organized under the laws of Japan and having a principal place of business at 277, Aza-hara, Tako, Natori, Miyagi 981-1221, Japan, is a subsidiary of Nikon Corporation, and is a Nikon Group Company.

6.      On information and belief, Defendant Nikon Inc. is a corporation organized under the laws of New York, having a principal place of business at 1300 Walt Whitman Road, Melville, NY 11747-3064. Nikon Inc. is a subsidiary of Nikon Corporation and is a Nikon Group Company.

7.     On information and belief, Nikon Corporation and Nikon Inc. conduct business operations throughout the United States, including in the State of California.

## JURISDICTION

8.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over each Defendant because, *inter alia*, each Defendant has conducted and continues to conduct business in this judicial district, either directly, or through its subsidiaries, agents, and/or affiliates including, upon information and belief, by marketing, selling, offering for sale, importing, and servicing digital camera products in the Central District of California.

10.     On information and belief, Nikon Corporation designs, develops, has made by others, and makes digital cameras and related software, including products accused of infringement in this action, outside the United States that it offers to sell and sells either directly to customers in the United States, including the State of California, or provides directly and/or indirectly to Nikon Inc. for importation into the United States.

11.     On information and belief, Nikon Corporation designs and develops sensors for its digital cameras and has designed and developed sensors for at least some of the cameras accused in this case.  [*See* **Exhibit A-1** ("Nikon has always designed its own image sensors in-house to ensure maximum image quality, detail retention and low-light capabilities. From the large full-frame FX-format sensors used in Nikon's professional DSLRs to the DX-format sensors used in Nikon's enthusiast DSLRs to the nimble CX-format sensors used in Nikon 1 cameras to the backside-illumination sensors used in select Coolpix cameras, every Nikon image sensor is carefully matched to the camera's EXPEED image processing design and NIKKOR

optics for outstanding performance.");[1] **Exhibit A-2** ("The image sensors used with Nikon cameras, including FX (36.0 x 23.9 mm), DX (23.6 x 15.6 mm), CX (13.2 x 8.2 mm) and other smaller sensors, are originally designed in-house to assure optimally excellent image quality.")[2].]

12.   For example, on information and belief, Nikon Corporation has designed and developed sensors for at least the D4, D4S, Df, D5, and D850 cameras.  [*See, e.g.,* **Exhibit A-3** ("Such exceptional image integrity across such a wide ISO sensitivity range is made possible through Nikon's proprietary and exclusive sensor technologies.")(referencing the D4 camera);[3] **Exhibit A-4** (D4S specification identifying "36.0 x 23.9 mm CMOS sensor (Nikon FX format)")[4]; **Exhibit A-5** ("the Df incorporates Nikon's unique technologies in its FX-format CMOS sensor and EXPEED 3 image-processing engine.");[5] **Exhibit A-6** ("With its Nikon developed 20.8MP FX-format CMOS sensor, the D5 is the highest resolution full-frame Nikon flagship ever and ready for your next challenge.");[6] **Exhibit A-7** ("At the heart of the D850 is a Nikon designed sensor like none before it—a back-side illuminated (BSI) FX-format full-frame CMOS image sensor with 45.7 megapixels and no optical low-pass filter.")[7].]

13.   On information and belief, Sendai Nikon manufactures and sells digital cameras and related software, including products accused of infringement in this action, based on Nikon Corporation's designs and under Nikon Corporation's control that are later offered for sale or sold directly to customers in the United States,

---

[1] http://www.nikonusa.com/en/learn-and-explore/nikon-technology/index.page
[2] Also available at: http://imaging.nikon.com/technology/
[3] Also available at: http://imaging.nikon.com/lineup/dslr/d4/features01.htm
[4] Also available at: http://imaging.nikon.com/lineup/dslr/d4s/spec.htm
[5] Also available at: http://imaging.nikon.com/lineup/dslr/df/
[6] Also available at: http://www.nikonusa.com/en/nikon-products/product/dslr-cameras/d5.html
[7] Also available at: http://www.nikonusa.com/en/nikon-products/product/dslr-cameras/d850.html

including the State of California, or provided directly and/or indirectly to Nikon Inc. for importation into the United States.  The President of Sendai Nikon has declared under oath in *Carl Zeiss AG et al. v. Nikon Corporation et al*., Case No. 2:17-cv-03221-RGK-MRW that "Sendai Nikon manufactured and continues to manufacture certain Nikon digital cameras, such as the Coolpix A, D4, D4S, D5 and Df digital cameras accused of infringement in the Complaint.  Sendai Nikon manufactures these cameras in Japan for Nikon Corporation and sells them to Nikon Corporation." [Case No. 2:17-cv-03221-RGK-MRW, Doc. Nos. 25-2 ¶ 9 and 34-2 ¶ 9.]

14.    On information and belief, Nikon Inc. imports digital cameras designed by Nikon Corporation and manufactured by Sendai Nikon, including products accused of infringement in this action, into the United States and markets, offers to sell, sells, and services such cameras to customers in the United States, including the State of California.  On information and belief, Nikon Inc. has a regular and established place of business for the service and repair of Nikon cameras, including those accused of infringement in this action, located in this judicial district at 6420 Wilshire Boulevard #100, Los Angeles, California 90048.

15.    On information and belief, Sendai Nikon and Nikon Inc. are alter egos of Nikon Corporation, and Sendai Nikon is subject to personal jurisdiction in this judicial district based at least on its alter-ego status.

16.    Nikon Corporation files a single consolidated financial statement that includes at least some of the Nikon Group Companies, including Sendai Nikon and Nikon Inc.  [*See* **Exhibit B**.][8] "In June 2014, the Group underwent a major shift from being an in-house company system to a divisional organization, and it was able to

---

[8]  Also available at:
http://www.nikon.com/about/ir/stock_info/meeting/pdf/153/attached.pdf.

bring about a strengthening of human resources in growth fields by centralizing authority over personnel issues at corporate headquarters." [*See* **Exhibit C** at p. 4.][9]

17.   Each Nikon Group Company is part of the same structure in "Nikon's Corporate Governance Organization (As of June 29, 2017)," which is publicly presented as part of the Defendants' website, www.nikon.com, located at this specific page:     http://www.nikon.com/about/ir/governance/organization/index.htm.     [*See* **Exhibit D-1**.]  The diagram below was reproduced from that specific web page:



18.   According to the diagram above, and thus based on information and belief, Nikon Corporation and the Nikon Group Companies share the same Board of Directors. "The Board of Directors supervises management by directors and assumes the decision-making functions on the matters prescribed under laws and regulations, and the Articles of Incorporation of the Company, as well as the important matters

---

[9] Also available at:
http://www.nikon.com/about/ir/ir_library/ar/pdf/nr2015/15nikonreport_e.pdf.

concerning the Nikon Group. … For example, the Board of Directors makes decisions on matters concerning important management, including the basic management policies, the Medium Term Management Plan, the annual plan, the Basic Policy on Internal Control System, and investments and loans exceeding a certain amount." [*See* **Exhibit D-1**].[10]

19.     According to the diagram above, and thus based on information and belief, Nikon Corporation and the Nikon Group Companies have a single "President and Representative Director," "executive committee," "Risk Management Committee," "Export Control Committee," and "Corporate Social Responsibility" (or "CSR") organization that control each of the Nikon Group Companies, which the diagram reproduced above also refers to as "departments." [*See* **Exhibit D-1**.][11] "The Nikon Group carries out its business through a divisional organization under the direct control of the president." [*See* **Exhibit C**.][12]

20.     According to the diagram above, and thus based on information and belief, Nikon Corporation and the Nikon Group Companies have a single "Internal Audit Department" that audits each of the Nikon Group Companies, which the diagram reproduced above also refers to as "departments." [*See* **Exhibit D-1**.][13] "[T]he Internal Audit Department audits whether or not each division conducts their operations in accordance with laws and regulations and internal rules, manages risks adequately, and so on to evaluate the appropriateness of the internal control systems and implemented operations at Nikon group companies (including non-consolidated

---

[10] Also available at:
  http://www.nikon.com/about/ir/governance/organization/index.htm.
[11] Also available at:
  http://www.nikon.com/about/ir/governance/organization/index.htm.
[12] Also available at:
  http://www.nikon.com/about/ir/ir_library/ar/pdf/nr2015/15nikonreport_e.pdf.
[13] Also available at:
  http://www.nikon.com/about/ir/governance/organization/index.htm.

subsidiaries), and presents them with proposals for improvements." [*See* **Exhibit D-2**.][14]  "All of the internal audit results are reported to the president and the directors concerned, and follow-ups are implemented with proper timing.  Also, an overview of annual audit activities is reported to the board of directors and the Executive Committee."  [*Id.*]

21.    According to the diagram above, and thus based on information and belief, Nikon Corporation and the Nikon Group Companies have the same "Audit and Supervisory Committee" and "Accounting Auditor."  [*Id.*]  "Internal audit results are also shared with the Audit and Supervisory Committee, and regularly scheduled meetings are held between the Internal Audit Department and the Audit and Supervisory Committee to ensure their close cooperation."  [*Id.*]

22.    Toru Iwaoka, Nikon Inc.'s CEO, is Corporate VP of Nikon Corporation. [*See* **Exhibit E**.][15]

23.    Nikon Corporation "implement[s] control and guidance of all Group Companies."  [*See* **Exhibit D-2**.][16]  On information and belief, such "control and guidance" includes "control and guidance" over matters of day-to-day operation.  For example:  "The Nikon Group carries out its business through a divisional organization under the direct control of the president." [*See* **Exhibit C**.][17]

24.    Sendai Nikon is additionally subject to personal jurisdiction because, on information and belief, Sendai Nikon intentionally directs products that it manufactures, at the direction and control of Nikon Corporation, including products

---

[14] Also available at:  http://www.nikon.com/about/ir/governance/internal-control/index.htm.

[15] Also available at:  http://www.nikon.com/about/ir/ir_library/ar/pdf/nr2016/16nikonreport_e03.pdf.

[16] Also available at http://www.nikon.com/about/ir/governance/internal-control/index.htm.

[17] Also available at:  http://www.nikon.com/about/ir/ir_library/ar/pdf/nr2015/15nikonreport_e.pdf.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

accused of infringement in this action, into the stream of commerce such that the accused products are imported into, marketed, offered for sale, sold, and serviced in United States and more specifically the State of California.

25.    Sendai Nikon, as a wholly-owned subsidiary of Nikon Corporation and as one of Nikon Group Companies, manufactures digital cameras, including those accused of infringement in this case, for Nikon Corporation based on Nikon Corporation's designs. The President of Sendai Nikon has declared under oath in connection with this action that "Sendai Nikon manufactured and continues to manufacture certain Nikon digital cameras, such as the Coolpix A, D4, D4S, D5 and Df digital cameras accused of infringement in the Complaint.   Sendai Nikon manufactures these cameras in Japan for Nikon Corporation and sells them to Nikon Corporation."  [Case No. 2:17-cv-03221-RGK-MRW, Doc. Nos. 25-2 ¶ 9 and 34-2 ¶ 9.]  On information and belief, Sendai Nikon only manufactures products for Nikon Corporation and/or Nikon Corporation's subsidiaries.

26.    On information and belief, Nikon Corporation takes part in importation, markets, offers to sell, sells, and services the digital cameras manufactured by Sendai Nikon, including those accused of infringement in this case, in the United States through Nikon Inc.

27.    Nikon Inc., as a wholly-owned subsidiary of Nikon Corporation and as one of Nikon Group Companies, imports, markets, offers to sell, sells, and services digital cameras, including those accused of infringement in this case, in the United States and more specifically the State of California on behalf of and, on information and belief, for the sole benefit of Nikon Corporation.

28.    The United States accounts for 24.2% of sales by Nikon Corporation and the Nikon Group.  [*See* **Exhibit D-3**.][18]  California is the largest market in the United States for consumer products, including, on information and belief, digital cameras

---

[18] Also available at:  http://www.nikon.com/about/corporate/profile/index.htm.

8

sold by Nikon Inc. that are accused of infringement in this action. [*See* **Exhibit D-4** (Personal Consumption Expenditures by State, 2015, Bureau of Economic Analysis).]

29.    On information and belief, Nikon Corporation and Nikon Inc. are aware that California is the largest market in the United States and intend for and direct their digital cameras, including those accused of infringement in this action, to be sold to California residents. For example, reference materials for Nikon cameras, including those accused of infringement in this case, provide notices and cautions regarding potential hazards to customers in the State of California and in the United States. [*See* **Exhibit F** (excerpts of Nikon D7500 Camera Manual) at pp. xvii-xviii.][19] On information and belief, Nikon Corporation designs such digital cameras to be used in the United States. For example, Nikon Corporation's digital cameras, including those accused of infringement in this action, include menus and manuals localized for the United States. Similarly, Nikon Corporation's digital cameras, including those accused of infringement in this action, include adapters that are designed to be used with electrical outlets in the United States. Moreover, certain Nikon Corporation digital cameras, including those accused of infringement in this action, are designated to be an international model, while others are designated to be sold in the United States. For example, digital cameras accused of infringement are accompanied by stickers with an ID number issued by the United States Federal Communications Commission, as required for sale and importation in the United States. Camera manuals also include a "Federal Communications Commission (FCC) Radio Frequency Interference Statement." [*See* **Exhibit F** (excerpts of Nikon D7500 User's Manual at xvii).][20]

---

[19] Also available at:
   http://download.nikonimglib.com/archive3/pOh2K00ajzME03jqjOD07oO8kL02/D7500UM_NT(En)02.pdf.
[20] Also available at:
   http://download.nikonimglib.com/archive3/pOh2K00ajzME03jqjOD07oO8kL02/D7500UM_NT(En)02.pdf.

30.     On information and belief, Sendai Nikon is aware that Nikon Corporation sells its cameras to Nikon Inc. [*See* Case No. 2:17-cv-03221-RGK-MRW, Doc. Nos. 25-2 ¶ 9 and 34-2 ¶ 9]; manufactures and sells digital cameras, including those accused of infringement in this action, to be used in the United States; is aware that California is one of the largest markets in the United States and intends for such digital cameras to be sold to California residents; includes software menus localized for the United States and adapters that are designed to be used with electrical outlets in the United States; and manufactures digital cameras accused of infringement in this action to be compliant with the FCC requirements.

31.     Accordingly, the Court has personal jurisdiction over the Defendants because Nikon Corporation, as ultimate manager of the Nikon Group Companies, and Nikon Inc. and Sendai Nikon, as departments within the Nikon Group, have placed products that infringe the patents asserted in this action into the stream of commerce in the United States, including the State of California and this judicial district, with the reasonable expectation and/or knowledge that purchasers of such products were located within the State of California and this district.  Additionally, the Defendants derive substantial revenue from the sale of infringing products distributed and sold within the State of California and this judicial district, and/or expect or should reasonably expect their actions to have consequences within the State of California and this district, and derive substantial revenue from interstate and international commerce.  Furthermore, as stated above, Nikon Inc., as part of the Nikon Group, has a factory service facility located in the Central District of California, which, on information and belief, provides factory repair, photo, promotional, parts sales, and other services for Nikon digital cameras and parts that infringe patents asserted in this action.  Additionally, on information and belief, Nikon Inc., as part of the Nikon Group, has at least thirty authorized Nikon dealers in California, including Nikon Professional Dealers and Nikon Imaging Dealers that sell, offer to sell, and/or service Nikon digital cameras that infringe the patents asserted in this action.  This Court's

exercise of personal jurisdiction over the Defendants, including Sendai Nikon, would therefore comport with due process.

32.    This Court has jurisdiction over this action against the Defendants because the subject matter of the action satisfies the requirements of 35 U.S.C. § 299(a) in that (1) it arises, at least in part, out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same digital camera products that infringe the patents asserted in this action, and (2) questions of fact common to the Defendants will arise in the action.

33.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.  Upon information and belief, Nikon Inc. makes, uses, offers to sell, sells, and/or imports into this judicial district digital cameras that infringe the patents asserted in this action either directly or through one or more Nikon Professional Dealers and/or Nikon Imaging Dealers, and, as stated above, has a regular and established place of business including a factory service and repair center located at 6420 Wilshire Blvd. #100, Los Angeles, CA 90048.

## PATENTS-IN-SUIT

34.    On October 8, 2002, United States Patent No. 6,463,163 ("the '163 patent"), entitled "System and Method for Face Detection Using Candidate Image Region Selection," was duly and legally issued by the United States Patent and Trademark Office ("PTO").  A true and correct copy of the '163 patent is attached as **Exhibit G** to this Complaint.

35.    On May 4, 2004, United States Patent No. 6,731,335 ("the '335 patent"), entitled "CMOS Image Sensor Having Common Outputting Transistors and Method for Driving The Same," was duly and legally issued by the PTO.  A true and correct copy of the '335 patent is attached as **Exhibit H** to this Complaint.

36.    On August 8, 2017, United States Patent No. 9,728,574 ("the '574 patent"), entitled "CMOS image sensor with shared sensing node," was duly and

11
COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

legally issued by the PTO.  A true and correct copy of the '574 patent is attached as **Exhibit I** to this Complaint.

37.     The '163, '335, and '574 patents are collectively referred to herein as the "Patents-in-Suit."  By assignment, Zeiss and ASML own all right, title, and interest in and to the Patents-in-Suit.  Plaintiffs have the right to sue and recover damages for the infringement of the Patents-in-Suit.

## FACTUAL BACKGROUND

38.     Plaintiff Zeiss began operations in Jena, Germany, in 1846, originally specializing in the customized production of scientific tools and instruments.  By the early 1850s Zeiss began developing observation instruments, including microscopes, for the broader scientific community.

39.     Over the past 165 years, Zeiss has expanded into nearly every major area of optics, with a diverse product lineup of industrial, research, medical, and consumer products.  Today, Zeiss sells products ranging from microscopes, binoculars, rifle scopes, and eye glass lenses to ophthalmology instruments and lithography optics.

40.     Zeiss's broad portfolio of optics-based products includes a diverse array of camera products.  Cinematography lenses from Zeiss have helped to create distinctive images in many famous movies, including *The Lord of the Rings* trilogy, and Zeiss received three Technical Academy Awards for the lenses.  Zeiss's lenses for technical applications assist scientists and engineers in a wide array of applications, from quality assurance to satellite optics.  Zeiss monoculars with integrated digital cameras help nature-watchers around the world not only observe wildlife, but capture and preserve their images as well.  Lenses from Zeiss are used in devices all over the world, for example, in digital single-lens reflex cameras, mirrorless digital cameras, and rangefinder cameras.  Zeiss is actively engaged in expanding its already substantial business in the field of optical devices with innovative new products.

41.     Plaintiff ASML was founded in 1984, and designs, develops, manufactures, and sells lithography systems for the semiconductor industry.  ASML's products enable semiconductor manufacturers to create chips that power electronic, communications, and information technology products.

42.     On information and belief, Nikon Corporation designs, develops, manufactures, has manufactured by others, markets, sells, and imports into the United States digital cameras, including digital single-lens reflex cameras, compact digital cameras, and mirrorless digital cameras.  On information and belief, Sendai Nikon Corporation manufactures digital cameras and related software outside the United States that it then sells to Nikon Corporation. On information and belief, Nikon, Inc. markets, sells, and imports into the United States digital cameras and related software that are designed by Nikon Corporation and manufactured by Sendai Nikon.

43.     On information and belief, Defendants' manufacture, promotion, repair, servicing, use, sale and/or offer to sell in the United States, and/or importation into the United States, of its digital cameras infringe one or more claims of each of the Patents-in-Suit, directly or indirectly.

## COUNT I

## (Infringement of U.S. Patent No. 6,463,163)

44.     Plaintiffs repeat and re-allege paragraphs 1-43 above as if fully set forth herein.

45.     On information and belief, Nikon Corporation designs, develops, manufactures, has manufactured by others, uses, tests, markets, takes part in importation, sells, and offers to sell in, into, and for the United States digital cameras, components thereof, and related software that infringe one or more claims of the '163 patent, either literally or under the doctrine of equivalents, including at least claims 1-4, 6-7, 9-11, 14-16, and 19 under 35 U.S.C. §§ 271(a), (b), and/or (c).  On information and belief, Nikon Inc. imports, uses, tests, markets, sells, offers to sell, and provides services and support in and into the United States, including in and into this judicial

district, for digital cameras, components thereof, and related software that infringe one or more claims of the '163 patent, either literally or under the doctrine of equivalents, including at least claims 1-4, 6-7, 9-11, 14-16, and 19 under 35 U.S.C. §§ 271(a), (b), and/or (c).  As shown above, on information and belief, Sendai Nikon is an alter ego of Nikon Corporation and therefore engages in the same activities as Nikon Corporation with respect to designing, manufacturing, using, testing, marketing, taking part in importation, selling, and offering to sell in, into, and for the United States digital cameras, components thereof, and related software that infringe one or more claims of the '163 patent, either literally or under the doctrine of equivalents, including at least claims 1-4, 6-7, 9-11, 14-16, and 19 under 35 U.S.C. §§ 271(a), (b), and/or (c).  In addition, on information and belief, Sendai Nikon manufactures, uses, tests, sells, and offers to sell digital cameras, components thereof, and related software, that infringe one or more claims of the '163 patent, either literally or under the doctrine of equivalents, including at least claims 1-4, 6-7, 9-11, 14-16, and 19 under 35 U.S.C. §§ 271(a), (b), and/or (c), with the intent and direction for the products to be sold or offered for sale in the United States and more specifically in the State of California and this judicial district.  The digital cameras referenced above include, but are not limited to, Nikon Coolpix S9900 digital camera and Nikon's D3300 digital camera.  An exemplary list of infringing devices is provided as **Exhibit J**.

46.   Nikon Corporation has directly infringed, and continues to directly infringe, at least one claim of the '163 patent under 35 U.S.C. § 271(a) by designing, making, using, testing, marketing, taking part in importation, selling, and offering to sell digital cameras, components thereof, and related software in, into, and for the United States.  Nikon Inc. has directly infringed, and continues to directly infringe, at least one claim of the '163 patent under 35 U.S.C. § 271(a) by importing, using, testing, marketing, selling, offering to sell, and providing services and support related to digital cameras, components thereof, and related software in the United States.  On

information and belief, Sendai Nikon is an alter ego of Nikon Corporation and has directly infringed, and continues to directly infringe, at least one claim of the '163 patent under 35 U.S.C. § 271(a) in the same ways as Nikon Corporation regarding designing, making, using, testing, marketing, taking part in importation, selling, and offering to sell digital cameras, components thereof, and related software in, into, and for the United States.  In addition, on information and belief, Sendai Nikon has directly infringed, and continues to directly infringe, at least one claim of the '163 patent under 35 U.S.C. § 271(a) by manufacturing, selling, and offering to sell for distribution in the United States digital cameras, components thereof, and related software, with the intent and direction for the products to be sold or offered for sale in the United States. **Exhibit K** to this Complaint describes a non-limiting example of Nikon Corporation's, Nikon Inc.'s, and Sendai Nikon's infringement, based on Plaintiffs' current information and belief.  Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to amend, augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable standing orders, and/or as is otherwise appropriate.

47.   In addition, Nikon Corporation has induced, and continues to induce, infringement of at least one claim of the '163 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States infringing digital cameras (including Nikon Inc., Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '163 patent.  Nikon Corporation does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting

infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '163 patent. In part, Nikon Corporation maintains and/or provides or directs content for web sites, including the following web pages: http://www.nikon.com/products/index.htm, http://imaging.nikon.com/lineup/index.htm (marked "© 2017 Nikon Corporation"), and http://www.nikonusa.com/en/index.page, that offer technical, promotional, and support information regarding Nikon products accused of infringement in this case, as well as links to other Nikon Group web sites with additional similar information. [*See* **Exhibit L-1** (describing and advertising products and solutions, providing information regarding the product lineup and support, as well as links to other Nikon sites with further information));[21] **Exhibit L-2** (describing the product lineup and features);[22] **Exhibit L-3** (describing products and services);[23] **Exhibit L-4** ("Introducing the Anniversary Products lineup");[24] **Exhibit L-5** (providing information about product services, including reference materials) ("The latest software and reference materials related to Nikon digital imaging products can be found at the following link"; "Digitutor is a website providing information on basic knowledge, useful techniques, and tips on taking good photos with Nikon Digital Cameras"));[25] **Exhibit L-6** (web page titled as the "Learn and Explore Center");[26]

---

[21] Also available at: http://www.nikon.com/products/index.htm.
[22] Also available at: http://imaging.nikon.com/lineup/index.htm.
[23] Also available at: http://www.nikonusa.com/en/index.page.
[24] Also available at: http://www.nikon.com/100th/anniversaryproducts.
[25] Also available at: http://imaging.nikon.com/support/index.htm.
[26] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.

**Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair or chat with a specialist)[27]; **Exhibit L-8** (describing the Face Priority AF feature)[28]; **Exhibit L-9** (describing the Face Priority AF feature)[29]; **Exhibit M** (excerpts of Nikon D3300 Camera Manual) at pp. 142-147, 342-347, describing the Face Priority AF feature)[30]; **Exhibit N** (Nikon P900 Camera Manual at *e.g.,* pp. 18-19, 73-75, describing the Face Detection feature)[31]; **Exhibit K** (infringement chart).]

48.    Nikon Corporation had actual notice of the '163 patent at least upon the filing or service on Defendants of the Complaint in *Carl Zeiss AG et al v. Nikon Corporation et al*, Case No. 2:17-cv-03225-SJO-AGR ("the 3225 case") and/or of the Complaint in *In the Matter of Certain Digital Cameras, Software, and Components Thereof*, ITC Investigation No. 337 TA 1059 ("the ITC case").[32]  Nikon Corporation has intentionally engaged and continues to engage in its above-described inducement activities while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '163 patent.

---

[27] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[28] Also available at:  http://imaging.nikon.com/lineup/dslr/basics/16/02_1.htm
[29] Also available at:
    http://imaging.nikon.com/support/digitutor/d3300/functions/afareamode_liveview.html
[30] Also available at:
    http://download.nikonimglib.com/archive2/E7vrv00ZwHJt02sHgtZ15XIHOb30/D3300RM_(En)03.pdf.
[31] Also available at:
    http://download.nikonimglib.com/archive2/rejso00cGyWp021QOzq50tVs5Q68/P900RM_(En)05.pdf.
[32] The Complaint in *Carl Zeiss AG et al v. Nikon Corporation et al*, Case No. 2:17-cv-03225-SJO-AGR was filed on April 28, 2017 and served on May 4, 2017.  The Complaint in *In the Matter of Certain Digital Cameras, Software, and Components Thereof*, ITC Investigation No. 337 TA 1059 was filed on April 28, 2017 and served on May 26, 2017.  Plaintiffs have moved to dismiss the '163 and '335 patents from the ITC case.  Plaintiffs have dismissed the 3225 case in its entirety.

17
COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

49.     Nikon Inc. has induced, and continues to induce, infringement of at least one claim of the '163 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Sendai, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '163 patent.  Nikon Inc. does so with the specific intent to encourage their infringement, through activities such as intentionally selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '163 patent.   In part, Nikon Inc. maintains a web site marked at http://www.nikonusa.com/en/index.page that provides technical, promotional, and support information regarding Nikon products accused of infringement in this case, as well as links to other Nikon web sites with additional similar information.   [*See* **Exhibit L-3** (describing products and services);[33] **Exhibit L-8** (describing the Face Priority AF feature)[34];   **Exhibit L-9** (describing the Face Priority AF feature)[35]; **Exhibit M** (excerpts of Nikon D3300 Camera Manual) at pp. 142-147, 342-347,

---

[33] Also available at:  http://www.nikonusa.com/en/index.page.
[34] Also available at:  http://imaging.nikon.com/lineup/dslr/basics/16/02_1.htm
[35] Also available at:
    http://imaging.nikon.com/support/digitutor/d3300/functions/afareamode_liveview.html

describing the Face Priority AF feature)[36]; **Exhibit N** (Nikon P900 Camera Manual at *e.g.,* pp. 18-19, 73-75, describing the Face Detection feature)[37]; **Exhibit K** (infringement chart); **Exhibit L-6** (web page titled as the "Learn and Explore Center");[38] **Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair or chat with a specialist.") [39].]

50.    Nikon Inc. had actual notice of the '163 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Nikon Inc. has intentionally engaged and continues to engage in its above-described inducement activities while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '163 patent.

51.    Sendai Nikon has induced, and continues to induce, infringement of at least one claim of the '163 patent under 35 U.S.C. § 271(b).  On information and belief, Sendai Nikon is an alter ego of Nikon Corporation and has induced, and continues to induce, infringement in the same ways as Nikon Corporation.  In addition, on information and belief, Sendai Nikon has induced, and continues to induce, infringement actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Inc., authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '163 patent.  Sendai Nikon does so with the specific intent to encourage their infringement, through activities such as intentionally making, selling, offering to

---

[36] Also available at: http://download.nikonimglib.com/archive2/E7vrv00ZwHJt02sHgtZ15XIHOb30/D3300RM_(En)03.pdf.

[37] Also available at: http://download.nikonimglib.com/archive2/rejso00cGyWp021QOzq50tVs5Q68/P900RM_(En)05.pdf.

[38] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.

[39] Also available at: https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.

sell, using, and/or testing infringing digital cameras, components, and related software; providing and/or assisting in providing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering and/or assisting in offering technical support, training, education, repair, and other services for infringing digital cameras.  On information and belief, Sendai Nikon makes and/or installs software that includes menus and instructions that teach users how to use the infringing features.  [*See* **Exhibit L-8** (describing the Face Priority AF feature)[40];  **Exhibit L-9** (describing the Face Priority AF feature)[41]; **Exhibit M** (excerpts of Nikon D3300 Camera Manual) at pp. 142-147, 342-347, describing the Face Priority AF feature)[42]; **Exhibit N** (Nikon P900 Camera Manual at *e.g.,* pp. 18-19, 73-75, describing the Face Detection feature)[43]; **Exhibit K** (infringement chart).] These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '163 patent.

     52.    Sendai Nikon had actual notice of the '163 patents at least upon the filing or service of the Complaint in the 3225 case and/or in the ITC case.  Sendai Nikon has intentionally engaged and continues to engage in its above-described inducement activities while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '163 patent.

---

[40] Also available at:  http://imaging.nikon.com/lineup/dslr/basics/16/02_1.htm
[41] Also available at: http://imaging.nikon.com/support/digitutor/d3300/functions/afareamode_liveview.html
[42] Also available at: http://download.nikonimglib.com/archive2/E7vrv00ZwHJt02sHgtZ15XIHOb30/D3300RM_(En)03.pdf
[43] Also available at: http://download.nikonimglib.com/archive2/rejso00cGyWp021QOzq50tVs5Q68/P900RM_(En)05.pdf.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

53.     Furthermore, Nikon Corporation has contributed to, and continues to contribute to, infringement of at least one claim of the '163 patent under 35 U.S.C. § 271(c) by others who make, use, test, license, sell, and/or offer to sell within the United States infringing digital cameras, components thereof, or related software (including Nikon Inc., Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '163 patent.  Nikon Corporation does so through activities such as designing, making, selling, offering to sell, marketing, advertising and/or promoting infringing digital cameras, components thereof, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras, components thereof, and related software, and offering technical support, training, education, repair, and other services for infringing digital cameras.  In part, Nikon Corporation maintains and/or provides or directs content for web sites, including the following    web    pages:    http://www.nikon.com/products/index.htm, http://imaging.nikon.com/lineup/index.htm (marked "© 2017 Nikon Corporation"), and http://www.nikonusa.com/en/index.page, that offer technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon Group web sites with additional similar information.  [*See* **Exhibit L-1** (describing and advertising products and solutions, providing information regarding the product lineup and support, as well as links to other Nikon sites with further information));[44] **Exhibit L-2** (describing the product lineup and features);[45] **Exhibit L-3** (describing products and services);[46] **Exhibit L-4** ("Introducing the Anniversary Products lineup");[47] **Exhibit L-5** (providing information about product services, including reference materials) ("The latest software and reference materials related to

---

[44] Also available at:  http://www.nikon.com/products/index.htm.
[45] Also available at:  http://imaging.nikon.com/lineup/index.htm.
[46] Also available at:  http://www.nikonusa.com/en/index.page.
[47] Also available at:  http://www.nikon.com/100th/anniversaryproducts.

Nikon digital imaging products can be found at the following link"; "Digitutor is a website providing information on basic knowledge, useful techniques, and tips on taking good photos with Nikon Digital Cameras"));[48] **Exhibit L-6** (web page titled as the "Learn and Explore Center");[49] **Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair or chat with a specialist)[50]; **Exhibit L-8** (describing the Face Priority AF feature)[51];   **Exhibit L-9** (describing the Face Priority AF feature)[52]; **Exhibit M** (excerpts of Nikon D3300 Camera Manual) at pp. 142-147, 342-347, describing the Face Priority AF feature)[53]; **Exhibit N** (Nikon P900 Camera Manual at *e.g.,* pp. 18-19, 73-75, describing the Face Detection feature)[54]; **Exhibit K** (infringement chart).]

54.     Nikon Corporation's infringing digital cameras, components thereof, and related software constitute a material part of the inventions claimed in the '163 patent, for example as shown in Exhibit K.  The infringement chart in Exhibit K shows where each limitation of Claim 1 is found in the Face Priority AF feature of the infringing cameras.

55.     Nikon Corporation had actual notice of the '163 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Nikon Corporation knew the infringing digital cameras,

---

[48] Also available at: http://imaging.nikon.com/support/index.htm.
[49] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.
[50] Also available at: https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[51] Also available at: http://imaging.nikon.com/lineup/dslr/basics/16/02_1.htm
[52] Also available at:
     http://imaging.nikon.com/support/digitutor/d3300/functions/afareamode_liveview.html
[53] Also available at:
     http://download.nikonimglib.com/archive2/E7vrv00ZwHJt02sHgtZ15XIHOb30/D3300RM_(En)03.pdf.
[54] Also available at:
     http://download.nikonimglib.com/archive2/rejso00cGyWp021QOzq50tVs5Q68/P900RM_(En)05.pdf.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

components thereof, and related software to be especially made or adapted for use in infringement of the '163 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Claim 1, for example, recites "a method of pre-filtering an input image to determine whether said input image includes a target image pattern of interest." On information and belief, the accused Face Priority AF feature is not suitable for substantial noninfringing use because, for example, using the asserted method is not optional during operation.

56. Following the filing and service of the Complaint in the 3225 case and/or the Complaint in the ITC case, Nikon Corporation has intentionally engaged and continues to engage in its above-described contributory infringement activities while it knows or is willfully blind to the fact that its actions would contribute to actual infringement of the '163 patent.

57. Nikon Inc. has contributed to, and continues to contribute to, infringement of at least one claim of the '163 patent under 35 U.S.C. § 271(c) by others who make, use, test, license, sell, and/or offer to sell within the United States and/or import into the United States infringing digital cameras, components thereof, or related software (including Nikon Corporation, Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '163 patent. Nikon Inc. does so through activities such as selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras. In part, Nikon Inc. maintains a web site marked at http://www.nikonusa.com/en/index.page that provides technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon web sites with additional similar information. [*See* **Exhibit L-1**

(describing products and services);[55] **Exhibit L-2** (web page titled as "Learn and Explore Center");[56] **Exhibit L-7** ("Service & Support.   Find answers, download updates, schedule repair or chat with a specialist.")[57]; **Exhibit L-8** (describing the Face Priority AF feature)[58]; **Exhibit L-9** (describing the Face Priority AF feature)[59]; **Exhibit M** (excerpts of Nikon D3300 Camera Manual) at pp. 142-147, 342-347, describing the Face Priority AF feature)[60]; **Exhibit N** (Nikon P900 Camera Manual at *e.g.,* pp. 18-19, 73-75, describing the Face Detection feature)[61]; **Exhibit K** (infringement chart).]

58.     Nikon Inc.'s infringing digital cameras, components thereof, and related software constitute a material part of the inventions claimed in the '163 patent, for example as shown in Exhibit K.   The infringement chart in Exhibit K shows where each limitation of Claim 1 is found in the "Face Priority AF" feature of the infringing cameras.

59.     Nikon Inc. had actual notice of the '163 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.   Nikon Inc. knew the infringing digital cameras, components thereof, and related software to be especially made or adapted for use in infringement of the '163 patent, and not a staple article or commodity of commerce suitable for substantial

---

[55] Also available at: http://www.nikonusa.com/en/index.page.
[56] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.
[57] Also available at: https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[58] Also available at: http://imaging.nikon.com/lineup/dslr/basics/16/02_1.htm
[59] Also available at: http://imaging.nikon.com/support/digitutor/d3300/functions/afareamode_liveview.html
[60] Also available at: http://download.nikonimglib.com/archive2/E7vrv00ZwHJt02sHgtZ15XIHOb30/D3300RM_(En)03.pdf
[61] Also available at: http://download.nikonimglib.com/archive2/rejso00cGyWp021QOzq50tVs5Q68/P900RM_(En)05.pdf.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

non-infringing use.  Claim 1, for example, recites "a method of pre-filtering an input image to determine whether said input image includes a target image pattern of interest."   On information and belief, the accused Face Priority AF feature is not suitable for substantial noninfringing use because, for example, using the asserted method is not optional during operation.

60.    Following the filing and service of the Complaint in the 3225 case and/or the Complaint in the ITC case, Nikon Inc. has intentionally engaged and continues to engage in its above-described contributory infringement activities while it knows or is willfully blind to the fact that its actions would contribute to actual infringement of the '163 patent.

61.    Sendai Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '163 patent under 35 U.S.C. § 271(c).  Sendai Nikon is an alter ego of Nikon Corporation and has contributed to, and continues to contribute to, infringement in the same ways as Nikon Corporation.  In addition, Sendai Nikon has contributed to, and continues to contribute to, infringement of others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Inc., authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '163 patent.  Sendai Nikon does so through activities such as intentionally making, selling, offering to sell, using, and/or testing infringing digital cameras, components, and related software; providing and/or assisting in providing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering and/or assisting in offering technical support, training, education, repair, and other services for infringing digital cameras. On information and belief, Sendai Nikon makes and/or installs software that includes menus and instructions that teach users how to use the infringing features.  The infringing digital cameras, components thereof, and related software constitute a material part of the inventions claimed in the '163 patent, for example as shown in

Exhibit K.  The infringement chart in Exhibit K shows where each limitation of Claim 1 is found in the "Face Priority AF" feature of the infringing cameras.

62.     Sendai Nikon had actual notice of the '163 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Sendai Nikon knew the infringing digital cameras, components thereof, and related software to be especially made or adapted for use in infringement of the '163 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Claim 1, for example, recites "a method of pre-filtering an input image to determine whether said input image includes a target image pattern of interest."  On information and belief, the accused Face Priority AF feature is not suitable for substantial noninfringing use because, for example, using the asserted method is not optional during operation.

63.     Following the filing and service of the Complaint in the 3225 case and/or the Complaint in the ITC case, Sendai Nikon has intentionally engaged and continues to engage in its above-described contributory infringement activities while it knows or is willfully blind to the fact that its actions would contribute to actual infringement of the '163 patent.

64.     Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

65.     The infringing activities of each Defendant have caused and will continue to cause Plaintiffs irreparable harm, for example due to the loss of Plaintiffs' exclusive right to practice their patent, and because Plaintiffs have no adequate remedy at law for the loss of such exclusivity, absent an injunction.

## COUNT II

### (Infringement of U.S. Patent No. 6,731,335)

66.     Plaintiffs repeat and re-allege paragraphs 1-65 above as if fully set forth herein.

67.     On information and belief, Nikon Corporation designs, develops, manufactures, has manufactured by others, uses, tests, markets, takes part in

importation, sells, and offers to sell in, into, and for the United States digital cameras, components thereof, and related software that infringe one or more claims of the '335 patent, either literally or under the doctrine of equivalents, including at least claims 1-12 under 35 U.S.C. §§ 271(a), (b), and/or (c).  On information and belief, Nikon Inc. imports, uses, tests, markets, sells, offers to sell, and provides services and support in and into the United States, including in and into this judicial district, for digital cameras, components thereof, and related software that infringe one or more claims of the '335 patent, either literally or under the doctrine of equivalents, including at least claims 1-12 under 35 U.S.C. §§ 271(a), (b), and/or (c).  As shown above, on information and belief, Sendai Nikon is an alter ego of Nikon Corporation and therefore engages in the same activities as Nikon Corporation with respect to designing, manufacturing, using, testing, marketing, taking part in importation, selling, and offering to sell in, into, and for the United States digital cameras, components thereof, and related software that infringe one or more claims of the '335 patent, either literally or under the doctrine of equivalents, including at least claims 1-12 under 35 U.S.C. §§ 271(a), (b), and/or (c).  In addition, on information and belief, Sendai Nikon manufactures, uses, tests, sells, and offers to sell digital cameras, components thereof, and related software, that infringe one or more claims of the '335 patent, either literally or under the doctrine of equivalents, including at least claims 1-12 under 35 U.S.C. §§ 271(a), (b), and/or (c), with the intent and direction for the products to be sold or offered for sale in the United States and more specifically in the State of California and this judicial district.  The digital cameras referenced above include, but are not limited to, Nikon D4 and Df digital camera cameras.  An exemplary list of infringing devices is provided as **Exhibit J.**

68.    Nikon Corporation has directly infringed, and continues to directly infringe, at least one claim of the '335 patent under 35 U.S.C. § 271(a) by designing, making, using, testing, marketing, taking part in importation, selling, and offering to sell digital cameras, components thereof, and related software in, into, and for the

United States.  Nikon Inc. has directly infringed, and continues to directly infringe, at least one claim of the '335 patent under 35 U.S.C. § 271(a) by importing, using, testing, marketing, selling, offering to sell, and providing services and support related to digital cameras, components thereof, and related software in the United States.  On information and belief, Sendai Nikon is an alter ego of Nikon Corporation and has directly infringed, and continues to directly infringe, at least one claim of the '335 patent under 35 U.S.C. § 271(a) in the same ways as Nikon Corporation regarding designing, making, using, testing, marketing, taking part in importation, selling, and offering to sell digital cameras, components thereof, and related software in, into, and for the United States.  In addition, on information and belief, Sendai Nikon has directly infringed, and continues to directly infringe, at least one claim of the '335 patent under 35 U.S.C. § 271(a) by manufacturing, selling, and offering to sell for distribution in the United States digital cameras, components thereof, and related software, with the intent and direction for the products to be sold or offered for sale in the United States. **Exhibit O** to this Complaint describes a non-limiting example of Nikon Corporation's, Nikon Inc.'s, and Sendai Nikon's infringement, based on Plaintiffs' current information and belief.  Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to amend, augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable standing orders, and/or as is otherwise appropriate.

69.    In addition, Nikon Corporation has induced, and continues to induce, infringement of at least one claim of the '335 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Inc., Sendai Nikon, authorized

dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '335 patent.  Nikon Corporation does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras.  These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '335 patent.  In part, Nikon Corporation maintains and/or provides or directs content for web sites, including the following web pages: http://www.nikon.com/products/index.htm, and http://imaging.nikon.com/lineup/index.htm (marked "© 2017 Nikon Corporation"), and http://www.nikonusa.com/en/index.page, that offer technical, promotional, and support information regarding Nikon products accused of infringement in this case, as well as links to other Nikon Group web sites with additional similar information.  [*See* **Exhibit L-1** (describing and advertising products and solutions, providing information regarding the product lineup and support, as well as links to other Nikon sites with further information);[62] **Exhibit L-2** (describing the product lineup and features);[63] **Exhibit L-3** (describing products and services);[64] **ExhibitK-4** ("Introducing the Anniversary Products lineup");[65] **Exhibit L-5** (providing information about product services, including reference materials ("The latest software and reference materials related to Nikon digital imaging products can be found at the following link"; "Digitutor is a website providing information on basic

---

[62] Also available at: http://www.nikon.com/products/index.htm.
[63] Also available at: http://imaging.nikon.com/lineup/index.htm.
[64] Also available at: http://www.nikonusa.com/en/index.page.
[65] Also available at: http://www.nikon.com/100th/anniversaryproducts.

knowledge, useful techniques, and tips on taking good photos with Nikon Digital Cameras"));[66] **Exhibit L-6** ("Learn and Explore Center");[67] **Exhibit L-7** ("Service & Support.    Find   answers,   download   updates,   schedule   repair   or   chat   with   a specialist");[68] **Exhibit P** (excerpts of Nikon D4 Camera User's Manual)[69]; **Exhibit O** (infringement chart).]

70.    Nikon Corporation had actual notice of the '335 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.    Nikon Corporation has intentionally engaged and continues to engage in its above-described inducement activities while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '335 patent.

71.    Nikon Inc. has induced, and continues to induce, infringement of at least one claim of the '335 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Sendai, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '335 patent.    Nikon Inc. does so with the specific intent to encourage their infringement, through activities such as intentionally selling, offering to sell, importing, marketing, advertising   and   promoting   infringing   digital   cameras,   components,   and   related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras.

---

[66] Also available at:  http://imaging.nikon.com/support/index.htm.
[67] Also available at:  http://www.nikonusa.com/en/learn-and-explore/index.page.
[68] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[69] Also available at:
     http://download.nikonimglib.com/archive1/gXsFo00n5gaq002lRSG62Gf7Xw34/
     D4_(En)04.pdf

These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '335 patent.   In part, Nikon Inc. maintains a web site marked at http://www.nikonusa.com/en/index.page that provides technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon web sites with additional similar information.   [*See* **Exhibit L-3** (describing products and services);[70] **Exhibit L-6** ("Learn and Explore Center");[71] **Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair or chat with a specialist.");[72] **Exhibit P** (excerpts of Nikon D4 Camera User's Manual)[73]; **Exhibit O** (infringement chart).]

72.   Nikon Inc. had actual notice of the '335 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Nikon Inc. has intentionally engaged and continues to engage in its above-described inducement activities while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '335 patent.

73.   Sendai Nikon has induced, and continues to induce, infringement of at least one claim of the '335 patent under 35 U.S.C. § 271(b).  On information and belief, Sendai Nikon is an alter ego of Nikon Corporation and has induced, and continues to induce, infringement in the same ways as Nikon Corporation.  In addition, on information and belief, Sendai Nikon has induced, and continues to induce, infringement actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Inc., authorized

---

[70] Also available at:  http://www.nikonusa.com/en/index.page.

[71] Also available at:  http://www.nikonusa.com/en/learn-and-explore/index.page.

[72] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.

[73] Also available at:  http://download.nikonimglib.com/archive1/gXsFo00n5gaq002lRSG62Gf7Xw34/D4_(En)04.pdf

31

dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '335 patent.  Sendai Nikon does so with the specific intent to encourage their infringement, through activities such as intentionally making, selling, offering to sell, using, and/or testing infringing digital cameras, components, and related software; providing and/or assisting in providing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering and/or assisting in offering technical support, training, education, repair, and other services for infringing digital cameras.  On information and belief, Sendai Nikon makes and/or installs software that includes menus and instructions that teach users how to use the infringing features.  [*See* **Exhibit P** (excerpts of Nikon D4 Camera User's Manual)[74]; **Exhibit O** (infringement chart).]  These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '335 patent.

74.     Sendai Nikon had actual notice of the '335 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Sendai Nikon has intentionally engaged and continues to engage in its above-described inducement activities while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '335 patent.

75.     Furthermore, Nikon Corporation has contributed to, and continues to contribute to, infringement of at least one claim of the '335 patent under 35 U.S.C. § 271(c) by others who make, use, test, license, sell, and/or offer to sell within the United States infringing digital cameras, components thereof, or related software (including Nikon Inc., Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '335 patent.  Nikon Corporation does so through activities such as designing, making, selling, offering to sell,

---

[74] Also available at:
http://download.nikonimglib.com/archive1/gXsFo00n5gaq002lRSG62Gf7Xw34/D4_(En)04.pdf

marketing, advertising and/or promoting infringing digital cameras, components thereof, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras, components thereof, and related software, and offering technical support, training, education, repair, and other services for infringing digital cameras. In part, Nikon Corporation maintains and/or provides or directs content for web sites, including the following web pages: http://www.nikon.com/products/index.htm, http://imaging.nikon.com/lineup/index.htm (marked "© 2017 Nikon Corporation"), and http://www.nikonusa.com/en/index.page, that offer technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon Group web sites with additional similar information. [*See* **Exhibit L-1** (describing and advertising products and solutions, providing information regarding the product lineup and support, as well as links to other Nikon sites with further information);[75] **Exhibit L-2** (describing the product lineup and features);[76] **Exhibit L-3** (describing products and services);[77] **Exhibit L-4** ("Introducing the Anniversary Products lineup");[78] **Exhibit L-5** (providing information about product services, including reference materials ("The latest software and reference materials related to Nikon digital imaging products can be found at the following link"; "Digitutor is a website providing information on basic knowledge, useful techniques, and tips on taking good photos with Nikon Digital Cameras"));[79] **Exhibit L-6** ("Learn and Explore Center");[80] **Exhibit L-7** ("Service & Support. Find answers, download

---

[75] Also available at: http://www.nikon.com/products/index.htm.
[76] Also available at: http://imaging.nikon.com/lineup/index.htm.
[77] Also available at: http://www.nikonusa.com/en/index.page.
[78] Also available at: http://www.nikon.com/100th/anniversaryproducts.
[79] Also available at: http://imaging.nikon.com/support/index.htm.
[80] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.

updates, schedule repair...");[81] **Exhibit P** (excerpts of Nikon D4 Camera User's Manual)[82]; **Exhibit O** (infringement chart).]

76.    Nikon Corporation's infringing digital cameras, components thereof, and related software constitute a material part of the inventions claimed in the '335 patent, for example as shown in Exhibit O.  The infringement chart in Exhibit O shows where each limitation of Claim 1 is found in the image sensors in the infringing cameras.

77.    Nikon Corporation had actual notice of the '335 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Nikon Corporation knew the infringing digital cameras, components thereof, and any related software to be especially made or adapted for use in infringement of the '335 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Claim 1, for example, recites "a method for driving a unit pixel."  The image sensors in the infringing cameras are not suitable for substantial noninfringing use because, for example, on information and belief, using the asserted method is not optional during operation.

78.    Following the filing and service of the Complaint in the 3225 case and/or the Complaint in the ITC case, Nikon Corporation has intentionally engaged and continues to engage in its above-described contributory infringement activities while it knows or is willfully blind to the fact that its actions would contribute to actual infringement of the '335 patent.

79.    Nikon Inc. has contributed to, and continues to contribute to, infringement of at least one claim of the '335 patent under 35 U.S.C. § 271(c) by others who make, use, test, license, sell, and/or offer to sell within the United States and/or import into the United States infringing digital cameras, components thereof,

---

[81] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.

[82] Also available at:
     http://download.nikonimglib.com/archive1/gXsFo00n5gaq002lRSG62Gf7Xw34/
     D4_(En)04.pdf

or related software (including Nikon Corporation, Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '335 patent.  Nikon Inc. does so through activities such as selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras.  In part, Nikon Inc. maintains a web site marked at http://www.nikonusa.com/en/index.page that provides technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon web sites with additional similar information.  [*See* **Exhibit L-1** (describing products and services);[83] **Exhibit L-6** ("Learn and Explore Center");[84] **Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair or chat with a specialist.");[85] **Exhibit P** (excerpts of Nikon D4 Camera User's Manual)[86]; **Exhibit O** (infringement chart).]

80.    Nikon Inc.'s infringing digital cameras, components thereof, and any related software constitute a material part of the inventions claimed in the '335 patent, for example as shown in Exhibit O.  The infringement chart in Exhibit O shows where each limitation of Claim 1 is found in the image sensors in the infringing cameras.

81.    Nikon Inc. had actual notice of the '335 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Nikon Inc. knew the infringing digital cameras, components thereof, and any related software to be especially made or adapted for use in infringement of

---

[83] Also available at:  http://www.nikonusa.com/en/index.page.
[84] Also available at:  http://www.nikonusa.com/en/learn-and-explore/index.page.
[85] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[86] Also available at:
    http://download.nikonimglib.com/archive1/gXsFo00n5gaq002lRSG62Gf7Xw34/D4_(En)04.pdf

the '335 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Claim 1, for example, recites "a method for driving a unit pixel."  The image sensors in the infringing cameras are not suitable for substantial noninfringing use because, for example, on information and belief, using the asserted method is not optional during operation.

82.   Following the filing and service of the Complaint in the 3225 case and/or the Complaint in the ITC case, Nikon Inc. continues to engage in its above-described contributory infringement activities, including through marketing the infringing digital cameras and providing manuals that specifically teach how to use the infringing features.  [*See* **Exhibit P** (excerpts of Nikon D4 Camera User's Manual)[87].]

83.   Sendai Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '335 patent under 35 U.S.C. § 271(c).  Sendai Nikon is an alter ego of Nikon Corporation and has contributed to, and continues to contribute to, infringement in the same ways as Nikon Corporation.  In addition, Sendai Nikon has contributed to, and continues to contribute to, infringement of others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Inc., authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '335 patent.  Sendai Nikon does so through activities such as intentionally making, selling, offering to sell, using, and/or testing infringing digital cameras, components, and related software; providing and/or assisting in providing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering and/or assisting in offering technical support, training, education, repair, and other services for infringing digital cameras.  On information and belief, Sendai Nikon makes and/or installs software that includes

---

[87] Also available at:
http://download.nikonimglib.com/archive1/gXsFo00n5gaq002lRSG62Gf7Xw34/D4_(En)04.pdf

menus and instructions that teach users how to use the infringing features. [*See* **Exhibit O** (infringement chart).]

84.     Sendai Nikon's infringing digital cameras, components thereof, and any related software constitute a material part of the inventions claimed in the '335 patent, for example as shown in Exhibit O.  The infringement chart in Exhibit OS shows where each limitation of Claim 1 is found in the image sensors in the infringing cameras.

85.     Sendai Nikon had actual notice of the '335 patent at least upon the filing or service on Defendants of the Complaint in the 3225 case and/or of the Complaint in the ITC case.  Sendai Nikon knew the infringing digital cameras, components thereof, and any related software to be especially made or adapted for use in infringement of the '335 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Claim 1, for example, recites "a method for driving a unit pixel."  The image sensors in the infringing cameras are not suitable for substantial noninfringing use because, for example, on information and belief, using the asserted method is not optional during operation.

86.     Following the filing and service of the Complaint in the 3225 case and/or the Complaint in the ITC case, Sendai Nikon has intentionally engaged and continues to engage in its above-described contributory infringement activities while it knows or is willfully blind to the fact that its actions would contribute to actual infringement of the '335 patent.

87.     Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

88.     The infringing activities of each Defendant have caused and will continue to cause Plaintiffs irreparable harm, for example due to the loss of Plaintiffs' exclusive right to practice their patent, and because Plaintiffs have no adequate remedy at law for the loss of such exclusivity, absent an injunction.

## COUNT III

### (Infringement of U.S. Patent No. 9,728,574)

89.     Plaintiffs repeat and re-allege paragraphs 1-88 above as if fully set forth herein.

90.     On information and belief, Nikon Corporation designs, develops, manufactures, has manufactured by others, uses, tests, markets, takes part in importation, sells, and offers to sell in, into, and for the United States digital cameras, components thereof, and related software that infringe one or more claims of the '574 patent, either literally or under the doctrine of equivalents, including at least claims 1-13 and 16-33 under 35 U.S.C. §§ 271(a), (b), and/or (c).  On information and belief, Nikon Inc. imports, uses, tests, markets, sells, offers to sell, and provides services and support in and into the United States, including into this judicial district, for digital cameras, components thereof, and related software that infringe one or more claims of the '574 patent, either literally or under the doctrine of equivalents, including at least claims 1-13 and 16-33 under 35 U.S.C. §§ 271(a), (b), and/or (c).  As shown above, on information and belief, Sendai Nikon is an alter ego of Nikon Corporation and therefore engages in the same activities as Nikon Corporation with respect to designing, manufacturing, using, testing, marketing, taking part in importation, selling, and offering to sell in, into, and for the United States digital cameras, components thereof, and related software that infringe one or more claims of the '574 patent, either literally or under the doctrine of equivalents, including at least claims 1-13 and 16-33 under 35 U.S.C. §§ 271(a), (b), and/or (c).  In addition, on information and belief, Sendai Nikon manufactures, uses, tests, sells, and offers to sell digital cameras, components thereof, and related software, that infringe one or more claims of the '574 patent, either literally or under the doctrine of equivalents, including at least claims 1-13 and 16-33 under 35 U.S.C. §§ 271(a), (b), and/or (c), with the intent and direction for the products to be sold or offered for sale in the United States and more specifically in the State of California and this judicial district.  The digital

cameras referenced above include, but are not limited to, Nikon D4, D4S, and Df digital cameras.  An exemplary list of infringing devices is provided as **Exhibit J.**

91.    Nikon Corporation has directly infringed, and continues to directly infringe, at least one claim of the '574 patent under 35 U.S.C. § 271(a) by designing, making, using, testing, marketing, taking part in importation, selling, and offering to sell digital cameras, components thereof, and related software in, into, and for the United States.  Nikon Inc. has directly infringed, and continues to directly infringe, at least one claim of the '574 patent under 35 U.S.C. § 271(a) by importing, using, testing, marketing, selling, offering to sell, and providing services and support related to digital cameras, components thereof, and related software in the United States.  On information and belief, Sendai Nikon is an alter ego of Nikon Corporation and has directly infringed, and continues to directly infringe, at least one claim of the '574 patent under 35 U.S.C. § 271(a) in the same ways as Nikon Corporation regarding designing, making, using, testing, marketing, taking part in importation, selling, and offering to sell digital cameras, components thereof, and related software in, into, and for the United States.  In addition, on information and belief, Sendai Nikon has directly infringed, and continues to directly infringe, at least one claim of the '574 patent under 35 U.S.C. § 271(a) by manufacturing, selling, and offering to sell for distribution in the United States digital cameras, components thereof, and related software, with the intent and direction for the products to be sold or offered for sale in the United States. **Exhibit Q** to this Complaint describes a non-limiting example of Nikon Corporation's, Nikon Inc.'s, and Sendai Nikon's infringement, based on Plaintiffs' current information and belief.  Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to amend, augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of

Civil Procedure, to this Court's Local Rules and any applicable standing orders, and/or as is otherwise appropriate.

92.    In addition, Nikon Corporation has induced, and continues to induce, infringement of at least one claim of the '574 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Inc., Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '574 patent.  Nikon Corporation does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras.  These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '574 patent.  In part, Nikon Corporation maintains and/or provides or directs content for web sites, including the following web pages: http://www.nikon.com/products/index.htm, http://imaging.nikon.com/lineup/index.htm (marked "© 2017 Nikon Corporation"), and http://www.nikonusa.com/en/index.page, that offer technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon Group web sites with additional similar information.  [*See* **Exhibit L-1** (describing and advertising products and solutions, providing information regarding the product lineup and support, as well as links to other Nikon sites with further

information);[88] **Exhibit L-2** (describing the product lineup and features);[89] **Exhibit L-3** (describing products and services);[90] **Exhibit L-4** ("Introducing the Anniversary Products lineup");[91] **Exhibit L-5** (providing information about product services, including reference materials ("The latest software and reference materials related to Nikon digital imaging products can be found at the following link"; "Digitutor is a website providing information on basic knowledge, useful techniques, and tips on taking good photos with Nikon Digital Cameras");[92] **Exhibit L-6** ("Learn and Explore Center");[93] **Exhibit L-7** ("Service & Support. Find answers, download updates, schedule repair...");[94] **Exhibit P** (excerpts of Nikon D4S Camera User's Manual)[95]; **Exhibit Q** (infringement chart).]

93. On information and belief, Nikon Corporation had actual notice of the '574 patent prior to the filing of this case. The '574 patent issued on August 8, 2017. The '574 patent is a continuation of application No. 13/410,875, which issued as U.S. Patent No. 8,625,017 ("the '017 patent"). In turn, the '017 patent is a continuation of application No. 11/345,207, which issued as U.S. Patent No. 8,149,312 ("the '312 patent"). Plaintiffs asserted the '017 and '312 patents against the same Nikon Defendants in the 3221 case filed on April 28, 2017 and served on May 12, 2017. Thus, on information and belief, Nikon Corporation had actual notice of the '574 patent upon the issuance of the '574 patent on August 8, 2017 or thereafter prior to the filing of this case. Alternatively, Nikon Corporation had actual notice of the '574

---

[88] Also available at: http://www.nikon.com/products/index.htm.
[89] Also available at: http://imaging.nikon.com/lineup/index.htm.
[90] Also available at: http://www.nikonusa.com/en/index.page.
[91] Also available at: http://www.nikon.com/100th/anniversaryproducts.
[92] Also available at: http://imaging.nikon.com/support/index.htm.
[93] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.
[94] Also available at: https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[95] Also available at: http://download.nikonimglib.com/archive1/X8i6K00UWdZY00iSXg596SPQcB04/D4SUM_(En)02.pdf

patent at least upon the filing or service of the Complaint in this case. Nikon Corporation intentionally induces the infringing acts while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '574 patent.

94. Nikon Inc. has induced, and continues to induce, infringement of at least one claim of the '574 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Sendai, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '574 patent. Nikon Inc. does so with the specific intent to encourage their infringement, through activities such as intentionally selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '574 patent. In part, Nikon Inc. maintains a web site marked at http://www.nikonusa.com/en/index.page that provides technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon web sites with additional similar information. [*See* **Exhibit L-3** (describing products and services);[96] **Exhibit L-6** ("Learn and Explore Center");[97] **Exhibit L-7** ("Service & Support. Find answers, download updates, schedule repair

---

[96] Also available at: http://www.nikonusa.com/en/index.page.
[97] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.

or chat with a specialist.");[98] **Exhibit P** (excerpts of D4S Camera User's Manual)[99]; **Exhibit Q** (infringement chart).]

95.    On information and belief, Nikon Inc. had actual notice of the '574 patent upon the issuance of the '574 patent on August 8, 2017 or thereafter prior to the filing of this case.  Alternatively, Nikon Inc. had actual notice of the '574 patent at least upon the filing or service of the Complaint in this case.  Nikon Inc. intentionally induces the infringing acts while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '574 patent.

96.    Sendai Nikon has induced, and continues to induce, infringement of at least one claim of the '574 patent under 35 U.S.C. § 271(b).  On information and belief, Sendai Nikon is an alter ego of Nikon Corporation and has induced, and continues to induce, infringement in the same ways as Nikon Corporation.  In addition, on information and belief, Sendai Nikon has induced, and continues to induce, infringement actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Inc., authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '574 patent.  Sendai Nikon does so with the specific intent to encourage their infringement, through activities such as intentionally making, selling, offering to sell, using, and/or testing infringing digital cameras, components, and related software; providing and/or assisting in providing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering and/or assisting in offering technical support, training, education, repair, and other services for infringing digital cameras.  On information and belief, Sendai Nikon

---

[98] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[99] Also available at:
    http://download.nikonimglib.com/archive1/X8i6K00UWdZY00iSXg596SPQcB04/D4SUM_(En)02.pdf

makes and/or installs software that includes menus and instructions that teach users how to use the infringing features. [*See* **Exhibit Q** (infringement chart).] These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the digital cameras in a manner that infringes the '574 patent.

97.   On information and belief, Sendai Nikon had actual notice of the '574 patent upon the issuance of the '574 patent on August 8, 2017 or thereafter prior to the filing of this case.  Alternatively, Sendai Nikon had actual notice of the '574 patent at least upon the filing or service of the Complaint in this case.  Sendai Nikon intentionally induces the infringing acts while it knows or is willfully blind to the fact that its actions would induce actual infringement of the '574 patent.

98.   Furthermore, Nikon Corporation has contributed to, and continues to contribute to, infringement of at least one claim of the '574 patent under 35 U.S.C. § 271(c) by others who make, use, test, license, sell, and/or offer to sell within the United States infringing digital cameras, components thereof, or related software (including Nikon Inc., Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '574 patent.  Nikon Corporation does so through activities such as designing, making, selling, offering to sell, marketing, advertising and/or promoting infringing digital cameras, components thereof, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras, components thereof, and related software, and offering technical support, training, education, repair, and other services for infringing digital cameras.  In part, Nikon Corporation maintains and/or provides or directs content for web sites, including the following web pages:   http://www.nikon.com/products/index.htm   and http://imaging.nikon.com/lineup/index.htm (marked "© 2017 Nikon Corporation"), and http://www.nikonusa.com/en/index.page, that offer technical, promotional, and support information regarding Nikon products accused in this case, as well as links to

other Nikon Group web sites with additional similar information.  [*See* **Exhibit L-1** (describing and advertising products and solutions, providing information regarding the product lineup and support, as well as links to other Nikon sites with further information);[100] **Exhibit L-2** (describing the product lineup and features);[101] **Exhibit L-3** (describing products and services);[102] **Exhibit L-4** ("Introducing the Anniversary Products lineup");[103] **Exhibit L-5** (providing information about product services, including reference materials ("The latest software and reference materials related to Nikon digital imaging products can be found at the following link"; "Digitutor is a website providing information on basic knowledge, useful techniques, and tips on taking good photos with Nikon Digital Cameras"));[104] **Exhibit L-6** ("Learn and Explore Center");[105] **Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair...");[106] **Exhibit P** (excerpts of Nikon D4S Camera User's Manual)[107]; **Exhibit Q** (infringement chart).]

99.    Nikon Corporation's infringing digital cameras, components thereof, and related software constitute a material part of the inventions claimed in the '574 patent, for example as shown in Exhibit Q.  The infringement chart in Exhibit Q shows where each limitation of Claim 1 is found in the image sensors in the infringing cameras.

100.    On information and belief, Nikon Corporation had actual notice of the '574 patent upon the issuance of the '574 patent on August 8, 2017 or thereafter prior to the filing of this case.  Alternatively, Nikon Corporation had actual notice of the

---

[100] Also available at:  http://www.nikon.com/products/index.htm.
[101] Also available at:  http://imaging.nikon.com/lineup/index.htm.
[102] Also available at:  http://www.nikonusa.com/en/index.page.
[103] Also available at:  http://www.nikon.com/100th/anniversaryproducts.
[104] Also available at:  http://imaging.nikon.com/support/index.htm.
[105] Also available at:  http://www.nikonusa.com/en/learn-and-explore/index.page.
[106] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[107] Also available at:
     http://download.nikonimglib.com/archive1/X8i6K00UWdZY00iSXg596SPQcB04/D4SUM_(En)02.pdf

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083

'574 patent at least upon the filing or service of the Complaint in this case. Nikon Corporation knew the infringing digital cameras, components thereof, and any related software to be especially made or adapted for use in infringement of the '574 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Claim 1, for example, recites a "generating, based on the photocharge transferred to the first sensing node and the second sensing node, an output signal that is indicative of the photocharge generated at the first pixel." The image sensors in the infringing cameras are not suitable for substantial noninfringing use because, for example, on information and belief, performing this step is not optional during operation.

101. Nikon Inc. has contributed to, and continues to contribute to, infringement of at least one claim of the '574 patent under 35 U.S.C. § 271(c) by others who make, use, test, license, sell, and/or offer to sell within the United States and/or import into the United States infringing digital cameras, components thereof, or related software (including Nikon Corporation, Sendai Nikon, authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '574 patent. Nikon Inc. does so through activities such as selling, offering to sell, importing, marketing, advertising and promoting infringing digital cameras, components, and related software; creating and distributing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering technical support, training, education, repair, and other services for infringing digital cameras. In part, Nikon Inc. maintains a web site marked at http://www.nikonusa.com/en/index.page that provides technical, promotional, and support information regarding Nikon products accused in this case, as well as links to other Nikon web sites with additional similar information. [*See* **Exhibit L-3** (describing products and services);[108] **Exhibit L-6** ("Learn and Explore Center");[109]

---

[108] Also available at: http://www.nikonusa.com/en/index.page.
[109] Also available at: http://www.nikonusa.com/en/learn-and-explore/index.page.

**Exhibit L-7** ("Service & Support.  Find answers, download updates, schedule repair or chat with a specialist.");[110] **Exhibit P** (excerpts of Nikon D4S Camera User's Manual)[111]; **Exhibit Q** (infringement chart).]

102.   Nikon Inc.'s infringing digital cameras, components thereof, and any related software constitute a material part of the inventions claimed in the '574 patent, for example as shown in Exhibit Q.  The infringement chart in Exhibit Q shows where each limitation of Claim 1 is found in the image sensors in the infringing cameras.

103.   On information and belief, Nikon Inc. had actual notice of the '574 patent upon the issuance of the '574 patent on August 8, 2017 or thereafter prior to the filing of this case.  Alternatively, Nikon Inc. had actual notice of the '574 patent at least upon the filing or service of the Complaint in this case.  Nikon Inc. knew the infringing digital cameras, components thereof, and any related software to be especially made or adapted for use in infringement of the '574 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Claim 1, for example, recites a "generating, based on the photocharge transferred to the first sensing node and the second sensing node, an output signal that is indicative of the photocharge generated at the first pixel."  The image sensors in the infringing cameras are not suitable for substantial noninfringing use because, for example, on information and belief, performing this step is not optional during operation.

104.  Sendai Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '574 patent under 35 U.S.C. § 271(c).  Sendai Nikon is an alter ego of Nikon Corporation and has contributed to, and continues to contribute to, infringement in the same ways as Nikon Corporation.  In addition, Sendai Nikon has contributed to, and continues to contribute to, infringement of others

---

[110] Also available at:  https://www.nikonimgsupport.com/ni?ctry=US&lang=en_US.
[111] Also available at:
    http://download.nikonimglib.com/archive1/X8i6K00UWdZY00iSXg596SPQcB04/D4SUM_(En)02.pdf

who make, use, test, sell, license, offer to sell within the United States and/or import into the United States infringing digital cameras (including Nikon Corporation, Nikon Inc., authorized dealers and repair service providers, retailers, consumers, and end users) and directly infringe the '574 patent. Sendai Nikon does so through activities such as intentionally making, selling, offering to sell, using, and/or testing infringing digital cameras, components, and related software; providing and/or assisting in providing technical, marketing, promotional, educational, and other product literature for infringing digital cameras; and offering and/or assisting in offering technical support, training, education, repair, and other services for infringing digital cameras. On information and belief, Sendai Nikon makes and/or installs software that includes menus and instructions that teach users how to use the infringing features. [*See* **Exhibit Q** (infringement chart).]

105. Sendai Nikon's infringing digital cameras, components thereof, and any related software constitute a material part of the inventions claimed in the '574 patent, for example as shown in Exhibit Q. The infringement chart in Exhibit Q shows where each limitation of Claim 1 is found in the image sensors in the infringing cameras.

106. On information and belief, Sendai Nikon had actual notice of the '574 patent upon the issuance of the '574 patent on August 8, 2017 or thereafter prior to the filing of this case. Alternatively, Sendai Nikon had actual notice of the '574 patent at least upon the filing or service of the Complaint in this case. Sendai Nikon knew the infringing digital cameras, components thereof, and any related software to be especially made or adapted for use in infringement of the '574 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Claim 1, for example, recites a "generating, based on the photocharge transferred to the first sensing node and the second sensing node, an output signal that is indicative of the photocharge generated at the first pixel." The image sensors in the infringing cameras are not suitable for substantial noninfringing use because, for example, on information and belief, performing this step is not optional during operation.

107.   Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

108.   The infringing activities of each Defendant have caused and will continue to cause Plaintiffs irreparable harm, for example due to the loss of Plaintiffs' exclusive right to practice their patent, and because Plaintiffs have no adequate remedy at law for the loss of such exclusivity, absent an injunction.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for the following relief:

a)   For a judgment in favor of Plaintiffs that each Defendant has infringed, induced others to infringe, and/or contributorily infringed the Patents-in-Suit;

b)   For an award of damages sufficient to compensate Plaintiffs for Defendants' infringement of the Patents-in-Suit in an amount not less than a reasonable royalty;

c)   For a judgment in favor of Plaintiffs permanently enjoining Defendants, their directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their parents, subsidiaries, divisions, branches, affiliates, successors and assigns, from further acts of infringement, induced infringement, or contributory infringement of the Patents-in-Suit;

d)   For a judgment in favor of Plaintiffs that this case is "exceptional" under 35 U.S.C. § 285, and an award to Plaintiffs of their reasonable attorneys' fees incurred in this action;

e)   For an award of pre- and post-judgment interest, and the taxation of all allowable costs against Defendants;

f)   That Defendants be ordered to provide an accounting for the damages resulting from the infringement of the Patents-in-Suit, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including an accounting for infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales; and

g)   For such other and further relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues on which trial by jury is available under applicable law.

Dated:  September 26, 2017        FISH & RICHARDSON P.C.


By:  */s/ Christopher S. Marchese*
Olga I. May (SBN 232012) omay@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel:  (213) 533-4240
Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549)
scherkenbach@fr.com
Kurt L. Glitzenstein (Pro Hac Vice to be filed)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070
Fax: (617) 542-8906

Olga I. May (SBN 232012)
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-4745
Fax: (858) 678-5099

Andrew R. Kopsidas (Pro Hac Vice to be filed)
kopsidas@fr.com
FISH & RICHARDSON P.C.
901 15th Street, N.W., Seventh Floor
Washington, DC 20005
Tel:  (202) 783-5070
Fax: (202) 783-2331

James Youngkwang Wang (SBN 311170)
wang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel:  (650) 839-5070
Fax: (650) 839-5071

Attorneys for Plaintiffs, CARL ZEISS AG and
ASML NETHERLANDS B.V.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:17-cv-7083