Christopher S. Marchese (SBN 170239),
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 533-4240
Facsimile: (858) 678-5099

Frank Scherkenbach (SBN 142549),
scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted Pro Hac
Vice), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

*[Caption continued on following page.]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA,

## WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., <br><br> Defendants. | Case No. 2:17-cv-07083-RGK (MRWx) <br><br> **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** <br><br> Judge: Hon. R. Gary Klausner <br> Magistrate Judge: Hon. Michael R. Wilner |

Olga I. May (SBN 232012),
omay@fr.com
K. Nicole Williams (SBN 291900),
nwilliams@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiffs, CARL ZEIS,
AG and ASML NETHERLANDS B.V.


VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
JONATHAN M. SMITH (CA SBN 292285)
JonathanSmith@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION, SENDAI
NIKON CORPORATION, and NIKON INC.

Case No. 2:17-cv-07083-RGK (MRWx)

# 1. INTRODUCTION

## 1.1 PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2 GOOD CAUSE STATEMENT

Some of the material expected to be exchanged between the parties is information that is not generally available to the public, and that is maintained in confidence by the Producing Party. Special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

    (a)   Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

    (b)   The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

1

(c) Agreements with third parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d) Research and development information;

(e) Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda, source code, and reports;

(f) Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g) Information related to internal operations including personnel information and confidential business practices;

(h) Information related to past, current and future product development;

(i) Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition;

(j) Trade secrets (as defined by the jurisdiction in which the information is located); and

(k) Information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential

2

information, which has been developed at the expense of the Producing Party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this Action.

## 2. DEFINITIONS

2.1   <u>Action</u>: CARL ZEISS AG and ASML NETHERLANDS B.V. v. NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., Case No. 2:17-cv-07083-RGK (MRWx).

2.2   <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>: Protected Data, information (regardless of how it is generated, stored or maintained), and/or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. For the purposes of the Protective Order, Protected Data means any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Such data protection laws include the Federal Data Protection Act, (Bundesdatenschutzgesetz) (BDSG), which regulates data protection in Germany and the Dutch Personal Data Protection Act, which applies in the Netherlands. Other examples of such data protection laws include, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health

3

Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data (Belgium personal information); and The Personal Information Protection Act (Law No. 57 of 2003) (Japan personal information).

Protected Data constitutes highly sensitive materials requiring special protection, including, but not limited to, "information concerning the personal or material circumstances of an identified or identifiable individual" as defined in Section 3(1) of the Federal Data Protection Act.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: Extremely sensitive discovery material that contains or substantively relates to a party's Source Code. For purposes of this Order, "Source Code" means source code, computer code, object code (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, pseudocode, source code listings and descriptions of source code, object code listings and descriptions of object code, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, revision histories, and other comments of any type

4

related thereto and accompanying the code. For avoidance of doubt, this includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, binaries, scripts, algorithms, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

2.6     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.7     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.8     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     Expert: A person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10    House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: Persons or entities that provide litigation support services (e.g., stenographers, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;

6

and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial will be governed by the orders of the trial judge.

**4.  DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the

7

level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  To the extent it is practical to do so, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection except for Source Code shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and Source Code shall be deemed "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend

8

("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be

9

followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the parties must meet-and-confer pursuant to Local Rule 37-1. If the parties are unable to come to an agreement, the parties must submit a joint stipulation setting forth the issues, as required by Local Rule 37-1 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, and conforms to the Local Rules. Under Local Rule 37-2, each written stipulation must be filed and served with the notice of the motion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the parties submit a joint stipulation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Specifically, all Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, unless otherwise agreed to by the Parties or ordered by the court. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Any party receiving Protected Material shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing.  Any person acting under the authority of a Receiving Party, including a data processor, must not process the data except on instructions

12

from the Receiving Party. Any party receiving Protected Material shall have in place procedures so that any third party it authorizes to have access to the Protected Material, including processors, will respect and maintain the confidentiality and security of the Protected Material.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

13

1   requests that the witness sign the form attached as Exhibit A hereto; and (2) they
2   will not be permitted to keep any confidential information unless they sign the
3   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
4   agreed by the Designating Party or ordered by the Court. Pages of transcribed
5   deposition testimony or exhibits to depositions that reveal Protected Material must
6   be separately bound by the court reporter and may not be disclosed to anyone except
7   as permitted under this Stipulated Protective Order; and

8       (h) any mediator or settlement officer, and their supporting personnel,
9   mutually agreed upon by any of the parties engaged in settlement discussions.

10      7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
11  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in
12  writing by the Designating Party, a Receiving Party may disclose any information or
13  item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only
14  to:

15      (a) the Receiving Party's Outside Counsel of Record in this Action, as well as
16  employees of said Outside Counsel of Record to whom it is reasonably necessary to
17  disclose the information for this Action and who have signed the "Acknowledgment
18  and Agreement to Be Bound" that is attached hereto as Exhibit A;

19      (c) Experts of the Receiving Party (1) to whom disclosure is reasonably
20  necessary for this Action, (2) who have signed the "Acknowledgment and
21  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in
22  Section 7.4(a), below, have been followed;

23      (d) the Court and its personnel;

24      (e) court reporters and their staff, professional jury or trial consultants, and
25  Professional Vendors to whom disclosure is reasonably necessary for this Action
26  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
27  A); and

28

14

STIPULATED PROTECTIVE ORDER
CASE 2:17-CV-07083-RGK (MRWX)

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Information or Item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  A party or non-party may designate Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes

16

confidential, proprietary, or trade secret Source Code. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to the following provisions:

(a)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.3 and 7.4.

(b)     Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. Unless otherwise agreed to by the Parties, Source Code produced by Nikon will be made available in Nikon's outside counsel's offices in Los Angeles or San Francisco. Source code produced by Zeiss/ASML will be made available in Zeiss/ASML's outside counsel's offices in at least Washington D.C. and San Diego. The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review from outside the review room, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. Such monitoring shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screen of the secure computer, monitoring any surface

17

reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by the Producing Party.

(c)     The Receiving Party may request that commercially available software tools for viewing and searching Source Code be installed on the secured PC. The Receiving party must provide the Producing Party a CD, DVD, or other media containing such software tools, or links for a download at least 4 days in advance of the inspection. The Receiving Party shall be responsible for providing a license for the use of the review and search tools.

(d)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in Subsection (b) in the first instance.  The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" the and Receiving Party is the "Designating Party" for purposes of dispute resolution.  As a general matter, no more than an aggregate total of 2,000 pages of Source Code should be printed during the duration of the case. If the Receiving Party wishes to print more pages beyond this page limit, the parties shall meet and confer in good faith and the Producing Party shall not unreasonably withhold permission to the Receiving Party to exceed the page limit.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving

18

Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. Similarly, the Receiving Party shall maintain derivative materials created using Source Code, such as any notes of an Expert, in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

**8.     DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)  Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)  Reports and materials exempt from discovery under the foregoing Subsection 8(a) shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)  Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-

19

testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e)  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)  Materials, communications, and other information exempt from discovery under the foregoing Subsections 8(a)–(e) shall be treated as attorney work product for the purposes of this litigation and Order.

(g) Nothing in Protective Order, include Subsections 8(a)–(e), shall alter or change in any way the requirements in Section 7.5 regarding Source Code, and Section 7.5 shall control in the event of any conflict.

**9.     PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

STIPULATED PROTECTIVE ORDER
CASE 2:17-CV-07083-RGK (MRWX)

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      Make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession, custody, or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

STIPULATED PROTECTIVE ORDER
CASE 2:17-CV-07083-RGK (MRWX)

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the Parties or by a decision of this court.

Nothing in this Protective Order shall require disclosure of material that a Party contends is protected from disclosure by attorney-client privilege or the attorney work-product immunity or any other applicable form of immunity. This shall not preclude any Party from moving the court for an order directing the disclosure of such material.

23

**13. MISCELLANEOUS**

13.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**14. PATENT PROSECUTION BAR**

Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Producing Party shall not be involved, directly or

indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and/or design of technology concerning digital cameras and components thereof (generally, or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of technology concerning digital cameras and components thereof. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and these prohibitions are not intended to and shall not preclude counsel for the Receiving Party from participating in reexamination, inter partes review proceedings, or covered business method review to defend the validity of any challenged patent, but counsel for the Receiving Party may not participate in the crafting of amended claims in any such proceedings. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals. Attached as Exhibit B is the parties' further agreement regarding the patent prosecution bar as it relates to Dr. Vivek Subramanian and is fully incorporated by reference herein into this Stipulated Protective Order.

**15. REUSE**

The Parties agree that documents and deposition testimony produced in CARL ZEISS AG and ASML NETHERLANDS B.V. v. NIKON CORPORATION,

STIPULATED PROTECTIVE ORDER
CASE 2:17-CV-07083-RGK (MRWX)

SENDAI NIKON CORPORATION, and NIKON INC., Case No. 2:17-cv-03221-RGK (MRWx) may be used in this Action, if relevant, without requiring the re-production of such documents and testimony. Corporate witnesses deposed in the 3221 case shall not be deposed for a second time in this Action on corporate deposition topics that are co-extensive with topics from the 3221 case. Rather, the deposition testimony from the 3221 case shall be afforded the same treatment in this Action as though it were elicited originally in this Action for any and all co-extensive topics.

To be clear, absent written permission to the contrary, the Parties may not use any documents or depositions from the case pending between the parties in the International Trade Commission in In re Matter of Certain Digital Cameras, Devices, and Components Thereof, Investigation No. 337-TA-1059. Additionally, the Parties may not use any documents or depositions produced in Case No. 2:17-cv-07083-RGK (MRWx) for Case No. 2:17-cv-03221-RGK (MRWx).

**16.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

26

papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**17.    VIOLATIONS**

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

27

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 5, 2018               FISH & RICHARDSON P.C.

By:  */s/ Christopher S. Marchese*

Christopher S. Marchese
(SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Telephone:  (213) 533-4240
Facsimile:   (877) 417-2378

Kurt L. Glitzenstein (Pro Hac Vice to
be filed), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Olga I. May
(SBN 232012), omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-4745
Facsimile:  (858) 678-5099

Attorneys for Plaintiffs
CARL ZEISS AG AND ASML
NETHERLANDS B.V.

Dated: April 5, 2018

28

By:  */s/ Vincent J. Belusko*
_____

      Vincent J. Belusko (100282)
      VBelusko@mofo.com
      JONATHAN M. SMITH (CA SBN 292285)
      JonathanSmith@mofo.com
      MORRISON & FOERSTER LLP
      707 Wilshire Boulevard
      Los Angeles, CA 90017-3543
      Telephone: 213.892.5200
      Facsimile: 213.892.5454

      Jack W. Londen (85776)
      JLonden@mofo.com
      DIANA B. KRUZE (CA SBN 247605)
      DKruze@mofo.com
      Shaelyn K. Dawson
      shaelyndawson@mofo.com (288278)
      MORRISON & FOERSTER LLP
      425 Market Street
      San Francisco, CA 94105-2482
      Telephone: 415.268.7000
      Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION, SENDAI
NIKON CORPORATION, and NIKON
INC.

29

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 9, 2018

_____
United States District/Magistrate Judge
Michael R. Wilner

STIPULATED PROTECTIVE ORDER
CASE 2:17-CV-07083-RGK (MRWX)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Central District of California on _____ [date] in

the case of CARL ZEISS AG and ASML NETHERLANDS B.V. v. NIKON

CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., Case No.

2:17-cv-7083-RGK (MRWx). I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Exhibit B

Joint Stipulation Regarding Patent Prosecution Bar

The parties further agree as follows:

1. Plaintiffs shall identify to Defendants any Nikon CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE (collectively, "Nikon Confidential Information") information that Plaintiffs propose to disclose to Dr. Subramanian. This identification to Defendants shall take place no less than 4 business days before the proposed date of disclosure to Dr. Subramanian, a period of time that shall be extended in good faith depending on the volume of materials identified by Plaintiffs and that may be shortened in good faith to 3 business days if needed to accommodate the procedural schedule in this case.

2. Defendants shall within the time period mentioned in paragraph 1 above designate those portions of the Nikon Confidential Information to which Defendants object to Dr. Subramanian having access unless he agrees to comply with Paragraph 14 of the Protective Order ("Designated Nikon Confidential Information").

3. Upon receiving Defendants' designations, Plaintiffs at their option may (a) redact all Designated Nikon Confidential Information before providing the documents to Dr. Subramanian; (b) share the documents with the Designated Nikon Confidential Information with Dr. Subramanian subject to the provisions of the prosecution bar described in Paragraph 5 below; or (c) not provide the documents to Dr. Subramanian at all. Plaintiffs will inform Defendants of their election at the time they make it.

4. If there are any disputes regarding the scope of the Designated Nikon Confidential Information, then within 2 business days after receiving Defendants' designations the parties shall meet and confer in good faith to attempt to resolve the issue. If the parties are unable to resolve the issue during that meet and confer, then

33

Plaintiffs may raise the issue with the assigned Magistrate Judge in accordance with the Magistrate Judge's procedures. No disclosure of the Designated Nikon Confidential Information shall be made to Dr. Subramanian in the interim absent an order by the Magistrate Judge in Plaintiffs' favor or Defendants' written agreement. While awaiting a ruling from the Magistrate Judge, Plaintiffs may disclose a version of the documents in dispute to Dr. Subramanian with the Designated Nikon Confidential Information redacted.

5. Dr. Subramanian shall be precluded from engaging in the following activities for 2 (two) years after final resolution of this action including any appeals:

(i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications concerning or relating to the functionality, operation, and/or design of technology concerning digital cameras and components thereof (as described in any patent in suit or any Designated Nikon Confidential information shared with Dr. Subramanian), before any foreign or domestic agency, including the United States Patent and Trademark Office; and

(ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, concerning or relating to the functionality, operation, and design of technology concerning digital cameras and components thereof (as described in any patent in suit or any Designated Nikon Confidential information shared with Dr. Subramanian).

6. Except as expressly stated herein, Dr. Subramanian will comply with all provisions of the Protective Order in this action, including any amendments thereto.

7. This stipulation does not affect the provisions of the Protective Order for anyone other than Dr. Subramanian.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 6, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Jonathan M. Smith*
Jonathan McNeal Smith