VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
HECTOR G. GALLEGOS (SBN 175137)
HGallegos@mofo.com
JONATHAN M. SMITH (CA SBN 292285)
JonathanSmith@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION and NIKON INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS, B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC.,<br><br>Defendants. | Case No. 2:17-cv-07083 RGK (MRWx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 11 REGARDING LATE-DISCLOSED AND PREJUDICIAL CAMERA**<br><br>Date:    November 6, 2018<br>Time:    9:00 a.m.<br>Courtroom:    850, 8th Floor<br><br>Hon. R. Gary Klausner |

## I. INTRODUCTION

Nikon moves to exclude Plaintiffs' "new" ZX1 camera. Plaintiffs failed to disclose the new ZX1 camera until after the close of both fact and expert discovery, only making it available for inspection just weeks before trial. This last-minute disclosure is highly prejudicial to Nikon, depriving it of the ability to question Plaintiffs' fact and expert witnesses about the camera and discovery what features it allegedly possesses (or does not possess). Plaintiffs tried to pull the same stunt in the 3221 trial, disclosing the last version of the camera just days before that trial. The Court properly excluded Plaintiffs' camera in the last trial for a similar failure to disclose, and should reach the same result here.

## II. FACTUAL BACKGROUND

Fact discovery in this matter closed on August 8, 2018. Opening expert reports were due on August 8, 2018, and rebuttal reports were due on August 31, 2018. Expert discovery, including all expert depositions, closed on September 18, 2018. Motions *in limine* were due on September 21, 2018, and oppositions were due on October 12, 2018.

On October 15, three days *after* motion *in limine* briefing and just three weeks away from trial, Plaintiffs sent Nikon a letter noting that "the following [ZX1] physical camera is available for inspection in our San Diego office." (Declaration of Shaelyn Dawson in Support of Nikon's Mot. *in limine* No. 11 ("Dawson Decl.") Ex. 1.) The following day, Nikon responded that "[t]his Zeiss ZX1 camera was never produced during fact or expert discovery. Nor was it produced before the parties' motions *in limine* [were due], prejudicing Nikon's ability to move to exclude it. Nikon thus objects to this late disclosure as it is highly prejudicial." (*Id*. Ex. 2.) Nikon had no opportunity to conduct fact discovery concerning the ZX1 camera and no opportunity to conduct expert discovery concerning this camera. Nikon was unable to question any of Plaintiffs' fact witnesses about it. Accordingly, Nikon now moves to exclude this prejudicial

and late disclosure.

## III. ARGUMENT

Plaintiffs failed to disclose their ZX1 camera until the eleventh hour, and should be precluded from relying on it at trial. As a matter of fairness, the Federal Rules of Civil Procedure were designed to allow both parties to discover the other side's facts and theories in an orderly fashion as the case progresses from fact discovery to expert discovery to trial. Accordingly, trial by ambush is antithetical to the Federal Rules. *Yanikian v. Allstate Insurance Company*, No. CV 16–03030–BRO (PJWx2017 WL 2999035, at *3 (C.D. Cal. June 7, 2017). Undeterred, Plaintiffs continue to rely on trial by ambush, despite being precluded from relying on a late-disclosed prototype of the ZX1 camera (the "Phoenix camera") in the 3221 case for disclosing it on the eve of trial. Just as it did in the 3221 case, Nikon requests that the Court prohibit Plaintiffs from introducing the ZX1 camera at trial.

### A. Plaintiffs' Late Disclosure Is Not Substantially Justified

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing exclusion bears the burden of proving substantial justification or harmlessness. *Id.* at 1107. "Rule 37 is 'a "self-executing," "automatic" sanction to 'provide[] a strong inducement for disclosure of material. . . . The Ninth Circuit 'give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).'" *Yanikian v. Allstate Ins. Co.*, No. CV 16-03030 BRO (PJWx), 2017 WL 2999035, at *3 (C.D. Cal. June 7, 2017) (citation omitted). "A party need not show bad faith by the non-disclosing party to obtain an exclusionary remedy." *Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-CV-00046-KJM-CKD, 2018 U.S. Dist. LEXIS 66397, at *35 (E.D. Cal. Apr. 19, 2018) (citing *Yeti by Molly, Ltd.*, 259 F.3d

at 1106).

### B. Nikon Will Be Prejudiced if Plaintiffs Are Able to Introduce the Late-Disclosed ZX1 Camera

Plaintiffs have attempted to intentionally sandbag Nikon (again) by disclosing the ZX1 camera only *after* the close of discovery and the parties' motions *in limine* were due.[1] Nikon is prejudiced by this late disclosure because it was not able to inspect the camera, question witnesses about it, or discuss the ZX1 camera in its discovery responses or expert reports.

Plaintiffs have provided no justification for their late disclosure of the camera. While Plaintiffs claimed in an email that the ZX1 camera was only recently released publicly, that does not excuse their delay. Plaintiffs have been in possession of this camera themselves internally for months. In fact, Plaintiffs attempted to introduce a physical prototype for the Phoenix camera – which was the previous name of the ZX1 camera – in the companion 3221 trial in July of this year. Notwithstanding the fact that Plaintiffs have had physical prototypes of the camera since at least July, they never once made them available for inspection in this case until just a few days ago.

The Court has already decided a similar issue in excluding Plaintiffs' camera from the 3221 trial. In that case, Plaintiffs disclosed their camera just a few days before the trial and the Court excluded it. (3221 ECF No. 520-4 at 16:10-19:8.) Plaintiffs are once again trying to sandbag Nikon, despite the fact they have clearly had this camera since at least July and have conveniently waited until after fact discovery, expert discovery, the exhibit list due date, and motions *in limine* to make it available for inspection. The Court should not reward this sort of conduct.

---

[1] During the October 22, 2018, pretrial conference, Plaintiffs asked for an additional motion *in limine*, and the Court allowed each party one additional motion *in limine* in response to that request.

DEFS.' MOTION *IN LIMINE* NO. 11
CASE NO. 2:17-CV-07083 RGK (MRWX)
la-1400482

3

## IV. CONCLUSION

Plaintiffs and their witnesses and/or experts should be precluded from referring to the ZX1 camera at trial. The camera was not disclosed during fact or expert discovery and Nikon had no chance to conduct any discovery concerning this camera. Allowing Plaintiffs to introduce this camera at trial would mislead the jury and be unfairly prejudicial to Nikon. Nikon therefore requests that the Court exclude Plaintiffs' ZX1 camera.

Dated: October 24, 2018

Respectfully submitted,

JACK LONDEN
VINCENT J. BELUSKO
MORRISON & FOERSTER LLP

By: /s/ *Vincent J. Belusko*
      Vincent J. Belusko

Attorneys for Defendants
NIKON CORPORATION and
NIKON INC.