# Exhibit D

1  Christopher S. Marchese (SBN 170239), marchese@fr.com
2  FISH & RICHARDSON P.C.
   633 West Fifth Street, 26th Floor
3  Los Angeles, CA 90071
4  Tel: (213) 533-4240, Fax: (858) 678-5099

5  Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
6  Kurt L. Glitzenstein (Admitted *Pro Hac Vice*), glitzenstein@fr.com
   FISH & RICHARDSON P.C.
7  One Marina Park Drive
8  Boston, MA 02210-1878
   Tel: (617) 542-5070, Fax: (617) 542-8906
9
10 Olga I. May (SBN 232012), omay@fr.com
   Markus D. Weyde (SBN 285956), weyde@fr.com
11 K. Nicole Williams (SBN 291900), nwilliams@fr.com
12 Jared A. Smith (SBN 306576), jasmith@fr.com
   FISH & RICHARDSON P.C.
13 12390 El Camino Real
14 San Diego, CA 92130
   Tel: (858) 678-4745, Fax: (858) 678-5099
15
16 *[Additional Counsel listed on last page.]*

17 Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

18
19           IN THE UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 20 CARL ZEISS AG and ASML NETHERLANDS B.V.,<br>21<br>22       Plaintiffs,<br>23 v.<br>24 NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC.,<br>25<br>26       Defendants. | Case No. 2:17-cv-07083-RGK (MRWx)<br><br>**PLAINTIFFS CARL ZEISS AG AND ASML NETHERLANDS B.V.'S FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES [SET NO. 1, NOS. 1-18]**<br><br>District Judge: R. Gary Klausner<br>Magistrate Judge: Michael R. Wilner |

28
        PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
                                                 SET 1 (NOS. 1-18)
                                    Case No. 2:17-cv-07083-RGK (MRWx)

Discovery is ongoing. Plaintiffs reserve the right to their right to revise, amend, supplement, and modify this response as discovery progresses.

INTERROGATORY NO. 13:

*Identify the Zeiss/ASML employees and other persons most knowledgeable about Zeiss/ASML's responses to Nikon's interrogatories by separately for each interrogatory identifying the most knowledgeable persons and stating the subject matter of their knowledge.*

RESPONSE TO INTERROGATORY NO. 13:

Plaintiffs incorporate by reference each of their General Objections and Reservations. Plaintiffs further object to this Interrogatory on the following grounds:

- It is vague, ambiguous, overly broad, and unduly burdensome, particularly as to the use of the term "Zeiss/ASML." Zeiss and ASML are separate entities.
- It is vague, ambiguous, overly broad, and unduly burdensome, particularly as to the use of the term "persons most knowledgeable" because it is difficult if not impossible to know who is the most knowledgeable person on a particular topic. Plaintiffs identify persons with knowledge below.
- It is overly broad, unduly burdensome, and not proportional to the needs of the case.
- To the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or immunity. Plaintiffs will not reveal information protected by the attorney-client privilege, work product doctrine, common-interest privilege, or any other applicable privilege or immunity.
- It is premature, as a protective order has not been entered in this case.
- Plaintiffs object to providing information regarding the persons most knowledgeable about each interrogatory as it is premature and as this request is prior to the time the parties will designate witnesses as knowledgeable on 30(b)(6) topics.
- Plaintiffs object to the extent Defendants refused to agree to the designation of testimony on overlapping 30(b)(6) topics from 17-cv-03221.

Subject to and without waiving Plaintiffs' specific objections to this Interrogatory, General Objections, and Reservations, Plaintiffs respond as follows:

███████████████████████████████████████

1  by Prior Art to the subjet matter disclosed or claimed in the Asserted Patents, Asserted
2  Patent Applications, or Related Patents and Applications.
3        Interrogatory No. 15: Plaintiffs incorporate by reference their response to
4  Interrogatory No. 15 and any and all future supplementations thereto.  The parties
5  have not agreed upon an protective order in this case.  Plaintiffs will supplement their
6  response to this interrogatory in accordance with the procedural schedule in this case
7  as they receive additional information during discovery and upon entrance of a
8  protective order.
9        Interrogatory No. 16: Interrogatory 16 is a contention interrogatory calling for
10 a legal conclusion.  Plaintiffs' experts on infringement and validity to be identified in
11 this case.
12       Interrogatory No. 17: The parties have not agreed upon an protective order in
13 this case.  Plaintiffs will supplement their response to this interrogatory in accordance
14 with the procedural schedule in this case as they receive additional information during
15 discovery and upon entrance of a protective order.
16       Interrogatory No. 18: The parties have not agreed upon an protective order in
17 this case.  Plaintiffs will supplement their response to this interrogatory in accordance
18 with the procedural schedule in this case as they receive additional information during
19 discovery and upon entrance of a protective order.
20       Discovery is ongoing.  Plaintiffs reserve the right to their right to revise, amend,
21 supplement, and modify this response as discovery progresses.
22 FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13
23 (5/25/2018):
24       Plaintiffs incorporate their prior response as if fully set forth herein.  Subject to
25 and without waiving the foregoing general and specific objections set forth in their
26 prior responses, which are incorporated herein by reference, and subject to their right
27 to revise, amend, correct, supplement, modify, or clarify their response, Plaintiffs
28

110
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 19

██████████████████████████████████

provide the supplemental response below to this interrogatory. Discovery is ongoing. Plaintiffs note, with regard to contention interrogatories, experts have not yet been disclosed in this case.

Interrogatories 3, 17, 19: Robert Pressman and Wolfgang Singer are generally knowledgeable about Plaintiffs' acquisition of the Accused Patents.

Interrogatory 15: Ulrich Wagemann is knowledgeable about the Phoenix camera.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13 (8/08/2018):

Plaintiffs incorporate their prior responses as if fully set forth herein. Subject to and without waiving the foregoing general and specific objections set forth in their prior responses, which are incorporated herein by reference, and subject to their right to revise, amend, correct, supplement, modify, or clarify their response, Plaintiffs provide the supplemental response below to this interrogatory. Discovery is ongoing. Plaintiffs provide this response based on the information available to them at this time. Plaintiffs may supplement this response based on information that may be obtained during discovery, including information Plaintiffs have requested from the Nikon Defendants.

Interrogatory Nos. 5 and 6: Plaintiffs incorporate by reference their responses to Interrogatory Nos. 5 and 6 and any and supplementations thereto.

'163 Patent: Plaintiffs' expert on infringement and validity, Dr. Joseph Mundy.

'335 Patent: Plaintiffs' expert on infringement and validity, Dr. Richard Carley.

'574, '312, and '017 Patents: Plaintiffs' expert on infringement and validity, Dr. Vivek Subramanian.

Interrogatory No. 11: Plaintiffs incorporate by reference their response to Interrogatory No. 11 and any and supplementations thereto.

111
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 20

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

ZEISS_ASML_CDCA7083-00001694; and ZEISS_ASML_CDCA7083-00001695–ZEISS_ASML_CDCA7083-00001706.

Discovery has just begun and Plaintiffs' investigation is ongoing. Plaintiffs reserve the right to supplement their response to this interrogatory in accordance with the procedural schedule in this case as they receive additional information during discovery.

INTERROGATORY NO. 15:

*Describe the legal and factual basis for Zeiss/ASML's claim that they are entitled to an injunction against the continued alleged infringement of the Asserted Patents as to Nikon or any other entity by, without limitation, stating all facts supporting an injunction (including Zeiss/ASML's development or sale or any product embodying any alleged invention claimed in the Asserted Patents) and identifying the persons most knowledgeable about, and all Documents concerning, any such facts.*

RESPONSE TO INTERROGATORY NO. 15:

Plaintiffs incorporate by reference each of their General Objections and Reservations. Plaintiffs further object to this Interrogatory on the following grounds:

- It is vague, ambiguous, overly broad, and unduly burdensome, particularly in its use of the phrase(s): "all facts supporting an injunction."
- It is vague, ambiguous, overly broad, and unduly burdensome, particularly in its use of the phrase(s): "all Documents concerning[] any such facts."
- It seeks information that is already in Defendants' possession, a matter of public record, or equally available to Defendants.
- It is overly broad and unduly burdensome to the extent it calls for information not within Plaintiffs' possession, custody, or control.
- It calls for a legal conclusion.
- It calls for expert opinion.
- To the extent it seeks information protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or immunity.

Subject to and without waiving Plaintiffs' specific objections to this Interrogatory, General Objections, and Reservations, Plaintiffs respond as follows:

115
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

███████████████████████████████████████

The claims of the Asserted Patents are presumed valid, and Defendants bear the burden to establish invalidity under 35 U.S.C. §§ 101, 102, 102, and 112. Defendants bear the burden of proof to show that each asserted claim is invalid, and Defendants have not yet provided invalidity contentions, let alone contentions sufficient to support a finding that the asserted claims are not valid. Without the necessary and required contentions to which to respond, Plaintiffs are unable to provide a full response at this time. Discovery has just begun and Plaintiffs' investigation is ongoing. Plaintiffs will supplement their response to this interrogatory in accordance with the procedural schedule in this case as they receive Defendants' invalidity contentions and additional information during discovery.

FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (5/25/2018):

Plaintiffs incorporate their prior response as if fully set forth herein. Subject to and without waiving the foregoing general and specific objections set forth in their prior responses, which are incorporated herein by reference, and subject to their right to revise, amend, correct, supplement, modify, or clarify their response, Plaintiffs provide the supplemental response below to this interrogatory.

Traditional equitable principles support an injunction in this case. *See eBay Inc. v. MercExchange L.L.C.*, 547 U.S. 388 (2006). As Dr. Singer testified during depositions for the 3221 case, Plaintiff Carl Zeiss is developing a digital camera currently called Project Phoenix. (Singer Depo. Tr. at 20:10-12.) The Phoenix camera will compete with the Accused Products. Plaintiff Carl Zeiss, at least, would be irreparably harmed by Nikon's continued infringement of the patents-in-suit. Plaintiffs incorporate by reference their responses to Interrogatories 5 and 6 and all supplementations thereto describing Nikon's direct and indirect infringement of the Accused Patents. The remedies at law, including damages, are inadequate to

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

compensate for Plaintiffs' injury.  The balance of hardships favors remedy in equity.  Public interest would not be disserved by a permanent injunction.

    Plaintiffs identify the following individual with responsive information:

- Dr. Wolfgang Singer: testimony from Dr. Singer's second day of deposition in the 3221 case on March 16, 2018:
    - Testimony concerning competition between Zeiss's Phoenix camera and Nikon products and competitive products from Sony and Leica; the expected customers for Zeiss's Phoenix camera; and the expected price point for the Phoenix camera.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (7/6/2018):

    Plaintiffs incorporate their prior response as if fully set forth herein.  Subject to and without waiving the foregoing general and specific objections set forth in their prior responses, which are incorporated herein by reference, and subject to their right to revise, amend, correct, supplement, modify, or clarify their response, Plaintiffs provide the supplemental response below to this interrogatory.

    Pursuant to Fed. R. Civ. P. 33(d), responsive information may be obtained from the following documents: ZEISS_ASML_CDCA7083-00018329–405, ZEISS_ASML_CDCA7083-00018406–440, ZEISS_ASML_CDCA7083-00018441–477, ZEISS_ASML_CDCA7083-00018478–495, ZEISS_ASML_CDCA7083-00018496–504.

THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (8/08/2018):

    Plaintiffs incorporate their prior responses as if fully set forth herein.  Subject to and without waiving the foregoing general and specific objections set forth in their prior responses, which are incorporated herein by reference, and subject to their right to revise, amend, correct, supplement, modify, or clarify their response, Plaintiffs

117
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 23

provide the supplemental response below to this interrogatory. Discovery is ongoing. Plaintiffs provide this response based on the information available to them at this time. Plaintiffs may supplement this response based on information that may be obtained during discovery, including information Plaintiffs have requested from the Nikon Defendants.

Plaintiffs identify the following individuals with responsive information:

- Mr. Bryan Vannatter: testimony from Mr. Vannatter's deposition dated July 31, 2018, including without limitation information regarding Nikon's expected full frame mirrorless camera and the expected competition in the market from third parties and from Nikon's own cameras.

***'335 Patent***

Plaintiffs incorporate by reference the opening expert report of Dr. Richard Carley, Ph.D. served concurrently on August 8, 2018.

***'574, '312, and '017 Patents***

Plaintiffs incorporate by reference the opening expert report of Dr. Vivek Subramanian, Ph.D. served concurrently on August 8, 2018.

INTERROGATORY NO. 16:

*Describe the level of ordinary skill in the art that Zeiss/ASML contend should be applied in determining the validity, or invalidity, for each of the claims of the Asserted Patents by, for each claim, and without limitation, stating the level of ordinary skill including the level of education and experience, and identifying all factual and legal support for applying that level of ordinary skill.*

RESPONSE TO INTERROGATORY NO.16:

Plaintiffs incorporate by reference each of their General Objections and Reservations. Plaintiffs further object to this Interrogatory on the following grounds:

- It is vague, ambiguous, overly broad, and unduly burdensome, particularly in its use of the phrase(s): "Zeiss/ASML." Zeiss and ASML are two separate entities.

118
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 24

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| | | |
|---|---|---|
| 1 | Dated: August 8, 2018 | FISH & RICHARDSON P.C. |

By: */s/ K. Nicole Williams*

    Christopher S. Marchese (SBN 170239)
    marchese@fr.com
    FISH & RICHARDSON P.C.
    633 West Fifth Street, 26th Floor
    Los Angeles, CA 90071
    Tel: (213) 533-4240, Fax: (858) 678-5099

    Frank Scherkenbach (SBN 142549)
    scherkenbach@fr.com
    Kurt L. Glitzenstein (Admitted Pro Hac Vice)
    glitzenstein@fr.com
    Proshanto Mukherji (Admitted Pro Hac Vice)
    mukherji@fr.com
    Jeffrey Shneidman (Admitted Pro Hac Vice)
    schneidman@fr.com
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA 02210-1878
    Tel: (617) 542-5070, Fax: (617) 542-8906

    Olga I. May (SBN 232012)
    omay@fr.com
    Markus D. Weyde (SBN 285956)
    weyde@fr.com
    K. Nicole Williams (SBN 291900)
    nwilliams@fr.com
    Jared A. Smith (SBN 306576)
    jasmith@fr.com
    FISH & RICHARDSON P.C.
    12390 El Camino Real
    San Diego, CA 92130
    Tel: (858) 678-5070, Fax: (858) 678-5099

127
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 25

██████████████████████████████████

Jennifer Huang (Admitted Pro Hac Vice)
jhuang@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402

Andrew R. Kopsidas (Admitted Pro Hac Vice)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000 Floor
Washington, DC 20024
Tel: (202) 783-5070, Fax: (202) 783-2331

Attorneys for Plaintiffs, CARL ZEISS AG and
ASML NETHERLANDS B.V.

128
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 26

████████████████████████████████

# **PROOF OF SERVICE**

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130. I am over the age of 18 and not a party to the foregoing action. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for electronic transmission, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On August 8, 2018, I caused a copy of the foregoing document to be served on the interested parties in this action by attaching a PDF version of the document to an email message addressed as follows:

| | |
|---|---|
| Shaelyn K. Dawson, ShaelynDawson@mofo.com<br>Diana B. Kruze, dkruze@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Tel: (415) 268-7000, Fax: (415) 268-7522<br>Service email: Nikon7083MoFoExternal@mofo.com | Attorneys for Defendants NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC. |
| Vincent J. Belusko, VBelusko@mofo.com<br>A Max Olson, aolson@mofo.com<br>Jonathan Smith, jonathansmith@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>Tel: (213) 892-5200, Fax: (213) 892-5454<br>Service email: Nikon7083MoFoExternal@mofo.com | Attorneys for Defendants NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC. |
| Kyle W. Mooney, kmooney@mofo.com<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>Tel: (212) 336-4094, Fax: (212) 468-7900<br>Service email: Nikon7083MoFoExternal@mofo.com | Attorneys for Defendants NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC. |
| Koichiro Minamino<br>MINAMINO LAW OFFICE PLLC<br>2000 Pennsylvania Avenue, NW, Ste. 6000<br>Washington, DC 20006 | Attorneys for Defendants NIKON CORPORATION, SENDAI NIKON |

129
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

███████████████████████████████

| | |
|---|---|
| Tel: (202) 777-3638<br>Service email: mick@minaminolaw.com | CORPORATION, and<br>NIKON INC. |
| Matthew N. Duescher<br>FOSTER, MURPHY, ALTMAN & NICKEL, PC<br>1150 18th Street, NW, Suite 775<br>Washington, D.C. 20036<br>Tel: (202) 822-4110<br>Service email: mduescher@fostermurphy.com | Attorneys for Defendants<br>NIKON CORPORATION,<br>SENDAI NIKON CORPORATION, and<br>NIKON INC. |

| | | |
|---|---|---|
| ☐ | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| ☒ | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |

I declare that I am a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct. Executed on August 8, 2018, at San Diego, California.

                                            */s/K. Nicole Williams*
                                              K. Nicole Williams

130
PLAINTIFFS' 4TH SUPPLEMENTAL RESPONSES TO INTERROGATORIES
SET 1 (NOS. 1-18)
Case No. 2:17-cv-07083-RGK (MRWx)

Exhibit D
Page 28