VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
HECTOR G. GALLEGOS (CA SBN 175137)
HGallegos@mofo.com
JONATHAN M. SMITH (CA SBN 292285)
JonathanSmith@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION
and NIKON INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS, B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., <br><br> Defendants. | Case No. 2:17-cv-07083 RGK (MRWx) <br><br> **DEFENDANTS NIKON CORPORATION AND NIKON INC.'S OPPOSITION AND REQUEST TO STRIKE TO PLAINTIFFS' IMPROPER MOTION FOR ISSUANCE OF PLAINTIFFS' DISPUTED JURY INSTRUCTION NO. 2 (INTERPRETATION OF THE CLAIMS)** <br><br> Trial Date:  November 6, 2018 <br> Courtroom:  850, 8th Floor <br> Hon. R. Gary Klausner |

Plaintiffs' demand is procedurally improper, substantively flawed, and simply unnecessary. The Court should strike the motion for multiple reasons.

*First*, Plaintiffs failed to satisfy the Local Rule 7-3 meet-and-confer requirement. In fact, they never even advised Nikon that they would be filing an additional claim construction brief on October 26, 2018. This is especially blatant because Plaintiffs *already* filed an improper 25-page claim construction brief with their jury instructions. Notably, during the Pretrial Conference, Plaintiffs' counsel misleadingly called the claim construction brief accompanying their jury instructions an "appendix." (Decl. of Shaelyn Dawson in Supp. of Defs.' Opp'n to Pls.' Mot. for Issuance of Pls.' Disputed Jury Instruction No. 2 ("Dawson Decl.") Ex. A at 15:13.) But it is clearly titled "Memorandum of Points and Authorities in Support of Plaintiffs' Closing Instruction No. 2." (ECF No. 385-1.)

*Second*, Plaintiffs' failure to meet-and-confer is compounded by the fact that they also improperly noticed the motion for only 11 days after they filed it. The Local Rules clearly require that a motion be noticed 28 days in advance of the hearing date. L.R. 6-1. Plaintiffs did not come close to meeting that requirement here.

*Third*, Plaintiffs' additional claim construction brief is unauthorized and unnecessary. Plaintiffs already asked the Court to "issue" Plaintiffs' Disputed Jury Instruction No. 2 when they filed proposed instructions on October 19. It is unclear why they have filed a redundant motion asking again that the Court provide that instruction. Moreover, contrary to Plaintiffs' assertion that their motion is pursuant to a request, the Court was explicit that Nikon could respond to Plaintiffs' first improper 25-page "Memorandum of Points and Authorities" *already* filed on October 19. (ECF No. 385-1.) Specifically, during the Pretrial Conference, the Court said to Nikon's counsel: "If you want to just do it the way it is, where that's in [i.e., the 25-page memorandum Plaintiffs already filed], and I'll take a look at yours, ultimately I'll decide what jury instructions to give." (Dawson Decl. Ex. A

at15:4-6.) By saying "where that's in," the Court clearly was referring to what Plaintiffs already filed and was allowing Nikon a chance to respond. Nikon will respond this week to Plaintiffs' original, 25-page "Memorandum of Points and Authorities" (ECF No. 385-1).

After the pretrial conference, Plaintiffs apparently realized their 25-page memorandum violated the Court order that specifically limits responses in support of jury instructions to "one to two paragraphs" (ECF No. 50 at 5), not to mention the Court's 20-page maximum for any memorandum submitted to the Court. (Dawson Decl. Ex. A at14:10-12 (The Court reprimanded Plaintiffs for filing an excessive brief: "You didn't submit 25 pages when the Court rule says no more than 20 pages. Tell me you didn't." They did, and it wasn't the first time.).) Apparently scrambling to fix these blatant errors, Plaintiffs asked Nikon to file a joint brief, in an attempt to get a second bite at the apple. Nikon, however, declined Plaintiffs' request that would let them file a *second* brief. Plaintiffs already filed an improper claim construction brief, and Nikon intended to follow the Court's invitation to file a responsive brief to the initial 25-page memorandum filed by Plaintiffs with their jury instruction on October 19.

Based on these clear and egregious failures, Nikon requests that the Court strike Plaintiffs' improper, duplicative, and flawed motion.[1] This is not the first time Plaintiffs have filed a motion without following the Court's procedural rules. (*See, e.g.*, ECF No. 384 (filing multiple pages of responsive objections to Nikon's proposed jury instructions when the Court's Order for Jury Trial instructs that objections should be "one to two paragraphs"); ECF No. 349-5 (filing 21-page opposition to Nikon's Motion *in Limine* No. 5); 3221 ECF Nos. 356, 356-1 (unilateral filing of joint exhibit list).) The Court will have what it needs in order to

---

[1] To the extent Plaintiffs attempt to file a reply to their improper motion, that also should be stricken. Their motion is improper as procedurally flawed and duplicative, and any reply would also be improper.

1  rule on claim construction: the initial 25-page memorandum that Plaintiffs filed on
2  October 19 (without court permission); and Nikon's response (invited with court
3  permission on October 22 during the Pretrial Conference), which will be filed later
4  this week.

Dated: October 29, 2018       Respectfully submitted,

MORRISON & FOERSTER LLP

By: /s/ *Vincent J. Belusko*
    Vincent J. Belusko

Attorneys for Defendants
NIKON CORPORATION AND
NIKON INC.