# Attachment A

VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
ROMAN A. SWOOPES (CA SBN 274167)
RSwoopes@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
SHAELYN DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION, SENDAI
NIKON CORPORATION, and NIKON INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS, B.V., | Case No.:  2:17-cv-03221 RGK (MRWx) |
| Plaintiffs, | **DEFENDANTS NIKON CORPORATION, SENDAI NIKON CORPORATION, AND NIKON INC.'S RESPONSES TO PLAINTIFFS CARL ZEISS AG AND ASML NETHERLANDS B.V.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC., | |
| Defendants. | Hon. R. Gary Klausner |

1      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule

2  33 of the C.D. Cal. Local Civil Rules, Defendants Nikon Corporation, Sendai

3  Nikon Corporation, and Nikon Inc. ("Defendants") hereby submit the following

4  responses and objections to Plaintiff Carl Zeiss AG and ASML Netherlands B.V.'s

5  First Set of Interrogatories, dated September 25, 2017.  Defendants' responses are

6  based on their current knowledge.  Defendants provide these responses pursuant to

7  the Federal Rules of Civil Procedure, and to the extent Plaintiffs' definitions or

8  instructions purport to enlarge the scope of Defendants' obligations, Defendants

9  object on that basis.

10                              **GENERAL OBJECTIONS**

11      1.      Defendants object to the Interrogatories to the extent that Zeiss/ASML

12  purports to enlarge Defendants' obligations beyond those imposed by the Federal

13  Rules of Civil Procedure, Civil Local Rules, or any other statute.

14      2.      Defendants respond to the Interrogatories as it interprets and

15  understands each instruction, definition, and Interrogatory.  If Zeiss/ASML

16  subsequently asserts an interpretation of any instruction, definition, or Interrogatory

17  or sub-part thereof that differs from Defendants' understanding of that instruction,

18  definition, or Interrogatory or sub-part thereof, Defendants reserve the right to

19  supplement their objections and/or responses.

20      3.      Defendants do not waive the right to object to the admissibility into

21  evidence of any documents or information provided in response to the

22  Interrogatories.  Defendants further do not waive the right to raise all questions of

23  authenticity, relevancy, materiality, and privilege for any purpose with regard to the

24  information provided in response to the Interrogatories, which may arise in any

25  subsequent proceeding and/or the trial of this or any other action.  Moreover, the

26  assertion by Defendants of various general and specific objections is not a waiver of

27  other objections that might be applicable or become so at some future time.

28

4.      Defendants object to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning or to include more than their commonly understood definitions.

5.      Defendants object to the Interrogatories to the extent that they would require Defendants to draw a legal conclusion to make a proper response.

6.      Defendants object to the Interrogatories to the extent that they seek information created in anticipation of litigation, constituting work product, protected by the attorney-client privilege, or otherwise protected from disclosure under applicable privileges, laws, or rules. Defendants further object to this request to the extent it seeks information protected joint defense or common interest privilege, community of interest privilege, and/or any other applicable privilege or immunity. Defendants' responses to the Interrogatories should be understood to exclude such privileged and protected information.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity recognized by statute, rule, or case law.

7.      Defendants object to the Interrogatories to the extent that they seek confidential or proprietary information pertaining to Defendants' business, trade secrets, and/or economic relationships, or to the extent that they seek confidential or proprietary information that would impinge on the constitutionally protected right to privacy of individuals.

8.      Defendants object to the Interrogatories to the extent that they seek confidential, proprietary, or trade secret information of third parties.  Defendants will endeavor to work with third parties in order to obtain their consent, if necessary, before identifying or disclosing such information.

9.      Defendants object to the Interrogatories to the extent that they seek information that Defendants are under an obligation to a third party or court order

1   not to disclose.  Defendants will disclose such responsive, relevant, non-privileged

2   information in accordance with any future Protective Order in this litigation, and

3   after complying with Defendants' obligations to the third party and/or court.

4       10.   Defendants object to the Interrogatories to the extent that they purport

5   to require Defendants to take any action that is inconsistent with or contrary to any

6   applicable foreign privacy laws including, without limitation, any applicable

7   Japanese or United States data privacy laws.

8       11.   Defendants object to the Interrogatories to the extent that they are

9   overly broad, unduly burdensome, not reasonably calculated to lead to the

10  discovery of admissible evidence, and/or not proportional to the needs of the case.

11      12.   Defendants object to each Interrogatory to the extent that it is

12  cumulative of another Interrogatory.

13      13.   Defendants object to the Interrogatories to the extent that they require

14  Defendants to provide information of a kind or in a format that would be unduly

15  burdensome to provide.

16      14.   Defendants object to the Interrogatories to the extent that they seek

17  information that is not in the possession, custody, or control of Defendants, to the

18  extent that the Interrogatories purport to require Defendants to speculate about the

19  identity of persons who might have responsive information, and to the extent that

20  they purport to call for any accounting of documents or things that Defendants no

21  longer possess and/or were under no obligation to maintain.

22      15.   Defendants object to the Interrogatories to the extent that they seek

23  information that is publicly available.

24      16.   Defendants object to the Interrogatories to the extent that they are not

25  specifically limited to any time period relevant to any claim or defense in this

26  lawsuit, and thereby seek production of documents that are not relevant to any

27  claim or defense in this lawsuit, not reasonably likely to lead to the discovery of

28  admissible evidence, and not proportional to the needs of the case.

17.    Any information provided herein is not, and shall not be deemed, an admission of any factual or legal contention contained in the Interrogatories. Defendants object to the Interrogatories to the extent that they contain any factual or legal misrepresentations.

18.    Defendants object to Zeiss/ASML's definition of "Asserted Claims" to the extent that this term refers to anything other than the claims of the patents asserted in Zeiss/ASML's Complaint, and to the extent that the definition of this term draws any improper legal conclusion regarding alleged infringement.

19.    Defendants object to Zeiss/ASML's definition of the term "Component" as overly broad, unduly burdensome, vague and not relevant to any claim or defense in this lawsuit in that Requests incorporating this term could potentially refer to every component in a Nikon digital camera.

20.    Defendants object to Zeiss/ASML's definition of the terms "Nikon Employee Witness" and "Nikon Employee Witnesses" as overly broad, unduly burdensome, vague, and not relevant to any claim or defense in this lawsuit to the extent that Interrogatories incorporating these terms seek identification of witnesses that will not be identified and/or called as a witness in this lawsuit.

21.    Defendants object to Zeiss/ASML's definition of "Person(s)" on the ground and to the extent that it is overbroad, unduly burdensome, vague, seeks information that is not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Defendants further object to Zeiss/ASML's definition of "Person(s)" on the ground and to the extent that Interrogatories incorporating this definition purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any Civil Local Rules.

22.    Defendants object to the extent that any Interrogatory calls for sharing of trade secrets or other confidential business information.  Discovery has just commenced, and the Court has not yet entered a protective order.  Defendants will

supplement its responses as appropriate after the Court has entered an appropriate protective order.

23.     These General Objections are hereby incorporated into each and every specific response to the Interrogatories set forth below as if fully set forth therein.

Subject to the foregoing General Objections, Defendants specifically object and respond as follows:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe all facts relating to Nikon's knowledge of the Asserted Patents and Related Patents, including when and how Nikon first became aware of each Asserted Patent or Related Patent, what actions, if any, You took in response, and identify all Communications relating to, and Persons involved in, that first awareness or the actions taken in response.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate their General Objections by reference.  Defendants further object to Zeiss/ASML's definitions of "Communications" as overly broad in light of the parties' agreement that "they are not obligated to search for, collect, produce, or log on a privilege log emails in response to any interrogatories or document requests served by any of the parties."  (D.I. 50 at 8.)  Defendants object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case for the same reason.  Defendants object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, community of interest privilege, and/or any other applicable privilege or immunity. .

1    Defendants' response to this interrogatory is based on information currently

2    known to Defendants through their reasonable investigation to date, and is subject

3    to amendment and/or supplementation.  By providing this response, Defendants do

4    not, and do not intend to, waive their right to rely on evidence or information that is

5    subsequently discovered through continuing investigation and/or included in an

6    amended or supplemental response.

7    Subject to, as limited by, and without waiving the foregoing objections and

8    the General Objections, Defendants respond as follows:

9    Nikon Inc. and Sendai Nikon first became aware of the Asserted Patents

10   when they received a copy of Plaintiffs' Initial Complaint in this action, (D.I. 1.)

11   Nikon Corporation first became aware of the contents of the '792 Patent in or

12   around December 2012 as part of a freedom to operate search.  Nikon Corporation

13   first became aware of the contents of the '167 Patent in or around November 2009

14   as part of a freedom to operate search.  Nikon Corporation first became aware of

15   the existence of the '312 Patent in or around March 2013 as part of an analysis of

16   counting how many patents Nikon's competitors owned.  At the time, Nikon

17   Corporation was not aware of the contents of the '312 Patent.  Nikon Corporation

18   first became aware of the contents of the '312 and '017 Patents when it received a

19   copy of Plaintiffs' Initial Complaint in this action.  Nikon Corporation's Intellectual

20   Property Department was involved in analyzing the Asserted Patents.

21   **INTERROGATORY NO. 2:**

22   Describe in detail the complete legal and factual bases for any contention by

23   You that any of the Asserted Claims of the Asserted Patents are not directly or

24   indirectly Infringed by any Accused Product, either literally or under the doctrine of

25   equivalents, including claim charts that identify all Documents and Things related

26   to Your contention on an element-by-element basis for each of the Asserted Claims,

27   the identity of all supporting Documents, the identity of the three Persons most

28   knowledgeable about the subject matter of Your response for each of the Asserted

1   Patents, and the identity of Persons who You expect will offer testimony about

2   these contentions at any deposition or hearing or at trial in this litigation.

3   **RESPONSE TO INTERROGATORY NO. 2:**

4        Defendants incorporate their General Objections by reference.  Defendants

5   further object to this Interrogatory as vague and ambiguous with respect to the

6   terms "Accused Product," "Asserted Claims," and "Asserted Patents."  Defendants

7   further object to this Interrogatory to the extent it seeks information protected by

8   the attorney-client privilege, the attorney work product doctrine, joint defense or

9   common interest privilege, community of interest privilege, and/or any other

10  applicable privilege or immunity. .  Defendants further object to this Interrogatory

11  as a premature request for disclosures of Defendants' non-infringement contentions

12  before Zeiss/ASML has served infringement contentions.  Plaintiffs bear the burden

13  of proving infringement, and Plaintiffs have not yet presented a prima facie case of

14  infringement.  Defendants further object to this Interrogatory as premature to the

15  extent it calls for information that is the subject of expert reports and testimony.

16  Defendants further object to this Interrogatory as overly broad, unduly burdensome,

17  not reasonably calculated to lead to the discovery of admissible evidence, and not

18  proportional to the needs of the case to the extent it seeks an identification of "all

19  supporting Documents" that Defendants may rely on to support their contentions.

20  Defendants further object to this Interrogatory as a premature Interrogatory

21  requesting identification of persons who may offer testimony at any hearing in this

22  litigation.

23       Defendants' response to this Interrogatory is based on information currently

24  known to Defendants through reasonable investigation to date, and is subject to

25  amendment and/or supplementation.  By providing this response, Defendants do

26  not, and do not intend to, waive their right to rely on evidence or information that is

27  subsequently discovered through continuing investigation and/or included in an

28  amended or supplemental response.

1    Subject to, as limited by, and without waiving the foregoing objections and

2    the General Objections, Defendants respond as follows:

3    Discovery has just commenced and thus, Defendants will provide responsive,

4    relevant, non-privileged information on a mutually agreeable date after Plaintiffs

5    provide infringement contentions or on a date set by the Court.  Defendants reserve

6    the right to supplement this response once an appropriate protective order is in

7    place.

8    By responding to this Interrogatory, Defendants do not admit that Plaintiffs'

9    infringement allegations that Defendants have not specifically addressed below are

10   true or correct.

11   ’792 Patent

12   As of the date of this response, Plaintiffs have only provided a chart accusing

13   Defendants of infringing Claim 1 of the ’792 Patent.  (D.I. 33-11.)  Plaintiffs' claim

14   chart does not present a prima facie case of infringement by any Accused Product at

15   least because it relies on a manual from the Nikon COOLPIX P900 camera in

16   support of Plaintiffs' allegations that some claim elements are present, but the chart

17   relies on screen shots purportedly taken from a Nikon COOLPIX P600 camera in

18   support of Plaintiffs' allegations that other claim elements are present.  Moreover,

19   Claim 1 is indefinite under 35 U.S.C. § 112 ¶ 2 at least because "incorrectly" is

20   vague and indefinite in meaning.  An indefinite claim is invalid and cannot be

21   infringed.

22   ’167 Patent

23   As of the date of this response, Plaintiffs have only provided a chart accusing

24   Defendants of infringing Claim 1 of the ’167 Patent.  (D.I. 33-14.)  Plaintiffs' claim

25   chart N-1 does not present a prima facie case of infringement by the Nikon 1 V-3 at

26   least because, on information and belief, it appears to rely on excerpts from that

27   camera's manual that refer to two different modes of operation ("Auto" mode and

28   "Motion Snapshot" mode) to allegedly satisfy the limitation "detecting

1   manipulation of the camera prior to image-capture." The remainder of Plaintiffs'

2   allegations appear to assume that the camera is operating in Motion Snapshot mode.

3      Plaintiffs' claim chart N-2 does not present a prima facie case of

4   infringement by the Nikon D810 at least because, on information and belief, it

5   appears to rely on excerpts from that camera's manual that refer to two different

6   modes of operation (basic shooting mode and "Movie Live View" mode) to

7   allegedly satisfy the limitation "detecting manipulation of the camera prior to

8   image-capture." The remainder of Plaintiffs' allegations appear to assume that the

9   camera is operating in Movie Live View mode.

10      Neither accused model infringes claim 1 at least because in both models,

11   capture of video is not responsive to "activation of a viewfinder display." Under

12   Plaintiffs' infringement theory, at least with respect to the D810, "sensory data" is

13   not stored "in association with the still image data" because still images and movie

14   clips are stored in separate files.

15   '312 Patent

16      As of the date of this response, Plaintiffs have only provided a chart accusing

17   Defendants of infringing Claim 1 of the '312 Patent. (D.I. 33-18.) The limitation

18   "a sensing node of a unit pixel in a previous scan line is selectively shared with a

19   sensing node of a unit pixel in a current scan line in response to a line select signal

20   of the current scan line" is indefinite because it is unclear if this is a method step.

21   An indefinite claim is invalid and cannot be infringed.

22      To the extent that Defendants understand Plaintiffs' allegations, Plaintiffs'

23   claim chart R does not present a prima facie case of infringement by the accused

24   products.

25   '017 Patent

26      As of the date of this response, Plaintiffs have only provided a chart accusing

27   Defendants of infringing Claim 1 of the '017 Patent. (D.I. 33-21.) To the extent

28

1   that Defendants understand Plaintiffs' allegations, Plaintiffs' claim chart T does not

2   present a prima facie case of infringement by the accused products.

3   **INTERROGATORY NO. 3:**

4       For each Asserted Claim of the Asserted Patents, describe in complete detail

5   any effort taken by You at any time (including before or during pendency of this

6   action) to avoid Infringement of the claim, including the development, Evaluation,

7   experimentation, or other analysis of any alleged non-infringing alternatives or

8   prototypes, the identity all supporting Documents, the identity of the three Persons

9   most knowledgeable about the subject matter of Your response for each of the

10  Asserted Patents, and the identity of Persons who You expect will offer testimony

11  about these contentions at any deposition, hearing, or at trial in this litigation.

12  **RESPONSE TO INTERROGATORY NO. 3:**

13      Defendants incorporate their General Objections by reference. Defendants

14  further object to this Interrogatory as vague and ambiguous with respect to the

15  terms "any Accused Product."   Defendants further object to this Interrogatory to

16  the extent it seeks information protected by the attorney-client privilege, the

17  attorney work product doctrine, joint defense or common interest privilege,

18  community of interest privilege, and/or any other applicable privilege or immunity.

19  Defendants' response to Interrogatory No. 3 is based on information currently

20  known to Defendants through their reasonable investigation to date, and is subject

21  to amendment and/or supplementation. By providing this response, Defendants do

22  not, and do not intend to, waive their right to rely on evidence or information that is

23  subsequently discovered through their continuing investigation and/or included in

24  an amended or supplemental response.

25      Subject to, as limited by, and without waiving the foregoing objections and

26  the General Objections, Defendants respond as follows: Defendants are not aware

27  of any non-privileged, relevant information or document responsive to this

28  Interrogatory.

**INTERROGATORY NO. 4:**

If Nikon contends that any suitable, acceptable non-infringing alternative (e.g., design around) exists for any Accused Instrumentality in each Accused Product: (a) identify each suitable, acceptable non-infringing alternative for each Accused Product and each Asserted Claim; (b) state the full factual basis for Nikon's contention why each such alternative is suitable, acceptable, and/or non-infringing, including any supporting Documents and Persons most knowledgeable about the subject matter of Your response; (c) state all facts in support of Nikon's contention that Nikon had the necessary equipment, materials, know-how, and experience to design and procure or manufacture the alternative and incorporate and sell a product with the alternative; and (d) state Nikon's contention regarding the cost to Nikon of procuring or manufacturing, incorporating, and selling each such alternative.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants incorporate their General Objections by reference.  Defendants object that this Interrogatory is comprised of multiple discrete subparts and should be counted as multiple separate Interrogatories for purposes of Federal Rule of Civil Procedure 33(a)(1).  Defendants object to this interrogatory to the extent that it calls for information that falls within the protection of the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, community of interest privilege, and/or any other applicable privilege or immunity. Defendants further object to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case to the extent it seeks information for Asserted Claims for which Plaintiffs have not yet provided infringement contentions.

Defendants further object to this interrogatory as seeking information that is not relevant to this case, not reasonably calculated to lead to the discovery of

admissible evidence, and not proportional to the needs of the case given that an assessment of "non-infringing alternatives" is typically relevant to the issues of lost profits and/or price erosion, and Defendants understand that Plaintiffs do not claim entitlement to lost profits or price erosion in this case.  (*See* D.I. 50 at 1.)

Defendants recognize, though, that the issue of "non-infringing alternatives" may be deemed relevant to a reasonable royalty determination (although Defendants deny that Plaintiffs are entitled to a reasonable royalty or any damages because Defendants do not infringe any valid claim of the patents in suit).

Defendants object to this interrogatory to the extent it attempts to shift the burden of proof on any damages issues from Plaintiffs to Defendants.  Defendants object to this interrogatory as premature because Plaintiffs have not yet provided damages contentions to Defendants.  Defendants further object to this interrogatory under Fed. R. Civ. P. 26(a)(2) and 26(b)(4) to the extent that it prematurely seeks disclosure of information that is within the scope of expert testimony or opinion on the issue of non-infringing alternatives.

Subject to the above objections, Defendants respond as follows:

At least the accused products are non-infringing alternatives to the subject matter claimed by the patents in suit.  In addition, to the extent that Plaintiffs can establish that a particular prior art design does not practice a particular claim, a product that followed that same prior art design would not infringe that claim.

After Plaintiffs provide damages contentions, Defendants reserve the right to supplement this response and/or to provide an expert report on non-infringing alternatives issue in accordance with the schedule set forth in the Court's scheduling order, D.I. 55.

**INTERROGATORY NO. 5:**

Identify all Evaluations of which You are aware relating to the ownership, alleged noninfringement, alleged validity, and/or alleged enforceability of the

1   Asserted Patents, including the date of the Evaluation(s), the individual(s) who

2   formulated or drafted any portion of the Evaluations(s), the individual(s) to whom

3   the opinion(s) were provided, the individual(s) who purportedly relied on the

4   Evaluation(s), and the substance and basis of the Evaluation(s).

5   **RESPONSE TO INTERROGATORY NO. 5:**

6          Defendants incorporate their General Objections by reference.  Defendants

7   object to this Interrogatory to the extent that it seeks information protected by the

8   attorney-client privilege, the attorney work product doctrine, joint defense or

9   common interest privilege, community of interest privilege, and/or any other

10  applicable privilege or immunity, or restriction upon discovery.  Further

11  responding, Defendants state that if they choose to rely upon an opinion of counsel,

12  they will provide any such opinions and related evidence at later time.

13  **INTERROGATORY NO. 6:**

14         For each Accused Product, describe where, by which Persons or Entities, and

15  over what period it was manufactured, used, sold, offered for sale, and/or imported

16  into the United States, and provide financial information relating to each Accused

17  Product, including on a monthly basis (for both the United States and worldwide),

18  sales volume (i.e., quantity of units sold), revenue, costs of goods sold, other fixed

19  or variable costs, and gross and net profits, and identify all supporting Documents

20  and Persons most knowledgeable about the subject matter of Your response.

21  **RESPONSE TO INTERROGATORY NO. 6:**

22         Defendants incorporate their General Objections by reference. Defendants

23  object that this Interrogatory is comprised of multiple discrete subparts and should

24  be counted as multiple separate Interrogatories for purposes of Federal Rule of

25  Civil Procedure33(a)(1).  Defendants further object to this Interrogatory as vague

26  and ambiguous with respect to the term "Accused Products."  Defendants further

27  object to this Interrogatory as overly broad, unduly burdensome, not reasonably

28  calculated to lead to the discovery of admissible evidence, and not proportional to

the needs of the case to the extent this Interrogatory seeks the identification of any documents related to "financial information relating to each Accused Product." Defendants further object that Plaintiffs' request for information a "monthly basis" and "worldwide" is unduly burdensome and not proportional to the needs of the case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, community of interest privilege, and/or any other applicable privilege or immunity.

Defendants' response to Interrogatory No. 6 is based on information currently known to Defendants through their reasonable investigation to date, and is subject to amendment and/or supplementation.  By providing this response, Defendants do not, and do not intend to, waive their right to rely on evidence or information that is subsequently discovered through their continuing investigation and/or included in an amended or supplemental response.

Subject to, as limited by, and without waiving the foregoing objections and the General Objections, Defendants respond as follows:  Defendants intend to produce records from which responsive information may be derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

Subject to, as limited by, and without waiving the foregoing objections and the General Objections, Defendants respond as follows:  Defendants identify the following Nikon employees and departments as having knowledge about the Accused Products:

- Manufacturing and assembly:  Production Sector, Imaging Business Unit, Nikon Corporation
- Testing:  Quality Assurance Department, Imaging Business Unit, Nikon Corporation
- Marketing in the United States:  Mark Soares, Sr. Marketing Manager, Nikon Inc.

- Sales, offers for sale, and distribution in the United States: Bryan J. Vannatter, Senior Vice President, Sales, Marketing, and Communications at Nikon Inc.
- Importation into the United States:  Marina Comace-Olson, Senior Import/Export Manager at Nikon Inc.
- Inventory in the United States:  Ryo Tomotaka, Assistant Manager, Planning at Nikon Inc.

Defendants intend to produce records from which responsive information may be derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

Regarding financial information of the Accused Products sold in the United States, Defendants respond as follows: Defendants intend to produce records from which responsive information may be derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

To the extent the information sought by this Interrogatory is outside of Defendants' possession, custody, or control, such information may or may not be available from the manufacturers of certain Nikon digital cameras.  Defendants will supplement this response with the names of such manufacturers once an appropriate protective order is in place.

**INTERROGATORY NO. 7:**

State whether You contend that You have any legal or equitable right, including any implied or explicit license, to practice any of the Asserted Claims of the Asserted Patents with respect to any Accused Products, and if so, provide the complete basis for such contention, including related Documents and Persons most knowledgeable about the subject matter of Your response.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants incorporate their General Objections by reference. Defendants further object to this Interrogatory as vague and ambiguous with respect to the terms "Accused Products."  Defendants further object to this Interrogatory to the

1   extent it seeks information protected by the attorney-client privilege, the attorney

2   work product doctrine, joint defense or common interest privilege, community of

3   interest privilege, and/or any other applicable privilege or immunity.   Defendants

4   further object to this Interrogatory as discovery has just commenced and it is a

5   premature request for disclosures of contentions.

6          Defendants' response to Interrogatory No. 7 is based on information

7   currently known to Defendants  through their reasonable investigation to date, and

8   is subject to amendment and/or supplementation. By providing this response,

9   Defendants do not, and do not intend to, waive their right to rely on evidence or

10  information that is subsequently discovered through their continuing investigation

11  and/or included in an amended or supplemental response.

12         Subject to, as limited by, and without waiving the foregoing objections and

13  the General Objections, Defendants respond as follows:  Defendants are not aware

14  of any non-privileged, relevant information or document responsive to this

15  Interrogatory at this time.  Defendants' investigation is ongoing, and Defendants

16  will seasonably supplement this response if additional information is discovered as

17  a result of that investigation.

18  **<u>INTERROGATORY NO. 8:</u>**

19         For each Accused Product, including all generations, past and present,

20  identify the following Components by name, product number, internal code, and

21  manufacturer: the image sensor(s) in the Accused Product, any processors or

22  processing circuitry therein (including without limitation any image, video, or

23  media processor (e.g. any EXPEED processor)), all memory devices therein, all

24  storage devices therein, all firmware and/or software that runs on the Accused

25  Product, and display Components (e.g., LCD monitor) therein, and identify the date

26  range the Component was used in each Accused Product, the manufacturer or each

27  Component, and all supporting Documents and three Persons most knowledgeable

28  about the subject matter of Your response.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants incorporate their General Objections by reference.  Defendants further object to this Interrogatory as vague and ambiguous with respect to the terms "Accused Products," "Components," "processors," "processing circuitry," and "storage devices."  Defendants further object to Zeiss/ASML's definitions of "Accused Products" and "Components" as overly broad.  Defendants further object to this Interrogatory to the extent it seeks information outside of Defendants' possession, custody, or control.  Defendants further object to this Interrogatory to the extent it seeks third party confidential information.  Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case to the extent this Interrogatory seeks the identification of all documents related to the subject matter of Defendants' response.

Defendants' response to this interrogatory is based on information currently known to Defendants through their reasonable investigation to date, and is subject to amendment and/or supplementation.  By providing this response, Defendants do not, and do not intend to, waive their right to rely on evidence or information that is subsequently discovered through their continuing investigation and/or included in an amended or supplemental response.

Subject to, as limited by, and without waiving the foregoing objections and the General Objections, Defendants respond as follows:  Defendants will identify components incorporated into the accused products once an appropriate protective order is in place.

Defendants will produce records from which responsive information may be derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

Defendants identify the following department as having knowledge about the identification of Components incorporated into Nikon digital cameras:

•   Production Sector, Imaging Business Unit, Nikon Corporation

**INTERROGATORY NO. 9:**

For each Accused Product and for any Shared Sensor Camera or Shared Sensor Device, describe the layout and function of the image sensor, including but not limited to a description of the circuitry, scanning method, identifying pixels and any and all transistors; the types of pixels in the sensor; the role of each type of pixel; the pixel layout of each type of pixel including the quantity of and interconnection between photodiodes, transistors, and other pixel Components; the connections between pixels including any arrangement to share capacitance between pixels; the types of transistors in the sensor; the role of each transistor type, and the specific transistor layout in the sensor, and including describing in detail how the Resp image sensor obtains information from pixels in the image sensor, including but not limited to (i) the sequence of events when an image is captured; (ii) the timing of each pixel read out and function of each transistor when an image is captured; (iii) the sequence of turning on and/or off each transistor in each pixel when obtaining information from a pixel or otherwise controlling a pixel; (iv) identification of clock signals involved when an image is captured; and (v) waveforms for each pixel. Identify all supporting Documents, Persons most knowledgeable about the subject matter of Your response, and any Persons affiliated with any Third Party that is most knowledgeable about the subject matter of Your response.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants incorporate their General Objections by reference.  Defendants further object to this Interrogatory as vague and ambiguous with respect to the terms "Accused Product,"  "Shared Sensor Device," and "Shared Sensor Camera." Defendants further object to this Interrogatory to the extent it seeks information outside of Defendants' possession, custody, or control.  Defendants further object to this Interrogatory to the extent it seeks third party confidential information. Defendants further object to this Interrogatory as overly broad, unduly burdensome,

1  not reasonably calculated to lead to the discovery of admissible evidence, and not

2  proportional to the needs of the case to the extent this Interrogatory seeks the

3  identification of all documents related to the subject matter of Defendants'

4  response.

5       Defendants' response to this interrogatory is based on information currently

6  known to Defendants through their reasonable investigation to date, and is subject

7  to amendment and/or supplementation.  By providing this response, Defendants do

8  not, and do not intend to, waive their right to rely on evidence or information that is

9  subsequently discovered through their continuing investigation and/or included in

10  an amended or supplemental response.

11       Subject to, as limited by, and without waiving the foregoing objections and

12  the General Objections, Defendants responds as follows:  Defendants will produce

13  records from which responsive information may be derived or ascertained pursuant

14  to Federal Rule of Civil Procedure 33(d).  To the extent the information sought by

15  this Interrogatory is outside of Defendants' possession, custody, or control, such

16  information might be available from the manufacturers of image sensors, and/or

17  parts thereof, incorporated into certain Nikon digital cameras.  Defendants will

18  supplement this response with the names of such manufacturers once an appropriate

19  protective order is in place.

20       Defendants identify the following  employees as having knowledge about the

21  image sensors incorporated into certain Nikon digital cameras:

22       • Hideaki Matsuda, CIS Development Center, Research & Development

23         Division, Nikon Corporation

24  **<u>INTERROGATORY NO. 10:</u>**

25       Describe in detail the full factual and legal bases for Your affirmative

26  defenses as set forth in Your answer to Plaintiffs' Complaint in this action

27  (including any answer to any amended complaint).

28

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants incorporate their General Objections by reference. Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, community of interest privilege, and/or any other applicable privilege or immunity. Defendants further object to this Interrogatory as premature to the extent it calls for information that is the subject of expert reports and testimony. Defendants further object to this Interrogatory as a premature request for disclosures of contentions and object to the extent it is duplicative of any other Interrogatory. Defendants further object to this Interrogatory as a premature Interrogatory requesting identification of persons who may offer testimony at any hearing in this lawsuit.

Defendants' response to Interrogatory No. 10 is based on information currently known to Defendants through their reasonable investigation to date, and is subject to amendment and/or supplementation. By providing this response, Defendants do not, and does not intend to, waive their right to rely on evidence or information that is subsequently discovered through their continuing investigation and/or included in an amended or supplemental response.

Subject to, as limited by, and without waiving the foregoing objections and the General Objections, Defendants respond as follows: discovery has just commenced and thus, Defendants will provide responsive, relevant, non-privileged information on a mutually agreeable date or on a date set by the Court.

**INTERROGATORY NO. 11:**

Identify each Accused Product, including all models or versions that are or have been made, used, provided, offered for sale, sold in, or imported into the United States, including the date that each model or version was first made, used, provided, offered for sale, sold in, or imported into the United States, and including the time period (beginning and end date, or if still being imported and indicated of

1   such) that each model or version was made, used, provided, offered for sale, sold in,

2   or imported into the United States.

3   **RESPONSE TO INTERROGATORY NO. 11:**

4       Defendants incorporate their General Objections by reference. Defendants

5   object that this Interrogatory is comprised of multiple discrete subparts and should

6   be counted as multiple separate Interrogatories for purposes of Federal Rule of

7   Civil Procedure 33(a)(1).  Defendants further object to this Interrogatory as vague

8   and ambiguous with respect to the term "Accused Products."  Defendants further

9   object to this Interrogatory as overly broad, unduly burdensome, not reasonably

10  calculated to lead to the discovery of admissible evidence, and not proportional to

11  the needs of the case to the extent this Interrogatory seeks the identification of any

12  documents related to "all models or versions that are or have been made, used,

13  provided, offered for sale, sold in, or imported into the United States."

14      Defendants' response to Interrogatory No. 11 is based on information

15  currently known to Defendants through their reasonable investigation to date, and is

16  subject to amendment and/or supplementation.  By providing this response,

17  Defendants do not, and do not intend to, waive their right to rely on evidence or

18  information that is subsequently discovered through their continuing investigation

19  and/or included in an amended or supplemental response.

20      Defendants will produce records from which responsive information may be

21  derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

22      Defendants identify the following employee as having knowledge about  the

23  models or versions of the Accused Products that are or have been made, used,

24  provided, offered for sale, sold in, or imported into the United States

25       • Product identification of the Accused Products: Naoki Kitaoka,

26         Department Manager, UX Planning Department, Marketing Sector,

27         Imaging Business Unit, Nikon Corporation

28

1

- Sales, offers for sale, and distribution in the United States: Bryan J. Vannatter, Senior Vice President, Sales, Marketing, and Communications at Nikon Inc.

- Importation into the United States:  Marina Comace-Olson, Senior Import/Export Manager at Nikon Inc.

Regarding the time period that each model or version was made, used, provided, offered for sale, sold in, or imported into the United States, Defendants respond as follows: Defendants will produce records from which responsive information may be derived or ascertained pursuant to Federal Rule of Civil Procedure 33(d).

Respectfully submitted,

Dated:  October 25, 2017                 MORRISON & FOERSTER LLP


By: /s/ Vincent J. Belusko
    Vincent J. Belusko

Attorneys for Defendants
NIKON CORPORATION,
SENDAI NIKON CORPORATION, and
NIKON INC.

1

## CERTIFICATE OF SERVICE

2

I declare that I am employed with the law firm of Morrison & Foerster LLP,
whose address is 425 Market Street, San Francisco, California  94105-2482.  I am
not a party to the within cause, and I am over the age of eighteen years.

3

4

I further declare that on the date hereof, I served a copy of:

5

**DEFENDANTS NIKON CORPORATION, SENDAI
NIKON CORPORATION, AND NIKON INC.'S
RESPONSES TO PLAINTIFFS CARL ZEISS AG
AND ASML NETHERLANDS B.V.'S FIRST SET OF
INTERROGATORIES**

6

7

8

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by
electronically mailing a true and correct copy through Morrison &
Foerster LLP's electronic mail system to the e-mail address(es) set forth
below, or as stated on the attached service list per agreement in
accordance with Federal Rules of Civil Procedure rule 5(b).

9

10

11

12

13

14

Attorneys for Plaintiffs CARL ZEISS AG and ASML NETHERLANDS,
B.V.
External-Zeiss-NikonCDCAL3221ServiceEmail@fr.com

15

16

*I declare under penalty of perjury that the foregoing is true and correct.*

17

18

Executed at San Francisco, California, this 25th day of October, 2017.

19

20

21

22

| Shaelyn Dawson | /s/ Shaelyn Dawson |
|---|---|
| (typed) | (signature) |

23

24

25

26

27

28