1  VINCENT J. BELUSKO (CA SBN 100282)
   VBelusko@mofo.com
2  HECTOR G. GALLEGOS (CA SBN 175137)
   HGallegos@mofo.com
3  JONATHAN M. SMITH (CA SBN 292285)
   JonathanSmith@mofo.com
4  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
5  Los Angeles, California 90017-3543
   Telephone: 213.892.5200
6  Facsimile: 213.892.5454

7  JACK W. LONDEN (CA SBN 85776)
   JLonden@mofo.com
8  DIANA B. KRUZE (CA SBN 247605)
   DKruze@mofo.com
9  SHAELYN DAWSON (CA SBN 288278)
   Shaelyndawson@mofo.com
10 MORRISON & FOERSTER LLP
   425 Market Street
11 San Francisco, California  94105-2482
   Telephone: 415.268.7000
12 Facsimile: 415.268.7522

13 Attorneys for Defendants
   NIKON CORPORATION and NIKON INC.

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17

18 CARL ZEISS AG and ASML        Case No. 2:17-cv-07083 RGK (MRWx)
   NETHERLANDS, B.V.,
19                               **DEFENDANTS NIKON
                Plaintiffs,      CORPORATION AND NIKON
20                               INC.'S OBJECTIONS TO
                                 PLAINTIFFS' DEMONSTRATIVE
21         v.                    EXHIBITS FOR TRIAL DAY 1**

22 NIKON CORPORATION, SENDAI     Trial Date:  November 6, 2018
   NIKON CORPORATION, and        Time:        9:00 a.m.
23 NIKON INC.,                   Courtroom: 850, 8th Floor

24              Defendants.      Hon. R. Gary Klausner

25

26

27

28

Case No. 2:17-cv-07083 RGK (MRWx)
NIKON'S OBJS. TO PLTFFS' DAY 1 DISCOLSURES
la-1401684

1

**TABLE OF CONTENTS**

2

**Page**

3   I.    INTRODUCTION .................................................................................... 1

4   II.   ARGUMENT ......................................................................................... 1

5         A.   Plaintiffs Should Be Precluded From Discussing Or Introducing
               Evidence Relating to Their Undisclosed ZX1 Camera  (PDX-
               0001, -103, -159 - 159, -272; JTX-2160, -2193) ................................ 1

6         B.   Plaintiffs Should Be Precluded From Representing to the Jury
7              That Certain Claim Elements Are Undisputed (PDX-244, 246,
               248, 250, 259) ....................................................................................... 2

8         C.   Nikon Seeks Clarity Regarding the Court's Ruling Regarding
               IPRs ........................................................................................................ 3

9         D.   Plaintiffs Should Be Precluded From Referencing Nikon Corp.'s
10             Freedom-to-Operate Search  (PDX-146, -148 – 159) ......................... 4

    III.  CONCLUSION ...................................................................................... 5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.     INTRODUCTION

Plaintiffs have included misleading, prejudicial, and other objectionable content in the demonstrative exhibits and late-disclosed trial exhibits that they intend to present to the jury during their opening statement and with the witnesses they will call during the first day of trial.  The Court should exclude such improper and prejudicial demonstrative and trial exhibits.

II.    ARGUMENT

**A.     Plaintiffs Should Be Precluded From Discussing Or Introducing Evidence Relating to Their Undisclosed ZX1 Camera  (PDX-0001, -103, -159 - 159, -272; JTX-2160, -2193)**

Nikon objects to the introduction into evidence of Plaintiffs' "new" ZX1 camera, which is referenced in both Plaintiffs' opening and expert demonstrative slides as well as many late-disclosed exhibits.   As explained in Nikon's Motion *in Limine* No. 11 (which is still pending before the Court), Plaintiffs failed to disclose the new ZX1 camera until after the close of both fact and expert discovery, making it available for inspection just weeks before trial.  This last-minute disclosure is highly prejudicial to Nikon, depriving it of the ability to question Plaintiffs' fact and expert witnesses about the camera, discovery into what features it allegedly possesses (or does not possess), and the opportunity to provide responsive discovery.  The Court properly excluded Plaintiffs' prototype camera in the last trial for a similar failure to disclose, and should reach the same result here.

Plaintiffs have attempted to intentionally sandbag Nikon (again) by disclosing the ZX1 camera only after the close of discovery and the parties' motions in limine were due.   As a matter of fairness, the Federal Rules of Civil Procedure were designed to allow both parties to discover the other side's facts and theories in an orderly fashion as the case progresses from fact discovery to expert discovery to trial.  Accordingly, trial by ambush is antithetical to the Federal Rules. *Yanikian v. Allstate Insurance Company*, No. CV 16–03030– BRO (PJWx2017 WL 2999035, at *3 (C.D. Cal. June 7, 2017).  Undeterred, Plaintiffs continue to rely on

1    trial by ambush, despite being precluded from relying on a late-disclosed prototype

2    camera in the last trial.

3    **B.    Plaintiffs Should Be Precluded From Representing to the Jury That Certain Claim Elements Are Undisputed (PDX-244, 246, 248,**

4    **250, 259)**

5       Plaintiffs' expert Dr. Subramanian plans to use the following opening slides

6    regarding alleged infringement of the image sensor patents:



15   (*E.g.*, PDX-250.)  This slide (and others like it) invites legal error as it is Plaintiffs'

16   burden to prove infringement of each and every claim limitation.  It is well-

17   established that the plaintiff in a patent case bears the burden of proving

18   infringement by a preponderance of the evidence.  *Mannesman Demag Corp. v.*

19   *Engineered Metal Product Co. Inc.*, 793 F.2d 1279, 1280 (Fed. Cir. 1986).

20   "[L]iteral infringement requires that the accused device embody ***every element of***

21   ***the patent claim***." *Id.* (emphasis added).

22       Here, Nikon has never stipulated or agreed that any claim limitations are

23   "undisputed."  Accordingly, it is Plaintiffs' burden to show evidence that each of

24   the 100+ Nikon accused cameras meets each and every claim limitation of each

25   asserted claim.  *See, e.g., Frolow v. Wilson Sporting Goods Co.*, No. CIV.A. 05-

26   04813, 2011 WL 2784093, at *3 (D.N.J. July 12, 2011), *aff'd*, 710 F.3d 1303 (Fed.

27   Cir. 2013) (affirming grant of JMOL and explaining that "although the parties did

28   stipulate to certain facts relevant to issues for trial, the parties did not stipulate to

1    any facts concerning the head, handle, grip or strings in the accused tennis racquets.

2    Further, none of the documents admitted as evidence during trial contain any

3    admissions regarding the head, handle, grip or strings in the accused tennis

4    racquets. Thus, the Court finds nothing in the record to establish the requisite

5    elements of claims 20, 47 and 50 of the 372 Patent.").

6    ### C.    Nikon Seeks Clarity Regarding the Court's Ruling Regarding IPRs

7    
8    Defendants seek clarity as to the admissibility of IPRs, which both parties

9    agree should be allowed into evidence for certain purposes.  Defendants contend

10   that the '335 and '163 IPRs are directly relevant to damages (including willfulness)

11   as the IPR institution supports a finding of objective reasonableness of invalidity.

12   *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1926 (2016).   The

13   court has already ruled that the IPRs would be relevant for this purpose.  (Pretrial

14   Conf Tr. at 5:18-24).  Plaintiffs intend to use the '574 IPR in their opening to talk

15   about written description issues, as seen below.



16
17
18
19
20
21
22
23
24
25
26
27
28

1    Notably, the PTO does not institute IPRs on the basis of written description

2    issues thus any reference to the '574 would be prejudicial and misleading.

3    Defendants seek a ruling consistent with the court's carve out for MIL 2 that

4    the IPRs are admissible for the limited purpose of damages (including willfulness).

5    As this is relevant damages, it is thus subject to the court's carve out regarding

6    damages.  If the court, however, is inclined to ban IPRs as prejudicial, this ruling

7    should apply equally to plaintiffs, and they should not be able to discuss the 574

8    IPR in their opening or at any time during the trial.

9    **D.     Plaintiffs Should Be Precluded From Referencing Nikon Corp.'s Freedom-to-Operate Search  (PDX-146, -148 – 159)**

10

11   Plaintiffs make repeated reference to Nikon Corp.'s "Freedom to Operate" Search, as seen below.

12



13

14

15

16

17

18

19

20

21

22

23   Plaintiffs clearly attempt to use this information in order to mislead the jury

24   about marking and the notice Nikon received.  This information is not relevant to

25   marking under 35 U.S.C. § 287, which requires knowledge of **infringement**, not

26   just knowledge of the patents. *Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*, 130

27   F. Supp. 2d 1152, 1159 (C.D. Cal. 2001) ("[D]amages are available only from a

28

1  point in time at which an alleged infringer is on notice of the patent **and of the**

2  **allegedly infringing activity**." (emphasis added).  To satisfy § 287's notice

3  requirement, Plaintiffs must have provided "the affirmative communication of a

4  specific charge of infringement by a specific accused product or device." *Amsted*

5  *Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

6  **III.    CONCLUSION**

7          For the above reasons, Nikon requests that the Court preclude Plaintiffs from

8  offering argument, testimony, or evidence, including demonstrative evidence,

9  regarding the following:

10         • Plaintiffs' late-disclosed ZX1 camera;

11         • Any claim elements that Plaintiffs inaccurately claim are

12           "undisputed"; and

13         • Nikon Corp.'s Freedom to Operate search.

14         Nikon also seeks a ruling clarifying the Court's ruling on its carve out

15  regarding IPR decisions.

16

17

18  Dated:  November 5, 2018                Respectfully submitted,

19                                          JACK LONDEN
                                            VINCENT J. BELUSKO
20                                          MORRISON & FOERSTER LLP

21

22                                          By:  /s/ *Vincent J. Belusko*
                                                 Vincent J. Belusko
23

                                            Attorneys for Defendants
24                                          NIKON CORPORATION
                                            AND NIKON INC.
25

26

27

28