Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240, Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted *Pro Hac Vice*), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070, Fax: (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
Markus D. Weyde (SBN 285956), weyde@fr.com
K. Nicole Williams (SBN 291900), nwilliams@fr.com
Jared A. Smith (SBN 306576), jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4745, Fax: (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION and NIKON INC.,<br><br>Defendants. | Case No. 2:17-cv-07083- RGK (MRWx)<br><br>**CORRECTED PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES**<br><br>Trial Date:   December 4, 2018<br>Judge:   Hon. R. Gary Klausner<br>Courtroom:   850, 8th Floor |

Plaintiffs, Carl Zeiss AG and ASML Netherlands B.V. ("Plaintiffs") hereby offer written objections to certain demonstrative exhibits that Defendants Nikon Corporation and Nikon Inc. ("Nikon" or "Defendants") intend to use in with their expert witnesses Ms. Davis and Dr. Darrell slides.

### A. Ms. Davis Should Be Precluded from Relying on Testimony Not Cited in Her Expert Report

Plaintiffs object to a number of Ms. Davis's demonstratives that show testimony that was not cited or relied upon in her expert report.

#### 1. Testimony from Ariel Reich (DDX-9.5)

First, Plaintiffs' object to DDX-9.5 which, as shown below, contains an excerpt from the deposition of HP's witness Ariel Reich. This testimony was not cited or discussed in Ms. Davis's report. Indeed, during the meet-and-confer process prior to Plaintiffs lodging these objections, Nikon admitted that Ms. Davis's report did not cite to this specific testimony. Nikon, however, argued that because Ms. Davis's report discusses **other** testimony from Mr. Reich and because Ms. Davis generally discusses the transaction in which Plaintiffs bought patents from HP, she is entitled to opine on this testimony. Not so. Rule 26 requires more than simply general testimony concerning similar subject matter—it requires "a **complete** statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(1); Fed. R. Civ. P. 26(a)(2). Allowing Nikon to present this new expert opinion only disclosed for the first time in the middle of trial will be highly prejudicial to Plaintiffs, and thus this demonstrative and testimony discussing this previously-undisclosed testimony should be excluded. *See* Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.")

Slide DDX-9.5 is additionally objectionable under Rule 403, as the emphasis added by Nikon on top of the deposition testimony is likely to confuse the jury into thinking

1 the question is evidence. As can be seen below, Nikon has underlined in red the question,
2 giving the question more emphasis than the answer:



10 Thus, even if this testimony were discussed in Ms. Davis's report (which it is not), Nikon
11 should not be allowed to show the slide as because of the risk of misleading the jury and
12 jury confusion.

### 2. Testimony from Andreas Zeiler (DDX-9.6, DDX-9.10)

Next, Plaintiffs object to Ms. Davis' demonstrative slides DDX-9.6 and DDX-9.10 containing testimony from Dr. Andreas Zeiler. While Ms. Davis's report does list Dr. Zeiler's deposition as part of her "materials considered," her report does not contain a single citation to Dr. Zeiler's deposition transcript. Yet Ms. Davis's demonstratives now contains excerpts of that testimony—excerpts that appear nowhere in her report. Because Ms. Davis didn't cite, discuss, or otherwise disclose any reliance on Dr. Zeiler's testimony in her report, she should be precluded from opining on it at trial.

Plaintiffs additionally object to DDX-9.6 under FRE 403 because Defendants have omitted part of Dr. Zeiler's answer in the excerpt they reproduce on the slide, which is misleading and prejudicial. As seen below, by omitting part of the answer, Nikon has materially changed the answer as the omitted portion provides additional explanation regarding the calculation done by Zeiss's accounting:

| Demonstrative | Actual Testimony (omitted portion highlighted) |
|---|---|
| **Plaintiffs Divided HP Patents Equally**<br><br>Andreas Zeiler — ZEISS<br><br>Q. Have you seen any allocation of any portion of the purchase price to any of the individual patents and applications acquired from Hewlett-Packard?<br>A. I haven't seen any in any allocation for which anyone looked at the individual content of the patents. I believe I recall I did have to make an allocation for our accountants and, for that, ==I simply divided the total amount we paid by the number of patents we acquired.==<br><br>Zeiler Depo 121:20-122:07   DDX-9.6 | Q. Have you seen any allocation of any portion of the purchase price to any of the individual patents and applications acquired from Hewlett-Packard?<br>A. I haven't seen any in any allocation for which anyone looked at the individual content of the patents. I believe I recall I did have to make an allocation for our accountants and, for that, I simply divided the total amount we paid by the number of patents we acquired. ==And for that purpose, I did not have any look at the specific patents and I didn't have any specific valuation information.== |

Nikon should not be able to cherry-pick part of an answer and use that partial testimony to imply that Dr. Zeiler meant something other than he said. Thus, even if this testimony were discussed in Ms. Davis's report (which it's not), this slide should be excluded for this additional reason.

Lastly, DDX-9.6 and DDX-9.10 should be excluded because the testimony cited is irrelevant to Ms. Davis's disclosed hypothetical negotiation theory. The testimony on the slides discusses how Zeiss accounted for its acquisition of the patents based on the cost of the patents years after the purchase from HP and IV. According to Ms. Davis's theory, the parties to the hypothetical negotiation (which is the basis for her damages opinions) would have been HP and Nikon for the '163 patent, and IV and Nikon for the sensor patents (the '335 and the '312 family of patents). As Ms. Davis's report contains no opinion where Zeiss would be a party to the hypothetical negotiation, she should not be able to offer a new theory, especially in the middle of trial, regarding Zeiss's later accounting of the patents. These slides should be excluded.

### 3. Testimony from Mr. Toto (DDX-9.11 & DDX-9.12)

Plaintiffs next object to DDX-9.11 and DDX-9.12, which contain excerpts from the deposition of Mr. Toto, a witness from Sony. Again, neither of the excerpts that appear in these demonstratives are cited, discussed, or otherwise disclosed in Ms. Davis's report. In this instance, the deposition from which these excerpts are listed neither appear on Ms. Davis's materials considered nor is it anywhere cited in the report. On the meet-and-confer, Nikon contended that Ms. Davis could nonetheless discuss this testimony at trial because Ms. Davis included and cited to **another** deposition of Mr. Toto taken for an entirely different case. For the reasons discussed above, this is plainly insufficient and Ms. Davis should be precluded from using these demonstratives or discussing this testimony at trial.

**B. Ms. Davis Should Be Precluded from Characterizing the Transfer of the Patents-in-Suit from ASML's Subsidiary Tarsium to ASML and Zeiss as "Backdating"**

Plaintiffs lastly object to a single aspect of DDX-9.14. This slide, shown below (with objected-to-portion blown out) is a timeline regarding Plaintiffs' acquisition of the patents-in-suit. The slide characterizes one of the transfers as "Backdating."



Neither the agreement nor any fact witness who has given testimony regarding this transfer has said that this agreement "backdated" anything. The use of the word "backdating" paints this transfer in a bad light, when it was anything but. Despite Nikon's

insistence that Plaintiffs prove-up ownership, Nikon has never identified any legal problems with the nunc pro tunc agreement, and by suggesting that Plaintiffs' "backdated" Nikon is trying to suggest otherwise. Because the use of the term "backdated" is prejudicial, and other words with less negative connotation could similarly describe the same concept, this demonstrative should be excluded.

### C. Dr. Darrell Should Be Precluded From Offering Opinions Not Contained In His Expert Report

Plaintiffs object to DDX-2.97, 2.103, 2.112, 2.113, 2.119, 2.128, and 2.129 because they discuss anticipation despite Nikon not previously alleging anticipation of the only asserted claim from the '163 patent left in this case. Indeed, Nikon's own proposed jury verdict form did not contain a check box for "anticipation" for claim 16, as shown below: (*See* D.I. 431-1, at 33.) Moreover, Dr. Darrell's report contains no opinion that claim 16

> VI.  U.S. PATENT NO. 6,463,163 ("THE '163 PATENT")
>
>   A.  **Anticipation**
>
>   1.  Did Defendants prove, by clear and convincing evidence, that any of the following claims of the '163 patent are anticipated?
>
>   Note the following change: "NO" is a finding for Plaintiffs. "YES" is a finding for Defendants.
>
>   Please check the boxes that reflect your verdict.
>
> | Claim | Anticipation | |
> |---|---|---|
> | | YES | NO |
> | Claim 1 | | |
> | Claim 2 | | |
> | Claim 3 | | |
> | Claim 6 | | |

would be anticipated by any of the references still alive in this case. In Dr. Darrell's invalidity report, at paragraphs 232 and 292, Darrell alleges that an element of claim 15, the image pattern detector, is rendered obvious, and only obvious, in view of Yow and Yow thesis, respectively. Darrell Rep. ¶ 232 ("In my opinion, Yow renders this

limitation **obvious** . . .") *id.* ¶ 292 ("In my opinion, the Yow thesis renders this limitation **obvious**."). He does not have an anticipation opinion with respect to this element. *Id.* Claim 16 of the '163 patent depends from claim 15. Since Dr. Darrell only has an opinion of obviousness with respect to claim 15, he necessarily only has an opinion of obviousness with respect to claim 16. Without any support, Nikon now wants to tell the jury that this element (along with the rest of claims 15 and 16) is anticipated. Nikon should not be allowed to do so, and this demonstrative and any testimony concerning anticipation should be excluded.

### D. Dr. Darrell Should Be Precluded from Relying on Prior Art that Nikon Dropped Before Trial

Plaintiffs object to DDX-2.24, 2.98, and 2.114 because these slides discuss prior art that Nikon is no longer pursuing and contains references to alleged prior art that Cwas not contained in Dr. Darrell's report. Each of these slides purports to be a timeline of "prior art," and each identifies a number of documents that, as is explicit on the slide, Nikon claims is "prior art," as shown in the exemplar slide below:



Prior to trial, Nikon told Plaintiffs that it would only be proceeding to trial on three references: the Yow Paper, the Yow Thesis, and Kosugi. (*See* Exhibit. A

1  ("Defendants are reducing the prior art references for trial to the following set:").)
2  Moreover, Plaintiffs reduced the claims they were asserting at trial to claim 16, and Dr.
3  Darrell's report does not contain any opinion that claim 16 is anticipated and/or obvious
4  over Kosugi.  Yet Kosugi, and a plethora of other references now appear on Nikon's
5  demonstratives as purported prior art.

6       These slides are objectionable under at least Rules 402 and 403 as well as FRCP
7  26 because they give the jury the false impression that Nikon is asserting significantly
8  more prior art references than they actually are.  Moreover, as Nikon abandoned
9  references prior to trial, Nikon should not be able to talk about them, just as a party
10 would not be able, for example, to talk about a cause of action that was dismissed or
11 abandoned prior to trial.  Thus, these demonstrative should be excluded.

| | | |
|---|---|---|
| 1 | Dated: December 6, 2018 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By:  /s/ *Christopher S. Marchese* |
| 4 | | Christopher S. Marchese (SBN 170239) |
| | | marchese@fr.com |
| 5 | | FISH & RICHARDSON P.C. |
| 6 | | 633 West Fifth Street, 26th Floor |
| 7 | | Los Angeles, CA 90071 |
| | | Tel:  (213) 533-4240, Fax: (858) 678-5099 |
| 8 | | |
| 9 | | Frank Scherkenbach (SBN 142549) |
| | | scherkenbach@fr.com |
| 10 | | Kurt L. Glitzenstein (Admitted Pro Hac Vice) |
| 11 | | glitzenstein@fr.com |
| | | Proshanto Mukherji (Admitted *Pro Hac Vice*) |
| 12 | | mukherji@fr.com |
| 13 | | Jeffrey Shneidman (Admitted *Pro Hac Vice*) |
| | | shneidman@fr.com |
| 14 | | Elizabeth G.H. Ranks (Admitted *Pro Hac Vice*), |
| 15 | | ranks@fr.com |
| | | FISH & RICHARDSON P.C. |
| 16 | | One Marina Park Drive |
| 17 | | Boston, MA 02210-1878 |
| | | Tel:  (617) 542-5070, Fax: (617) 542-8906 |

8
CORRECTED PLAINTIFFS' OBJECTIONS TO DEMONSTRATIVES
Case No. 2:17-cv-07083-RGK (MRWx)

Olga I. May (SBN 232012)
omay@fr.com
Markus D. Weyde (SBN 285956) weyde@fr.com
K. Nicole Williams (SBN 291900)
nwilliams@fr.com
Jared A. Smith (SBN 306576)
jasmith@fr.com
Oliver J. Richards (SBN 310972)
orichards@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070, Fax: (858) 678-5099

Jennifer Huang (Admitted *Pro Hac Vice)*
jhuang@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Tel: (612) 335-5070, Fax: (612) 288-9696

Andrew R. Kopsidas (Admitted *Pro Hac Vice*)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000
Washington, DC 20024
Tel: (202) 783-5070, Fax: (202) 783-2331

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 6, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com