Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240, Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted *Pro Hac Vice*), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070, Fax: (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
Markus D. Weyde (SBN 285956), weyde@fr.com
K. Nicole Williams (SBN 291900), nwilliams@fr.com
Jared A. Smith (SBN 306576), jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4745, Fax: (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION and NIKON INC.,<br>Defendants. | Case No. 2:17-cv-07083- RGK (MRWx)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES INTRODUCING NEW EXPERT OPINIONS**<br><br>Trial Date:    December 4, 2018<br>Judge:         Hon. R. Gary Klausner<br>Courtroom:  850, 8th Floor |

Plaintiffs, Carl Zeiss AG and ASML Netherlands B.V. ("Plaintiffs") hereby offer written objections to certain demonstratives introducing new expert opinions that Defendants Nikon Corporation and Nikon Inc. ("Nikon" or "Defendants") intend to use with their expert witness Dr. Kleinfelder and any testimony on the subject matter contained therein.

### A. Dr. Kleinfelder Should Be Precluded from Introducing a New Noninfringement Theory Against the '574 Patent that Was Never Previously Disclosed and Is Not in His Expert Report

Nikon is attempting to have Dr. Kleinfelder testify to a brand new noninfringement theory for claim 30 of the '574 patent that has never been disclosed before and is not in his expert report. Plaintiffs object to DDX-4.79, 4.103, and 4.105, where this new argument appears, and Plaintiffs object to any testimony on this subject matter.

Dr. Kleinfelder offered exactly one noninfringement for claim 30 of the '574 patent in his expert report: that the accused devices did not include a "first pixel" or "second pixel" because both "pixel" terms require having only a single photodiode. Dr. Kleinfelder's statement of his noninfringement argument is set forth below, and his supporting discussion of this argument is set forth in Exhibit A (excerpts of Kleinfelder's Rebuttal Rpt., ¶¶ 191-96).

> 191. The Kwon Accused Products do not include any "first pixel," "second pixel," "third pixel," and "sensing pixel" terms of the '574 patent and thus are non-infringing. As discussed above, it is my opinion that a person of ordinary skill in the art would construe the pixel terms to mean "light detecting structure having a single photodiode and corresponding sensing node." ==In this instance, the accused Nikon D4/Df image sensor does not include any light detection structure having a single photodiode and an individually-corresponding sensing node, because each sensing node is shared by two photodiodes.== Accordingly, it is my opinion that the Kwon Accused Products (of which Nikon D4/Df sensor is representative) do not literally infringe claims 1, 9, 17, 24, or 30 of the '574 Patent. Below I reproduce what I am informed to be a schematic circuit diagram of the Nikon D4 image sensor pixel structure:

[Exhibit A, portion of ¶ 191 (highlighting added).]

The Court rejected the claim construction underlying Dr. Kleinfelder's sole noninfringement argument for this claim at summary judgment, holding the terms "first pixel" and "second pixel" "in the '574 patent to include *one or more* photodiodes per sensing node." [D.I. 305 at 19-20.] Accordingly, Nikon has now manufactured a brand new noninfringement argument for claim 30 based on different claim language: (1) "generate photocharge at the first pixel" and (2) "generate … an output signal that is indicative of the photocharge generated at the first pixel." Nikon's proposed slide DDX-4.105 previews this new argument:

> **'574 Patent—Claim 30**
>
> generate photocharge at the first pixel,
> transfer the photocharge generated at the first pixel to
>   the first sensing node and to the second sensing
>   node via at least the transfer transistor; and
> generate, based on the photocharge transferred to the
>   first sensing node and the second sensing node, an
>   output signal that is indicative of the photocharge
>   generated at the first pixel.
>
> Claim 30
>
> DDX-4.105

Nikon attempted to introduce this new theory through cross-examination of Dr. Subramanian. [*See, generally,* Exhibit B, Trial Tr. 386:10-387:22, 388:14-390:4.] Dr. Kleinfelder's slides show that Nikon is now trying to have Dr. Kleinfelder slip this new theory into his direct testimony as well. This is forbidden by Rules 26 and 32 of the Federal Rules of Civil Procedure. *See also Yeti by Molly, Ltd. v Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

The introduction of this theory is highly prejudicial to Plaintiffs. Plaintiffs cannot fairly be expected to respond to a brand new non-infringement theory in the heat of trial, long after the close of expert discovery, and after Plaintiffs' expert has finished his entire direct testimony in Plaintiffs' case-in-chief.

Therefore, Dr. Kleinfelder should be precluded from offering any non-infringement argument for claim 30 of the '574 patent based on "generate photocharge at the first pixel" and "generate … an output signal that is indicative of the photocharge generated at the first pixel."

### B. Dr. Kleinfelder Should Be Precluded from Introducing New Invalidity Theories Against the '335 Patent that Were Not Previously Disclosed and Are Not in His Expert Report

Plaintiffs hereby object to Dr. Kleinfelder's demonstrative DDX-4.67 and to any testimony regarding invalidity related to this demonstrative.

Nikon is attempting to add new invalidity theories against the '335 patent in the middle of trial. In his expert report, Dr. Kleinfelder argued that "Takahashi discloses step (c) [of claim 1] *at time T0* of Fig. 3." [Exhibit C, Kleinfelder Op. Exp. Rpt., C1 at pages 5-6.] Dr. Kleinfelder now abandons this theory and appears to argue that a different time period of Takahashi's Figure 3 discloses step 1(c) of the '335 patent. Plaintiffs have prepared their case for trial based on Dr. Kleinfelder's opinions offered in his expert report, and it would be unfair and prejudicial for Nikon now to change its invalidity theories in the middle of trial.

In his expert report, Dr. Kleinfelder limited the time period that purportedly discloses step (c) of claim 1—which requires "turning on the reset transistor, turning off the first and second transfer transistors . . ."—to time period T0 of Takahashi's Figure 3.[1] Notably, in his invalidity chart, Dr. Kleinfelder argued that "*[d]uring time T0*, the reset transistor $\phi R$ and select transistor $\phi S$ are both on, and transfer transistors $\phi TXo0$ and $\phi TXe0$ are off." [Exhibit C, Kleinfelder Op. Exp. Rpt., C1 at page 6.] Thus, Nikon specifically identified Takahashi's *time period T0* for step (c) of claim 1.

By contrast, Dr. Kleinfelder now **excludes** most of time period T0 and includes a time period **prior** to T0 in his demonstratives, as the highlighted area of Takahashi's Figure 3 in DDX-4.67 with respect to step (c) of claim 1 shows:

---

[1] Dr. Kleinfelder cited Takahashi at 4:24-31: "**At time T0**, a control pulse $\phi S0$ is set to the H level, the selection switch MOS transistor 6 is turned on, and the pixel portions of the first and second lines are selected. The control pulse $\phi R0$ is subsequently set to the low (L) level, the resetting of the FD portion 21 is stopped, the FD portion 21 is set to the floating state, and a circuit between the gate and source of the source-follower amplifier MOS transistor 5 is set into a through state."



It is entirely unclear how far back Dr. Kleinfelder now contends the time period extends—possibly further than what is shown in Takahashi's Figure 3, which would overlap with or even encompass step (b) of claim 1.[2] This new theory is entirely inconsistent with Dr. Kleinfelder's previous opinions. Introducing this previously undisclosed theory now in the middle of trial is improper and highly prejudicial to Plaintiffs. *See* Fed. R. Civ. P. 26 and 27. *See also Yeti by Molly, Ltd. v Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.")

Therefore, Dr. Kleinfelder should be precluded from offering any invalidity theories for step (c) of claim 1 that rely on a time period that extends beyond T0 as shown in Takahashi's Figure 3.

---

[2] During step (b) of claim 1, the first and second photodiodes receive light and generate photoelectric charges (integration phase).

| | | |
|---|---|---|
| 1 | Dated: December 9, 2018 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: /s/ *Christopher S. Marchese* |
| 4 | | Christopher S. Marchese (SBN 170239) |
| 5 | | marchese@fr.com |
| | | FISH & RICHARDSON P.C. |
| 6 | | 633 West Fifth Street, 26th Floor |
| 7 | | Los Angeles, CA 90071 |
| | | Tel: (213) 533-4240, Fax: (858) 678-5099 |
| 8 | | |
| 9 | | Frank Scherkenbach (SBN 142549) |
| | | scherkenbach@fr.com |
| 10 | | Kurt L. Glitzenstein (Admitted Pro Hac Vice) |
| 11 | | glitzenstein@fr.com |
| | | Proshanto Mukherji (Admitted *Pro Hac Vice*) |
| 12 | | mukherji@fr.com |
| 13 | | Jeffrey Shneidman (Admitted *Pro Hac Vice*) |
| | | shneidman@fr.com |
| 14 | | Elizabeth G.H. Ranks (Admitted *Pro Hac Vice*), |
| 15 | | ranks@fr.com |
| | | FISH & RICHARDSON P.C. |
| 16 | | One Marina Park Drive |
| 17 | | Boston, MA 02210-1878 |
| | | Tel: (617) 542-5070, Fax: (617) 542-8906 |
| 18 | | |

6
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES
INTRODUCING NEW EXPERT OPINIONS
Case No. 2:17-cv-07083-RGK (MRWx)

Olga I. May (SBN 232012)
omay@fr.com
Markus D. Weyde (SBN 285956) weyde@fr.com
K. Nicole Williams (SBN 291900)
nwilliams@fr.com
Jared A. Smith (SBN 306576)
jasmith@fr.com
Oliver J. Richards (SBN 310972)
orichards@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070, Fax: (858) 678-5099

Jennifer Huang (Admitted *Pro Hac Vice*)
jhuang@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Tel: (612) 335-5070, Fax: (612) 288-9696

Andrew R. Kopsidas (Admitted *Pro Hac Vice*)
kopsidas@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Ste. 1000
Washington, DC 20024
Tel: (202) 783-5070, Fax: (202) 783-2331

Attorneys for Plaintiffs, CARL ZEISS AG and
ASML NETHERLANDS B.V.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com