VINCENT J. BELUSKO (CA SBN 100282)
VBelusko@mofo.com
HECTOR G. GALLEGOS (CA SBN 175137)
HGallegos@mofo.com
JONATHAN M. SMITH (CA SBN 292285)
JonathanSmith@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
DIANA B. KRUZE (CA SBN 247605)
DKruze@mofo.com
SHAELYN DAWSON (CA SBN 288278)
Shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
NIKON CORPORATION and NIKON INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CARL ZEISS AG and ASML NETHERLANDS, B.V.,

Plaintiffs,

v.

NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC.,

Defendants.

Case No. 2:17-cv-07083 RGK (MRWx)

**DEFENDANTS NIKON CORPORATION AND NIKON INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES (PLAINTIFFS' MOTIONS AT ECF NOS. 474, 475, AND 476)**

Trial Date: December 4, 2018
Time: 9:00 a.m.
Courtroom: 850, 8th Floor

Hon. R. Gary Klausner

# Table of Contents

**Page**

I. INTRODUCTION ........ 1

II. PLAINTIFFS ARGUMENTS RELATING TO PROSECUTION HISTORY ESTOPPEL ARE MOOT (PLAINTIFFS' OBJECTION AT ECF NO. 474) ........ 1

III. DR. KLEINFELDER IS NOT INTRODUCING ANY NEW INFRINGEMENT THEORIES (PLAINTIFFS' OBJECTION AT ECF NO. 475) ........ 3

IV. NIKON PROPERLY DISCLOSED THE TAKAHASHI EP REFERENCE (PLAINTIFFS' OBJECTION AT ECF NO. 476) ........ 4

V. CONCLUSION ........ 7

## I. INTRODUCTION

Plaintiffs have filed three separate written objections in the last twelve hours. (*See* ECF Nos. 474-476.) Nikon addresses each motion below.

## II. PLAINTIFFS ARGUMENTS RELATING TO PROSECUTION HISTORY ESTOPPEL ARE MOOT (PLAINTIFFS' OBJECTION AT ECF NO. 474)

Plaintiffs' first filing (ECF No. 474) objects to the use of certain demonstrative slides that include the words "prosecution history estoppel." As an initial matter, Nikon updated its slides after the parties' meet-and-confer but Plaintiffs had already filed their motion. Nikon has since deleted all references to "prosecution history estoppel," and Plaintiffs' objection is moot. For example, Plaintiffs point to former JTX-4.88, which was as follows:




This slide now appears as follows, and does not reference prosecution history estoppel:



Additionally, Plaintiffs objected to the following slide:




Nikon changed this slide to delete any reference to prosecution history estoppel, as follows:




Finally, Plaintiffs object to the following slide:



Nikon has deleted this slide. Accordingly, Plaintiffs' objections regarding Nikon's demonstrative exhibits are moot.

Regarding testimony, Plaintiffs spend the majority of their objections (ECF No. 474) arguing that prosecution history estoppel is a legal question for the Court to decide. Nikon does not disagree. Plaintiffs, however, miss the point. Nikon does *not* plan to ask the jury to find that prosecution history estoppel applies. Rather, Nikon is entitled to use the prosecution histories in order to defend itself against Plaintiffs' infringement allegations under the doctrine of equivalents. *See, e.g.*, *GPNE Corp. v. Apple Inc.*, 108 F. Supp. 3d 839, 855 (N.D. Cal. 2015) ("Apple's support for its argument, including references to the prosecution history of the Asserted Patents, helped the jury to apply the plain and ordinary meaning of node' to the accused devices, and thus was proper."); *Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1178 (Fed. Cir. 2008) (explaining that "the prosecution history leaves room for the jury to determine whether the NIR stent has a wall surface comparable to the stent disclosed in the '762 patent that would infringe either literally or under the doctrine of equivalents").

Accordingly, because Nikon has removed the material that Plaintiffs objected to and does not plan to argue prosecution history estoppel to the jury, the objection should be overruled as moot.

### III. DR. KLEINFELDER IS NOT INTRODUCING ANY NEW INFRINGEMENT THEORIES (PLAINTIFFS' OBJECTION AT ECF NO. 475)

Plaintiffs' assertion that Dr. Kleinfelder is introducing a new noninfringement theory against the '574 patent misinterprets Defendants' demonstratives. Dr. Kleinfelder does not intend to present any new theory of non-infringement. Rather, he intends to respond to the alleged evidence of infringement that Plaintiffs' expert Dr. Subramanian introduced at trial. As stated in the advisory committee notes to Federal Rule of Evidence 703, experts may rely upon testimony heard at trial establishing the facts of the case. *See* Fed. R. Evid. 703 advisory

committee notes (1972); *see also Robertson v. McNeil-PPC, Inc.*, No. 2:11-CV-09050-JAK-SS, 2014 WL 12577147, at *4 (C.D. Cal. July 14, 2014) (finding that the scope of rebuttal testimony was to be evaluated based on scope of direct testimony of opposing side's expert). In his report, Dr. Kleinfelder stated his opinion that the accused products do not infringe Claim 30 of the '574 patent, and his testimony will be limited to responding to Dr. Subramanian's testimony. Plaintiffs' objection should thus be overruled.

Plaintiffs also misinterpret both Dr. Kleinfelder's slides and expert report regarding the timing diagram for Takahashi at step (c). As quoted in Plaintiffs' objection, Dr. Kleinfelder stated in his report that "[d]uring time T0, the reset transistor ϕR and select transistor ϕS are both on, and transfer transistors ϕTXo0 and ϕTXe0 are off." (ECF No. 475-3, App'x C-1 at 6; *see also* ECF No. 475 at 4.) In DDX-4.67, the highlight includes the portion of T0 where the reset transistor and select transistor are both on, and transfer transistors ϕTXo0 and ϕTXe0 are off as stated in Dr. Kleinfelder's report. (ECF No. 476-2.) The highlight itself is merely demonstrative and an aid the jury in understanding Dr. Kleinfelder's testimony. Dr. Kleinfelder does not intend to testify that the Figure itself shows where the reset transistor is first turned on. This was discussed during the parties' meet-and-confer on December 8, specifically that Dr. Kleinfelder is not offering any new opinions. Given that Dr. Kleinfelder does not intend to present any testimony that expands his report, and that the yellow highlight is merely demonstrative, Plaintiffs' objection should be overruled.

## IV. NIKON PROPERLY DISCLOSED THE TAKAHASHI EP REFERENCE (PLAINTIFFS' OBJECTION AT ECF NO. 476)

Plaintiffs have no basis for objecting to Dr. Kleinfelder's use of the Takahashi EP reference. (ECF No. 476.) *First*, Dr. Kleinfelder discussed the Takahashi EP reference in his report and explained in clear terms that his analysis with respect to Takahashi EP is the same as for Takahashi US. Thus, contrary to

Plaintiffs' assertion, Dr. Kleinfelder did provide analysis for the reference in his report. *Second*, the two references are virtually identical. Plaintiffs identify only a single difference—addition of the word "perfectly" to the abstract in the Takahashi US reference—but that phrase is already found in the body of Takahashi EP. *Third*, Plaintiffs complain that Dr. Carley plans to use the Takahashi US reference on rebuttal. But Nikon's use of the Takahashi EP reference does not preclude Dr. Carley from using the Takahashi US reference. Indeed, it is Nikon's case-in-chief and Dr. Carley's preference does not dictate what Dr. Kleinfelder can The bottom line is that Dr. Kleinfelder disclosed both references long ago, and Nikon is well within its right to assert both during trial.

Dr. Kleinfelder clearly indicated in the body of his report that he relied on both the U.S. Patent and European application in his report:

> **1. U.S. Patent No. 5,955,753 (Takahashi)**
>
> 75. Takahashi was filed in the U.S. on September 22, 1997, and claims U.S. priority to a parent application that was filed on July 31, 1996. Takahashi is therefore prior art to the '335 Patent under 35 U.S.C. § 102(e). Takahashi was also published as European Patent Publication EP0757476 A, which was published on May 2, 1997, and I understand is therefore prior art to the '335 Patent under 35 U.S.C. § 102(b) because it was published more than one year before the effective filing date of the '335 Patent. In my discussion of Takahashi I refer to the U.S. patent publication, but it should be understood that the two publications contains the same disclosure.

(Declaration of Shaelyn Dawson In Support of Nikon's Resp. to Pls.' Motions at ECF Nos. 474-476 ("Dawson Decl.") Ex. 1 (Kleinfelder Rebuttal Rpt.") ¶ 75.) And in the relevant claim chart attached to his report, Dr. Kleinfelder again indicated that he relied on both the Takahashi US and Takahashi EP references, explaining that the two references (which are virtually identical) include the same disclosure:

**Appendix C-1 – Invalidity Claim Chart for U.S. Patent No. 6,731,335**
**U.S. Patent No. 5,955,753 (Takahashi)**

Defendants note that Takahashi was also published as a European Patent Publication EP0757476 A, which was published on February 5, 1997 and is therefore also prior art to the '335 patent. Both publications include the same disclosure. To the extent Plaintiffs attempt to establish a prior invention date for the '335 patent earlier than the May 8, 1998 foreign priority date, Defendants reserve the right to use EP0757476 A as substitute prior art of Takahashi.

The following list illustrates the grounds for invalidity:

- Takahashi anticipates or render obvious claims 1-12.
- Takahashi in combination with U.S. Patent No. 6,115,066 ("Gowda") renders obvious claims 6, 8, 10, and 12.
- Takahashi in combination with European Application No. 0707417 ("Dickinson") renders obvious claims 1-5, 7, 9, and 11.
- Takahashi in combination with Gowda and Dickinson renders obvious claims 6, 8, 10, and 12
- Takahashi in combination with admitted prior art renders obvious claims 6, 8, 10, 12.

(*Id*., ECF No. 476-3, App'x C-1 at 1.) Thus, it is clear that Dr. Kleinfelder relied on both references and that his analysis is the same for both. Indeed, Dr. Kleinfelder's discussion of Takahashi in his report encapsulates both publications the US and EP references. (Dawson Decl. Ex. 1 (Kleinfelder Rebuttal Rpt.) ¶¶ 76-89, 119-126.) Plaintiffs did not—and cannot—refute this.

Nikon also disclosed both Takahashi US and Takahashi EP in accordance with the notice requirements of 35 U.S.C. § 282:

**II. PATENT PUBLICATIONS**

| Country | Publication Number | Publication Date | Original Assignee | Named Inventor |
|---|---|---|---|---|
| JP | H05-174149 | 7/13/1993 | Nippon Telegraph & Telephone Corp. | Kosugi |
| Int'l | PCT WO 96/38808 | 12/5/1996 | Siemens Corp. Research, Inc. | Fang et al. |
| US | 2002/0024606 | 2/28/2002 | Canon Corp. | Yuki et al. |
| US | 2003/0010896 | 1/16/2003 | Canon Corp. | Kaifu et al. |
| US | 2004/0251394 | 12/16/2004 | Micron Tech. Inc. | Rhodes et al. |
| US | 2005/0110884 | 5/26/2005 | Micron Tech. Inc. | Altice et al. |
| US | 2012/0312964 | 12/13/2012 | Canon Inc. | Yamashita et al. |
| EP | 0707417 | 4/17/1996 | AT&T Corp. | Dickinson et al. |
| EP | 0757476 | 2/5/1997 | Canon Kabushiki Kaisha | Takahashi |

(Dawson Decl. Ex. 2.)

Nikon thus included the reference in the list of references it would rely on at trial. Accordingly, Plaintiffs cannot now complain that Nikon is precluded from

relying on the Takahashi EP reference. Additionally, Dr. Kleinfelder disclosed the reference in his report, indicated that he relied upon it, and explained that his analysis with respect to Takahashi EP was the same as for Takahashi US.

Plaintiffs also suffer no prejudice because the two references are virtually identical. Plaintiffs identify only a single difference between the two references—the addition of the word "perfectly" to the preamble. While "perfectly" is not found in Takahashi EP's abstract, it is found in the body of Takahashi EP:

| **Takahashi US at Abstract** | **Takahashi EP at Col. 5, Lines 19–21** |
|---|---|
| charges generated by a photoelectric converting device are perfectly transferred to a floating diffusion portion | light generation carriers to be perfectly transferred to the FD portion 21. |

In each reference, the disclosure is the same—charges are transferred perfectly to a floating diffusion (i.e., "FD"). Thus, even the single difference identified by Plaintiffs is in fact illusory, since the Takahashi EP reference discloses that concept elsewhere.

Finally, Plaintiffs' assertion that Dr. Kleinfelder should be precluded from relying on Takahashi EP because Dr. Carley intends to rely on the abstract of Takahashi US is a non-sequitur. Dr. Carley is free to rely on the Takahashi EP reference, which he addressed during his deposition. (Dawson Decl. Ex. 3 (Carley Dep. Tr.) at 225:20-230:11.)

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' written objections at ECF Nos. 474, 475, and 476 should each be denied.

Dated: December 9, 2018

Respectfully submitted,

VINCENT J. BELUSKO
MORRISON & FOERSTER LLP

By: /s/ *Vincent J. Belusko*
Vincent J. Belusko

Attorneys for Defendants
NIKON CORPORATION
AND NIKON INC.