Christopher S. Marchese (SBN 170239), marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240, Fax: (858) 678-5099

Frank Scherkenbach (SBN 142549), scherkenbach@fr.com
Kurt L. Glitzenstein (Admitted *Pro Hac Vice*), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070, Fax: (617) 542-8906

Olga I. May (SBN 232012), omay@fr.com
Markus D. Weyde (SBN 285956), weyde@fr.com
K. Nicole Williams (SBN 291900), nwilliams@fr.com
Jared A. Smith (SBN 306576), jasmith@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-4745, Fax: (858) 678-5099

*[Additional Counsel listed on last page.]*

Attorneys for Plaintiffs, CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION and NIKON INC., <br> Defendants. | Case No. 2:17-cv-07083-RGK (MRWx) <br><br> **PLAINTIFFS' JUDGMENT AS A MATTER OF LAW REGARDING MOTIONS AT CLOSE OF NIKON'S CASE IN CHIEF** <br><br> Trial Date:   December 4, 2018 <br> Judge:        Hon. R. Gary Klausner <br> Courtroom:    850, 8th Floor |

Under Fed. R. Civ. P. 50(a), Plaintiffs Carl Zeiss AG ("Zeiss") and ASML Netherlands B.V. ("ASML") (collectively "Plaintiffs") identify the following list of issues to which they believe they are entitled to JMOL, and ask that the Court enter judgment in favor of Plaintiffs and against Nikon Corporation and Nikon Inc. ("Nikon") on each.

Plaintiffs are entitled to JMOL as to:

**Plaintiff's Case**

- <u>Ownership of the patents-in-suit.</u> Under binding Federal Circuit law, recordation of an assignment at the USPTO "creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328 (Fed. Cir. 2010). As Plaintiffs put forth uncontrdicted evidence that it owns the patents, including documents from the USPTO showing recordation of each of the assignment, Plaintiffs are entitled to JMOL that they own each asserted patent.

- <u>Infringement of the '312 Patent.</u> Plaintiffs have provided more than ample evidence that the Nikon D4, D4S, and Df meet each and every limitation of claim 1 of the '312 patent. Plaintiffs have also proven Nikon indirectly infringes claim 1 in connection with the aforementioned cameras. Nikon has not put forth substantial countervailing evidence such that a jury could find non-infringement, and thus Plaintiffs are entitled to JMOL.

- <u>Infringement of the '017 Patent.</u> Plaintiffs have provided more than ample evidence that the Nikon D4, D4S, and Df meet each and every limitation of claim 7 of the '017 patent. Plaintiffs have also proven Nikon indirectly infringes claim 7 in connection with the aforementioned cameras. Nikon has not put forth substantial countervailing evidence such that a jury could find non-infringement, and thus Plaintiffs are entitled to JMOL.

- <u>Infringement of the '574 Patent</u>.  Plaintiffs have provided more than ample evidence that the Nikon D4, D4S, and Df meet each and every limitation of claim 30 of the '574 patent.  Plaintiffs have also proven Nikon indirectly infringes claim 30 in connection with the aforementioned cameras.  Nikon has not put forth substantial countervailing evidence such that a jury could find non-infringement, and thus Plaintiffs are entitled to JMOL.

- <u>Infringement of the '335 Patent.</u>  Plaintiffs have provided more than ample evidence that Nikon directly and indirectly infringes claims 1-3 of the '335 patent in connection with the Nikon D3100, D3200, D3300, D4, D4S, D5, D500, D5300, D5500, D5600, D750, D7500, D810, D810A, Df, AW1, J1, J2, J3, J4, S1, S2, V1, V2, and V3 cameras.  Nikon has not put forth substantial countervailing evidence such that a jury could find non-infringement, and thus Plaintiffs are entitled to JMOL.

- <u>Infringement of the '163 patent</u>.  Plaintiffs have provided more than ample evidence that the Nikon D3100, D3200, D3300, D3400, D4, D4S, D5, D500, D5000, D5100, D5200, D5300, D5500, D5600, D600, D610, D7000, D7100, D7200, D750, D7500, D800, D800E, D810, D810A, D850, D90, Df, AW1, J3, J4, S1, S2, V2, V3, A, P300, P310, P510, S5100, S6000, S8000, and S8200 meet each and every limitation of claim 16 of the '163 patent.  Plaintiffs have also proven Nikon indirectly infringes claim 16 in connection with the aforementioned cameras.  Nikon has not put forth substantial countervailing evidence such that a jury could find non-infringement, and thus Plaintiffs are entitled to JMOL.

- <u>Willfulness.</u>  Plaintiffs have presented more than ample evidence that Nikon intentionally ignored or recklessly disregarded its infringement, such that Nikon's infringement was "willful, wanton, malicious, bad-faith, deliberate, consciously

wrongful, flagrant, or—indeed—characteristic of a pirate." *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Thus Plaintiffs are entitled to JMOL that Nikon's infringement was willful.

- <u>Marking</u>. Plaintiffs are entitled to JMOL that Nikon has not met its burden of production under the framework set out by the Federal Circuit in *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 143 (2018) ("We hold an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287.") In the alternative, Plaintiffs have proven compliance with the marking statute, and Nikon has not presented substantial countervailing evidence showing otherwise, and thus Plaintiffs are entitled to JMOL.

- <u>Damages</u>. Plaintiffs have proven entitlement to damages due to Nikon's infringement in the amount of $23,941,489. Nikon has not presented substantial evidence in support of its alternative calculation of a reasonable royalty, thus Plaintiffs are entitled to JMOL.

**Nikon's Case**

- Nikon did not present any prior art theories of invalidity at trial for the '312, '017, and '574 patents, and thus Plaintiffs are entitled to JMOL of no anticipation and/or obviousness of claim 1 of the '312 patent, claim 7 of the '017 patent, and claim 30 of the '574 patent.

- Nikon did not present any enablement invalidity defense at trial for the '312, '017, and '574 patents, and thus Plaintiffs are entitled to JMOL of no invalidity due to

lack of enablement for claim 1 of the '312 patent, claim 7 of the '017 patent, and claim 30 of the '574 patent.

- Nikon did not present substantial evidence sufficient to prove, by clear and convincing evidence, that any asserted claim of the '312, '017, or '574 patent is invalid for lack of written description. Thus Plaintiffs are entitled to JMOL of no invalidity for lack of written description for claim 1 of the '312 patent, claim 7 of the '017 patent, and claim 30 of the '574 patent.

- Nikon failed to pursue a theory of that claim 16 of the '163 patent is anticipated by any prior art reference prior to trial, and have failed to present substantial evidence such that a jury could find, by clear and convincing evidence, that claim 16 is invalid for anticipation. Thus, Plaintiffs are entitled to JMOL of no anticipation of the '163 patent by any prior art reference presented at trial.

- Nikon failed to present substantial evidence such that a jury could find, by clear and convincing evidence, that claim 16 of the '163 patent is obvious over any prior art reference presented at trial. Plaintiffs are thus entitled to JMOL of no invalidity due to obviousness of claim 16 of the '163 patent.

- Nikon failed to present any theory that claims 1-3 of the '335 patent are anticipated by any prior art reference, thus Plaintiffs are entitled to JMOL of no invalidity due to anticipation of claims 1-3 by any prior art referenced presented at trial.

- Nikon failed to present substantial evidence such that a jury could find, by clear and convincing evidence, that any of claims 1-3 of the '335 patent are obvious over any prior art reference presented at trial. Plaintiffs are thus entitled to JMOL of no obviousness of claims 1-3 of the '335 patent.

- <u>License Defense.</u> Nikon has failed to present substantial evidence such that a jury could find that any accused product has been licensed to practice any asserted claim of any asserted patent. Thus Plaintiffs are entitled to JMOL as to Nikon's license defense.

Plaintiffs understand that the Court has reserved all motions in limine. However, out of an abundance of caution to preserve its rights to seek JMOL under 50(b), Plaintiffs respectlly submit that they are entitled to JMOL for each of the above issues.

| | |
|---|---|
| Dated:  December 12, 2018 | FISH & RICHARDSON P.C. |
| | By:  /s/ *Christopher S. Marchese* |
| | Christopher S. Marchese (SBN 170239) |
| | marchese@fr.com |
| | FISH & RICHARDSON P.C. |
| | 633 West Fifth Street, 26th Floor |
| | Los Angeles, CA 90071 |
| | Tel:  (213) 533-4240, Fax: (858) 678-5099 |
| | |
| | Frank Scherkenbach (SBN 142549) |
| | scherkenbach@fr.com |
| | Kurt L. Glitzenstein (Admitted Pro Hac Vice) |
| | glitzenstein@fr.com |
| | Proshanto Mukherji (Admitted *Pro Hac Vice*) |
| | mukherji@fr.com |
| | Jeffrey Shneidman (Admitted *Pro Hac Vice*) |
| | shneidman@fr.com |
| | Elizabeth G.H. Ranks (Admitted *Pro Hac Vice*), |
| | ranks@fr.com |
| | FISH & RICHARDSON P.C. |
| | One Marina Park Drive |
| | Boston, MA 02210-1878 |
| | Tel:  (617) 542-5070, Fax: (617) 542-8906 |
| | |
| | Olga I. May (SBN 232012) |
| | omay@fr.com |
| | Markus D. Weyde (SBN 285956) weyde@fr.com |
| | K. Nicole Williams (SBN 291900) |
| | nwilliams@fr.com |
| | Jared A. Smith (SBN 306576) |
| | jasmith@fr.com |
| | Oliver J. Richards (SBN 310972) |
| | orichards@fr.com |
| | FISH & RICHARDSON P.C. |
| | 12390 El Camino Real |
| | San Diego, CA 92130 |
| | Tel:  (858) 678-5070, Fax:   (858) 678-5099 |

| | |
|---|---|
| 1 | |
| 2 | Jennifer Huang (Admitted *Pro Hac Vice*) |
| | jhuang@fr.com |
| 3 | FISH & RICHARDSON P.C. |
| 4 | 60 South Sixth Street, Suite 3200 |
| | Minneapolis, MN 55402 |
| 5 | Tel: (612) 335-5070, Fax: (612) 288-9696 |
| 6 | |
| 7 | Andrew R. Kopsidas (Admitted *Pro Hac Vice*) |
| | kopsidas@fr.com |
| 8 | FISH & RICHARDSON P.C. |
| | 1000 Maine Avenue, S.W., Ste. 1000 |
| 9 | Washington, DC 20024 |
| 10 | Tel: (202) 783-5070, Fax: (202) 783-2331 |
| 11 | Attorneys for Plaintiffs, CARL ZEISS AG and |
| 12 | ASML NETHERLANDS B.V. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 12, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Christopher S. Marchese*
Christopher S. Marchese
marchese@fr.com